ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 708
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248
adamqwang@gmail.com

Attorney for Plaintiff

ADR

E-filing

Paid

FILED
2010 MAR 22 P 3:24
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PVT

| | |
|---|---|
| GUIFU LI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A PERFECT DAY FRANCHISE INC., AND DOES 1 TO 10<br><br>Defendants | Case No: CV 10-01189<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of Fair Labor Standards Act;<br>3) Violation of California Labor Code Section 226.7;<br>4) Violation of California Labor Code Section 226; and<br>5) Violation of California Business and Professions Code Section 17200. |

Plaintiff Guifu Li alleges as follows:

**NATURE OF CLAIM**

1. This is an action by former employee Guifu Li , on behalf of himself and other piece rate employees, seeking damages arising from their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages for missed meal/rest period premiums, waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs,

pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. At all times relevant herein, Plaintiff Guifu Li was an individual resident of Milpitas, California.

3. At all times relevant herein, Defendant A Perfect Day Franchise Inc. was and is a corporation registered in the state of California, engaged in the business of spa and messaging services throughout the Bay Area.

4. Individual Defendants Does 1 through 10 at all times relevant herein, are, according to information and belief, owners, managers, directors, of A Perfect Day Franchise Inc., having control over the Plaintiff'' and other piece rate employees' work conditions and work situations, and thus are the joint employer of Plaintiff and other piece rate employees under FLSA.

**JURISDICTION AND VENUE**

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 as Plaintiff's charges are based on, in part, the Fair Labor Standards Act, as well as the pendant jurisdiction of this court under 28 U.S.C. 1367.

6. This District is the proper venue as a substantial part, if not all, of the events giving rise to this action have occurred in this district.

**PLAINTIFFS' CLASS ACTION ALLEGATIONS**

7. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all other hourly employees who had been employed with Defendant Foremost Superior Marble with respect to the claims alleged herein arising under California Labor Code, and California Business and Professions Code §17200, *et. seq.*

8. Plaintiff also brings this action on behalf of other hourly employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

9. The members of the purported class or subclass are so numerous that joinder of all members is impracticable. According to information and belief, Defendant A Perfect Day Franchise Inc. has employed a large size of hourly workforce. While the exact number of class or subclass members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are more than 40 members in the proposed class. Members of the class or subclass may be identified from payroll records maintained by A Perfect Day Franchise Inc., and may be notified of the pendancy of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

10. Plaintiff's claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by defend ants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein .

11. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel competent and experienced in wage and hour litigation.

12. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class and subclass are:

(a) whether Plaintiff and other piece rate employees are independent contractors or employees;

(b) whether the federal and state wage hours laws were violated by Defendant A perfect Day Franchise Inc.'s acts as alleged herein;

(b) whether Defendant A perfect Day Franchise Inc. has properly paid all putative class

members for the hours that were worked in excess of 8 hours a day or 40 hours a week;

(c) whether the Defendant A Perfect Day Franchise Inc. is liable for failure to pay the subclass members whose employment terminated during the last three years the overtime ages owed ascertainable at the time of termination of their employment;

(d) to what extent the members of the class and subclass have sustained damages and the proper measure of damages.

13. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## GENERAL ALLEGATIONS

14. For certain periods, to be determined at trail, during the four years prior to the filing of this action, Plaintiff and other piece rate employees worked at A Perfect Day Franchise Inc. at massagers or masseuses .

15. During the course of their employment with A Perfect Day Franchise Inc., Plaintiff and other hourly employees regularly worked in excess of 8 hours per day and more than 40 hours per week, but were only paid a fixed sum for each massage assignment.

16. Plaintiff and other piece rate employees did not perform "exempt" duties in their positions with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act and California Labor Code. The Plaintiff and other piece rate employees were not responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or

imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

**COUNT ONE**

**VIOLATION OF CA LABOR CODE SECTION §510**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

17. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully stated herein.

18. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff and other piece rate employees' employment by Defendant A Perfect Day Franchise Inc., provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

19. During the course of employment with Defendant A Perfect Day Franchise Inc., Plaintiff and other piece rate employees regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendant A Perfect Day Franchise Inc. knowingly and willingly failed to pay Plaintiff and other piece rate employees overtime wages as required by law.

20. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

21. Defendant A Perfect Day Franchise Inc. therefore owes Plaintiffs and other piece rate employees overtime wages not properly paid in an amount to be determined at trial.

22. Defendant A Perfect Day Franchise Inc. has failed and refused and continues to fail and refuse to pay Plaintiff and other piece rate employees the amount owed.

23. Defendant A Perfect Day Franchise Inc.'s failure to pay Plaintiff and other piece rate employees the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

24. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by them in this action.

**COUNT TWO**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

25. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully stated herein.

26. At all relevant times herein, Plaintiff and other piece rate employees' employment with Defendants A Perfect Day Franchise Inc. was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. by the virtue of their employment with Defendant A Perfect Day Franchise Inc. who was, at all times relevant, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), because (i) A Perfect Day Franchise Inc., together with other related activities performed for a common business purpose, either through unified operation or common control by Defendants and other elated person, has attained an annual gross income of $500,000 or more during all times relevant herein; and (ii) it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27. Individual Defendants Does 1 through 10 are the employers of Plaintiffs and other piece rate employees as defined in FLSA as they have control over the work conditions and work situations of Plaintiff and other piece rate employees.

28. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

29. Although Plaintiff and other piece rate employees were not so exempt during employment with Defendant A Perfect Day Franchise Inc., Defendants knowingly caused and permitted Plaintiff and other piece rate employees to regularly work in excess of forty hours per week without paying one and one half of their regular rate of pay.

30. By not paying overtime wages in compliance with the FLSA, Defendant, A Perfect Day Franchise Inc. and Does 1 through 10, violated Plaintiffs' and other hourly employees' rights under the FLSA.

31. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other piece rate employees incurred general damages in the form of lost overtime wages.

32. Defendants A Perfect Day Franchise Inc. and Does 1 through 10 intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, willfully failed to pay Plaintiff and other piece rate employees proper wages, and thus are liable to Plaintiff and other piece rate employees for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

33. Defendants A Perfect Day Franchise Inc., and Does 1 through 10 therefore owe Plaintiff and other piece rate employees overtime not properly paid, in an amount to be determined at trial.

34. Plaintiff was required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE**

**VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7**

**FAILURE TO PROVIDE MEAL PERIODS**

35. Plaintiff re-alleges and incorporates the allegations of all preceding paragraphs as if fully stated herein.

36. At all relevant times herein, Plaintiff's and other piece rate employees' employment with Defendant A Perfect Day Franchise Inc. was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

37. At all times relevant herein, Plaintiff and other piece rate employees worked at least 5 hours a day, and were not provided meal period as required by law.

38. For each time that Plaintiff and other piece rate employees were not provided the required meal period, Plaintiff and other piece rate employees are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

39. Plaintiff and other hourly employees are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

**COUNT FOUR**

**UNFAIR BUSINESS PRACTICES**

**BUSINESS AND PROFESSIONS CODE SECTION 17200**

40. Plaintiff re-alleges and incorporates the allegations of allegations set forth in all preceding paragraphs as if fully stated herein.

41. At all times relevant herein, Plaintiff's and other piece rate employees' employment with Defendant A Perfect Day Franchise Inc. was subject to the FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, and missed meal premiums, unless specifically exempted by law.

42. At all times relevant herein, as the employer of Plaintiff and other piece rate employees, Defendant A Perfect Day Franchise Inc., and individual Defendants Does 1 through 10, to the extent FLAS applies, were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs and other piece rate employees overtime pay, as required by FLSA, California Labor Code and applicable Wage Orders, as alleged above.

43. During the period Plaintiff and other piece rate employees were employed with Defendant A Perfect Day Franchise Inc., Defendant A Perfect Day Franchise Inc., and individual Defendants Does 1 through 10, to the extent FLSA applies, failed, as alleged above, to pay Plaintiff and other piece rate employees legally required overtime pay to which Plaintiff and other piece rate employees were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiff and other piece rate employees.

44. In doing so, Defendant A Perfect Day Franchise Inc., and individual Defendants Does 1 through 10, to the extent FLSA applies, violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable provisions of California Labor Code provisions, California Wage Orders, and the FLSA, thus giving Defendants a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

45. As a direct and proximate result of Defendant A Perfect Day Franchise Inc.'s violations and failure to pay the required overtime pay as alleged above, the Plaintiff and other piece rate employees' rights under the law were violated and the Plaintiff and other piece rate employees incurred general damages in the form of unpaid wages in an amount to be determined at trial.

46. Defendant A Perfect Day Franchise Inc., and individual Defendants Does 1 through 10, to the extent FLSA applies, had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs and other hourly employees overtime pay due.

47. Plaintiff and other piece rate employees, having been illegally deprived of the overtime pay to which they were legally entitled, seek restitution of such wages pursuant to the Business and Professions Code §17203 in amounts to be determined at trial.

## COUNT FIVE

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

## INADEQUATE PAY STATEMENTS

48. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-47 as if fully stated herein.

49. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

50. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

51. During the course of Plaintiff's employment, Defendant A Perfect Day Franchise Inc. consistently failed to provide Plaintiff and other piece rate employees with adequate pay statements as required by California Labor Code §226.

52. Defendant A Perfect Day Franchise Inc. failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

53. Defendant A Perfect Day Franchise Inc.'s failure to provide such adequate statements has caused injury to the Plaintiffs.

54. Plaintiff and other piece rate employees may therefore recover the greater of actual damages or penalties due to Defendant A Perfect Day Franchise Inc.'s failure to provide proper records, in an amount to be determined at trial.

55. Plaintiff incurred costs and fees in bringing this action, and such costs should be awarded to Plaintiffs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following reliefs on behalf of themselves and other hourly employees against respective Defendants to the extent each Defendant is liable under each cause of caution:

1. For compensatory damages per California Labor Code §1194 for unpaid overtime wages and minimum wages in an amount to be determined at trial;
2. For unpaid overtime and liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;
3. For unpaid meal premiums per California Labor Code § 226.7;
4. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;
5. For damages under Labor Code § 226;
6. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);
7. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;
8. For costs of suit herein; and
9. For such other and further relief as the Court may deem appropriate.

Dated: March 22, 2010

By: /s/ Adam Wang
Adam Wang
Attorney for Plaintiff

**CONSENT**

I, the undersigned, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* to recover any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with A Perfect Day and any other associated parties.

I authorize Adam Wang, Esq. and associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: March 22, 2010

By: ____________________