# Exhibit A

**From:**     Whitney Huston

**Sent:**     Friday, October 29, 2010 9:53 AM

**To:**     'Lee Sheldon'; Richard Wahng

**Cc:**     Kathy Becker; Monique Olivier; 'Adam Wang'

**Subject:**     Perfect Day: Motion to compel

**Importance:** High

Counsel,

We are filing a motion to compel the inspection and production of documents today.  Given that these issues are related to the motion to compel arbitration, for which our response is due on November 10, we plan to file a motion to shorten time as well.

Please advise us by **noon today** if you will agree to a motion to shorten time.  The briefing schedule that we propose is that Defendants' opposition would be due November 2 and Plaintiffs' opposition November 5.

I have left you a phone message on your cell phone and office with this same request.

Thank you for your prompt consideration of this request,

Whitney Huston


Whitney Huston, Esq.
The Sturdevant Law Firm
354 Pine Street, 4th Floor
San Francisco, CA  94104
P:  415-477-2410
F:  415-477-2420

10/29/2010

# Exhibit B

1  Richard Wahng (SBN 225672)
   Lee E. Sheldon (SBN 263310)
2  Law Offices of Richard C. J. Wahng
   152 Anza Street, Suite 201
3  Fremont, CA 94539
   (510) 490-4447 Telephone
4  (510) 490-1102 Fax

5  Attorney for Defendants,
   A PERFECT DAY FRANCHISE, INC,,
6  MINJIAN HAND HEALING INSTITUTE, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 GUIFU LI, MENG YANG, FANG DAI, LIN        Case No. CV10-01189 LHK
   CUI, and ZHONG YU, on behalf of themselves
11 and all others similarly situated,

12                                           **STIPULATION TO LIMIT DISCOVERY**

13                Plaintiffs,

14
       vs.
15

16
   A PERFECT FRANCHISE, INC, a California
17 Corporation; *et. al.*

18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

STIPULATION TO LIMIT DISCOVERY                        Case No. CV10-01189LHK

1

Pursuant to Civil Local Rule 7-12 it is hereby stipulated by and between plaintiffs, GUIFU LI, MENG YANG, FANG DAI, LIN CUI and ZHONG YU and defendants, A PERFECT DAY FRANCHISE, INC., and MINJIAN HAND HEALING INSTITUTE, INC., through their respective attorneys, that all discovery in this case will be limited to: (1) any and all contacts between defendants and their agents or employees and plaintiffs and their agents and employees with putative class members regarding this action, including all complete and non-redacted releases and other documents signed by putative class members concerning or relating to this action, and (2) any and all issues relating to the arbitrability of this action. This limitation will remain in effect until defendants' Motion to Dismiss and to Compel Arbitration has been ruled on or otherwise disposed of. This stipulation does not prevent plaintiffs or defendants from seeking discovery on additional issues during this limited discovery period upon a showing of good cause.

Dated: August 26, 2010

_____/S/_____
Lee Sheldon
Attorney for Defendants

Dated: August 26, 2010

_____/S/_____
Monique Olivier
Attorney for Plaintiffs and
Putative Plaintiff Class

1                    **General Order 45, Attestation of Signatures**

2         I, LEE SHELDON, attest that the concurrence in the filing of the document has been

3 obtained from each of the other signatories, which shall serve in lieu of their respective

4 signatures.

5                                    ___/S/_____

6                                    Lee Sheldon
                                   Attorney for Defendants

7

8

9 PURSUANT TO STIPULATION, IT IS SO ORDERED:

10

11

12 DATED: *8/30/10*

13                                    Honorable Patricia Trumbull
                                   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO LIMIT DISCOVERY                 Case No. CV10-01189LHK

# Exhibit C

1  ADAM WANG, (SBN 201233)
   (adamqwang@gmail.com)
2  LAW OFFICES OF ADAM WANG
   12 S. First Street, Suite 708
3  San Jose, CA  95113
   Telephone:    (408) 292-1040
4  Facsimile:    (408) 416-0248

5  MONIQUE OLIVIER (SBN 190385)
   (molivier@sturdevantlaw.com)
6  WHITNEY HUSTON (SBN 234863)
   (whuston@sturdevantlaw.com)
7  THE STURDEVANT LAW FIRM
   A Professional Corporation
8  354 Pine Street, Fourth Floor
   San Francisco, California  94104
9  Telephone:    (415) 477-2410
   Facsimile:    (415) 477-2420

10 Attorneys for Plaintiffs and the Putative Plaintiff Class

11                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
12                      SAN FRANCISCO DIVISION

13 GUIFU LI, MENG WANG, FANG DAI,        Case No.  CV 10-01189 LHK (PVT)
   LIN CUI, and ZHONG YU on behalf of
14 themselves and all others similarly situated,   **CLASS ACTION**

15                 Plaintiffs,            **PLAINTIFF GUIFU LI'S REQUEST FOR
                                          PRODUCTION OF DOCUMENTS AND TO
16       vs.                             PERMIT INSPECTION TO DEFENDANT A
                                         PERFECT DAY FRANCHISE INC., SET ONE**
17 A PERFECT DAY FRANCHISE, INC., a
   California corporation; *et al.*,
18
                                         Complaint filed:  March 22, 2010
19                 Defendants.

20

21

22

23

24

25

26

27

28

1  **PROPOUNDING PARTY:**       PLAINTIFF GUIFU LI

2  **RESPONDING PARTIES:**      DEFENDANT A PERFECT DAY FRANCHISE, INC.

3  **SET NUMBER:**              ONE

4        PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil

5  Procedure, the above captioned defendant ("defendant") is hereby required to produce for

6  inspection and copying at the offices of The Sturdevant Law Firm, 354 Pine Street, Fourth Floor,

7  San Francisco, California 94104, within thirty (30) days of the date of service hereof, the original

8  and all non-conforming copies of each and every of the DOCUMENTS described below which

9  are in the actual or constructive possession, custody, or control of defendant, including its

10  attorneys, agents, officers and employees.  Defendant is also required to serve upon the

11  demanding party a written response to this set of DOCUMENT requests in conformity with the

12  requirements of Fed. R. Civ. P. 34(b)(2).

13                                **DEFINITIONS**

14        1.      As used in this request, the words "DOCUMENT" or "DOCUMENTS" shall mean

15  the full scope of DOCUMENTS and things discoverable under the Federal Rules of Civil Procedure

16  and is used herein in its broadest sense to include, without limitation, all written, printed, typed,

17  recorded or graphic matter of any kind, including drafts, originals, copies and all non-identical

18  copies, whether different from the originals by reason of any notation made on such copies or

19  otherwise, including, without limitation, correspondence, employment records, contracts,

20  examination and investigation reports, agreements, cancelled or uncancelled checks, memoranda,

21  notes, minutes of meetings, diaries, calendars, reports, studies, checks, statements, sales agreements,

22  negotiable instruments, invoices, receipts, tax returns, financial statements, summaries, pamphlets,

23  books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of

24  conversations (including, without limitation, telephone conversation or meeting notes), bulletins,

25  computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes

26  and amendments of any of the foregoing, graphic or manual records or representations of any kind

27  (including, without limitation, photographs, charts, microfiche, microfilm, videotape, records,

28  motion pictures), and electronic, mechanical or computerized records or representations of any kind

                                          1

1   (including writings, drawings, graphs, charts, photographs, phone records, and other data

2   compilations from which information can be obtained, translated, if necessary, through detection

3   devices into reasonably usable form), regardless of the manner in which the record has been stored.

4   This definition is specifically intended to include information and all data stored electronically, as

5   well as information and data printed on paper.  This definition specifically includes any information

6   and data, including databases and emails, recorded on or retrievable from any computer or electronic

7   media, and further includes, without limitation, originals and all non-conforming copies, no matter

8   how prepared, and all drafts prepared in connection with such DOCUMENTS whether or not used,

9   in the possession, custody, or control of defendants, their agents, attorneys, or any other persons

10  acting on their behalf, regardless of where located.

11          2.       "PERSON" includes natural persons, corporations, firms, partnerships,

12  proprietorships, associations, limited liability corporations or partnerships, professional corporations,

13  government entities or organizations, and any other organization or entity, and their predecessors,

14  successors, subsidiaries, affiliates, assigns, assignors, employees, officers, directors, agents and

15  attorneys.

16          3.       The terms "YOU," "YOUR," "DEFENDANT," and "PERFECT DAY" include the

17  DEFENDANT to whom this Request for Production is directed, *i.e.*, A Perfect Day Franchise, Inc.,

18  and A Perfect Day Inc., together with any owners, employees, representatives, administrators,

19  investigators, inspectors, agents, attorneys, or any other persons who are in possession of or who

20  may have obtained information for DEFENDANT or on DEFENDANT's behalf, any other person

21  known or reasonably known by them to be acting or purporting to act for DEFENDANT or on

22  DEFENDANT's behalf, and any persons in active concert and participation with them, and each of

23  its or their predecessors, successors, subsidiaries, affiliates, assigns, assignors, employees, officers,

24  directors, agents and attorneys, whether past or present, without regard to whether or not the

25  relationship currently exists or has been terminated.

26          4.       "COMMUNICATION" means any actual or attempted contact, or any transmittal or

27  exchange of information by which meanings are exchanged, between or among any two or more

28

2

persons and shall include, but not be limited to, written contacts by such means as letters, memoranda, faxes, email or other electronic exchange, reports, correspondence, and other DOCUMENTS or electronic media, or oral contacts by such means as face-to-face meetings, telephone conversations, and voicemail, and/or any other process.

5.     "EVIDENCE, REFER, OR RELATE TO" and "EVIDENCING, REFERRING, OR RELATING TO" mean to in any way or manner refer to, reflect, pertain to, substantiate, support, form the basis of, arise out of, embody, concern, or logically or factually connect with the matter discussed.

6.     "And" and "or" are to be considered both conjunctively and disjunctively.  The singular form of a noun or pronoun includes the plural form and vice versa; the word "all" also includes "each" and vice versa; "any" is understood to include and encompass "all."

7.     "PLAINTIFFS" refers to the named plaintiffs in this action, *i.e.*, Guifu Li, Meng Yang,[1] Fang Dai, Lin Cui, and Zhong Yu.

8.     "CLASS MEMBERS" means any and all persons who have been treated by Defendants in this action as independent contractors and who have performed massage and/or body or skin beautification services for PERFECT DAY.

## INSTRUCTIONS

1.     YOU are requested to produce those DOCUMENTS in YOUR own possession, custody, or control, and also those DOCUMENTS reasonably available to YOU, including those in the possession, custody, or control of YOUR present and former attorneys, agents, or other persons acting on YOUR behalf, and those DOCUMENTS that YOU can request from others.

2.     If YOU object to a portion of a request or subpart thereof, produce any and all DOCUMENTS called for by that portion of the request or subpart to which YOU do not object.

3.     With respect to each DOCUMENT that is withheld on a claim of privilege, state in YOUR written response:

(a)     The identity of the PERSON(S) who prepared the DOCUMENTS, who

---

[1] Meng Yang was erroneously named in the First Amended Complaint as Meng Wang.

signed it, and over whose name it was sent or issued;

(b)     The identity of the PERSON(S) to whom the DOCUMENT, or any copies thereof, was directed;

(c)     The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties hereto to identify the DOCUMENT;

(d)     The date of the DOCUMENT;

(e)     The identity of the PERSON(S) who has(have) custody or, or control over the DOCUMENT and each copy thereof;

(f)     The identity of each PERSON to whom copies of the DOCUMENT were furnished.

(g)     The number of pages;

(h)     The basis on which any privilege or other protection is claimed; and

(i)     Whether any non-privileged or non-protected matter is included in the DOCUMENT.

4.     If YOU are unable to identify or produce fully any of the DOCUMENTS responsive to these requests, YOU must provide them to the fullest extent possible, specifying in YOUR response the reason(s) for YOUR inability to provide the remainder and stating whatever information, knowledge or belief YOU have concerning the DOCUMENTS not produced.  An evasive or incomplete answer or failure to produce may be deemed to be a failure to answer or produce, and may render YOU and YOUR attorneys liable for the expenses of a motion to compel a responsive or complete answer or production, including reasonable attorneys' fees.

5.     All of the following requests for production call for continuous production and, as such, require timely supplemental production by YOU in the event that, prior to final disposition of this action, additional relevant information or DOCUMENTS come to the attention of, or become available to YOU, YOUR attorneys, consultants, representatives, agents or any other PERSON acting on YOUR behalf.  Without being requested by PLAINTIFFS, YOU must promptly amend any response and produce DOCUMENTS if YOU learn YOUR response hereto have been incomplete or incorrect in some material respect and if the additional or corrective

4

1   information has not otherwise been made known to the other parties during the discovery process

2   or in writing.

**RELEVANT TIME PERIOD**

4          The relevant time period for these DOCUMENT requests shall be from March 22, 2004 to

5   the present, and shall include all DOCUMENTS dated, prepared, published, received or that

6   EVIDENCE, REFER, OR RELATE TO such time period, even though prepared or published prior

7   or subsequent to that time period.

**INSPECTION REQUESTS**

9   **INSPECTION REQUEST NO. 1:**

10          That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

11   original and unredacted documents which you contend were signed by PLAINTIFFS relating to

12   PLAINTIFFS' employment with PERFECT DAY.

13   **INSPECTION REQUEST NO. 2:**

14          That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

15   original and unredacted documents which you contend were signed by CLASS MEMBERS relating

16   to CLASS MEMBERS' employment with PERFECT DAY.

17   **INSPECTION REQUEST NO. 3:**

18          That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

19   original and unredacted Independent Contractor Agreements similar to those attached as Exhibits A

20   through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s

21   Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010,

22   which you contend were signed by PLAINTIFFS relating to PLAINTIFFS' employment with

23   PERFECT DAY.

24   **INSPECTION REQUEST NO. 4:**

25          That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

26   original and unredacted Independent Contractor Agreements similar to those attached as Exhibits A

27   through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s

28   Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010,

5

1 | which you contend were signed by CLASS MEMBERS relating to CLASS MEMBERS'

2 | employment with PERFECT DAY.

3 | **INSPECTION REQUEST NO. 6:**

4 |     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

5 | original and unredacted documents to opt-out or be excluded from this class action lawsuit which

6 | you contend were signed by CLASS MEMBERS.

7 | **INSPECTION REQUEST NO. 7:**

8 |     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

9 | original and unredacted "Request to 'Opt Out'" forms similar to those attached as Exhibit A to the

10 | Declaration of Jade Li in Support of Defendant A Perfect Day Franchise, Inc.'s Opposition to

11 | Plaintiffs' Motion for Rule 23(d) Order to Address Defendants' Unauthorized Intimidation of and

12 | Contact with Putative Class Members (Dkt. # 44-4), filed herein on July 30, 2010, which you

13 | contend were signed by CLASS MEMBERS.

14 | **INSPECTION REQUEST NO. 8:**

15 |     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

16 | opt outs to arbitration received by PERFECT DAY pursuant to the arbitration opt out provision of

17 | PERFECT DAY's documents which you contend were signed by PLAINTIFFS relating to

18 | PLAINTIFFS' employment with PERFECT DAY.

19 | **INSPECTION REQUEST NO. 9:**

20 |     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

21 | opt outs to arbitration received by PERFECT DAY pursuant to the arbitration opt out provision of

22 | PERFECT DAY's documents which you contend were signed by CLASS MEMBERS relating to

23 | CLASS MEMBERS' employment with PERFECT DAY.

24 | **INSPECTION REQUEST NO. 10:**

25 |     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

26 | opt outs received by PERFECT DAY pursuant to the opt out provision of PERFECT DAY's

27 | Independent Contractor Agreements similar to those attached as Exhibits A through E to the

28 | Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s Motion to Dismiss

1   Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010, which you contend

2   were signed by PLAINTIFFS relating to PLAINTIFFS' employment with PERFECT DAY.

3   **INSPECTION REQUEST NO. 11:**

4     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

5   opt outs received by PERFECT DAY pursuant to the opt out provision of PERFECT DAY's

6   Independent Contractor Agreements similar to those attached as Exhibits A through E to the

7   Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s Motion to Dismiss

8   Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010, which you contend

9   were signed by CLASS MEMBERS relating to CLASS MEMBERS' employment with PERFECT

10   DAY.

11   **INSPECTION REQUEST NO. 12:**

12     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

13   DOCUMENTS which EVIDENCE, REFER OR RELATE TO this lawsuit that contain any original

14   signatures by PLAINTIFFS.

15   **INSPECTION REQUEST NO. 13:**

16     That PERFECT DAY produce and permit PLAINTIFFS to inspect and copy any and all

17   DOCUMENTS which EVIDENCE, REFER OR RELATE TO this lawsuit that contain any original

18   signatures by CLASS MEMBERS.

19             **DOCUMENTS REQUESTED**

20   **DOCUMENT REQUEST NO. 1:**

21     Any and all drafts of documents which you contend were signed by PLAINTIFFS relating

22   PLAINTIFFS' employment with PERFECT DAY.

23   **DOCUMENT REQUEST NO. 2:**

24     Any and all drafts of documents which you contend were signed by CLASS MEMBERS

25   relating to CLASS MEMBERS' employment with PERFECT DAY.

26   **DOCUMENT REQUEST NO. 3:**

27     Any and all drafts of the Independent Contractor Agreements similar to those attached as

28   Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day

1    Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein

2    on July 2, 2010, which you contend were signed by PLAINTIFFS relating to PLAINTIFFS'

3    employment with PERFECT DAY.

4    **DOCUMENT REQUEST NO. 4:**

5            Any and all drafts of the Independent Contractor Agreements similar to those attached as

6    Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day

7    Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein

8    on July 2, 2010, which you contend were signed by CLASS MEMBERS relating to CLASS

9    MEMBERS' employment with PERFECT DAY.

10   **DOCUMENT REQUEST NO. 5:**

11           Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

12   OR RELATE TO the documents which you contend were signed by PLAINTIFFS relating to

13   PLAINTIFFS' employment with PERFECT DAY.

14   **DOCUMENT REQUEST NO. 6:**

15           Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

16   OR RELATE TO the documents which you contend were signed by CLASS MEMBERS relating to

17   CLASS MEMBERS' employment with PERFECT DAY.

18   **DOCUMENT REQUEST NO. 7:**

19           Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

20   OR RELATE TO the Independent Contractor Agreements similar to those attached as Exhibits A

21   through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s

22   Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010,

23   which you contend were signed by PLAINTIFFS relating to PLAINTIFFS' employment with

24   PERFECT DAY.

25   **DOCUMENT REQUEST NO. 8:**

26           Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

27   OR RELATE TO the Independent Contractor Agreements similar to those attached as Exhibits A

28   through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s

1    Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010,

2    which you contend were signed by CLASS MEMBERS relating to CLASS MEMBERS'

3    employment with PERFECT DAY.

4    **DOCUMENT REQUEST NO. 9:**

5         Any and all drafts of any documents to opt-out or be excluded from this class action lawsuit

6    which you contend were signed by CLASS MEMBERS.

7    **DOCUMENT REQUEST NO. 10:**

8         Any and all drafts of the "Request to 'Opt Out'" forms similar to those attached as Exhibit A

9    to the Declaration of Jade Li in Support of Defendant A Perfect Day Franchise, Inc.'s Opposition to

10   Plaintiffs' Motion for Rule 23(d) Order to Address Defendants' Unauthorized Intimidation of and

11   Contact with Putative Class Members (Dkt. # 44-4), filed herein on July 30, 2010, which you

12   contend were signed by CLASS MEMBERS.

13   **DOCUMENT REQUEST NO. 11:**

14        Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

15   OR RELATE TO any documents to opt-out or be excluded from this class action lawsuit which you

16   contend were signed by CLASS MEMBERS.

17   **DOCUMENT REQUEST NO. 12:**

18        Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

19   OR RELATE TO the "Request to 'Opt Out'" forms similar to those attached as Exhibit A to the

20   Declaration of Jade Li in Support of Defendant A Perfect Day Franchise, Inc.'s Opposition to

21   Plaintiffs' Motion for Rule 23(d) Order to Address Defendants' Unauthorized Intimidation of and

22   Contact with Putative Class Members (Dkt. # 44-4), filed herein on July 30, 2010, which you

23   contend were signed by CLASS MEMBERS.

24   **DOCUMENT REQUEST NO. 13:**

25        Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER

26   OR RELATE TO any and all opt outs to arbitration received by PERFECT DAY pursuant to the

27   arbitration opt out provision of PERFECT DAY's documents which you contend were signed by

28   PLAINTIFFS relating to PLAINTIFFS' employment with PERFECT DAY.

9

**DOCUMENT REQUEST NO. 14:**

Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER OR RELATE TO any and all opt outs to arbitration received by PERFECT DAY pursuant to the arbitration opt out provision of PERFECT DAY's documents which you contend were signed by CLASS MEMBERS relating to CLASS MEMBERS' employment with PERFECT DAY.

**DOCUMENT REQUEST NO. 15:**

Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER OR RELATE TO any and all opt outs received by PERFECT DAY pursuant to the opt out provision of PERFECT DAY's Independent Contractor Agreements similar to those attached as Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010, which you contend were signed by PLAINTIFFS relating to PLAINTIFFS' employment with PERFECT DAY.

**DOCUMENT REQUEST NO. 16:**

Any and all DOCUMENTS, including COMMUNICATIONS, which EVIDENCE, REFER OR RELATE TO any and all opt outs received by PERFECT DAY pursuant to the opt out provision of PERFECT DAY's Independent Contractor Agreements similar to those attached as Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration (Dkt. # 35-1), filed herein on July 2, 2010, which you contend were signed by CLASS MEMBERS relating to CLASS MEMBERS' employment with PERFECT DAY.

**DOCUMENT REQUEST NO. 17:**

Any and all DOCUMENTS used or considered for use by PERFECT DAY that purports to bind CLASS MEMBERS to arbitrate their claims.

**DOCUMENT REQUEST NO. 18:**

Any and all COMMUNICATIONS among and between PERFECT DAY employees which EVIDENCE, REFER OR RELATE TO the agreement to arbitrate claims.

//

10

1   **DOCUMENT REQUEST NO. 19:**

2       Any and all DOCUMENTS which EVIDENCE, REFER OR RELATE TO the arbitration of

3   claims by CLASS MEMBERS against PERFECT DAY, including the resolution thereof.

4   **DOCUMENT REQUEST NO. 20:**

5       Any and all COMMUNICATIONS among and between PERFECT DAY employees which

6   EVIDENCE, REFER OR RELATE TO the arbitration of claims by CLASS MEMBERS against

7   PERFECT DAY, including the resolution thereof.

8

9   Dated:  August 6, 2010               LAW OFFICES OF ADAM WANG

10                                     THE STURDEVANT LAW FIRM
                                       A Professional Corporation

11

12                                     Whitney Huston
                                       Attorneys for Plaintiffs and the Putative Plaintiff Class

13  Z:\453 - A Perfect Day Spa\Discovery\Guifu Li RPD - Set 1 - FINAL.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2       I am over the age of eighteen years and not a party to this action. I am a resident of the State

3  of California and am employed in the County of San Francisco. My business address is The

4  Sturdevant Law Firm, 354 Pine Street, Fourth Floor, San Francisco, California 94104.  On August 6,

5  2010, I served a true and correct copy of the document(s) described below on the parties and/or their

6  attorney(s) of record to this action in the manner indicated:

7       •   **PLAINTIFF GUIFU LI'S REQUEST FOR PRODUCTION OF DOCUMENTS
            AND TO PERMIT INSPECTION TO DEFENDANT A PERFECT DAY**
8           **FRANCHISE INC., SET ONE**

9       [ X ] U.S. MAIL:       I am employed in the county where the mailing occurred.  I am readily

10 familiar with this firm's practice for collection and processing of correspondence for mailing with
   the United States Postal Service. In the ordinary course of business, such correspondence is
11 deposited with the United States Postal Service in a sealed envelope or package that same day with
   first-class postage thereon fully prepaid. On the date indicated above, I placed the document(s) listed
12 above in a sealed envelope or package with first-class postage thereon fully prepaid, and placed the
13 envelope or package for collection and mailing today with the United States Postal Service at San
   Francisco, California addressed as set forth on the attached service list. The address(es) shown on
14 the attached service list is (are) the same as shown on the envelope or package. I am aware that on
   motion of the party served, service is presumed invalid if the postal cancellation date or postage
15 meter date is more than one day after date of deposit for mailing in the affidavit. CCP §§ 1013(a)-
16 (b), 1013a, FRCP § 5(b), FRAP §§ 5(c)-(d).

17      [ X ] ELECTRONIC SERVICE (E-MAIL):  Based on a court order or an agreement of the
   parties to accept service by electronic transmission ("e-mail"), I transmitted by e-mail the
18 document(s) listed above from this e-mail address, cdavis@strudevantlaw.com, to the e-mail
   address(es) set forth on the attached service list on this date at approximately 10:30 AM. The
19 document(s) listed above was (were) served electronically and the transmission was reported as
20 complete and without error. I did not receive, within a reasonable time after the transmission, any
   electronic message or other indication that the transmission was unsuccessful. I, thereafter, mailed a
21 copy to the same party(ies) by placing true copies of the document(s) in a sealed envelope or
   package with first-class postage thereon fully prepaid, in the United States mail at San Francisco,
22 California addressed as set forth on the attached service list. The address(es) set forth on the
   attached service list is (are) the same as shown on the envelope or package. CCP § 1010.6(a)(6),
23 CRC 2060, FRCP § 5(b), N.Dist. Civil L.R 5-5.

24
        I declare under penalty of perjury that the foregoing is true and correct to the best of my
25
   knowledge. 28 U.S.C. § 1746. Executed on August 6, 2010, at San Francisco, California.
26

27                                                  
                                        _____
28                                      Christopher Davis

                                                  1

1

**SERVICE LIST**

2

3      **COUNSEL FOR A PERFECT DAY FRANCHISE, INC.**

4
       Richard C.J. Wahng
5      LAW OFFICES OF RICHARD C.J. WAHNG
       152 Anza St., Suite 201
6      Fremont, Ca 94539
       Tel: 510-490-4447
7      Fax: 510-490-1102
       Email: rwahng@legal-opinion.com
8

9

10     **CO-COUNSEL FOR PLAINTIFFS**

11
       ADAM WANG, Bar No. 201233
12     LAW OFFICES OF ADAM WANG
       12 S First Street, Suite 708
13     San Jose, CA 95113
       Tel:  408-292-1040
14     Fax:  408-416-0248
       Email: adamqwang@gmail.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    1

# Exhibit D

1  Richard C.J. Wahng (SBN# 225672)
   Lee E. Sheldon (SBN# 263310)
2  Law Offices of Richard C.J. Wahng
   152 Anza Street, Suite 201
3  Fremont, CA 94539
   Tel. (510) 490-4447
4  Fax (510) 490-1102

5  Attorney for Defendant,
   A PERFECT DAY FRANCHISE, INC.
6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10  GUIFU LI, MENG WANG, FANG DAI, LIN         Case No. CV 10-01189 LHK (PVT)
    CUI, and ZHONG YU on behalf of themselves
11  and all others similarly situated,          **CLASS ACTION**

12             Plaintiffs,                       **DEFENDANT A PERFECT DAY
                                                 FRANCHISE, INC.'S WRITTEN
13  vs.                                          RESPONSE TO PLAINTIFF GUIFU LI'S
                                                 REQUEST FOR PRODUCTION OF
14  A PERFECT DAY FRANCHISE, INC., a             DOCUMENTS AND TO PERMIT
    California Corporation; et. al.,             INSPECTION, SET ONE
15
               Defendants.
16

17

18

19         Pursuant to Federal Rule of Civil Procedure 34, defendant A PERFECT DAY

20  FRANCHISE, INC. ("responding party"), by undersigned counsel, hereby responds to plaintiff

21  GUIFU LI'S Request for Production of Documents, Set One.

22                          **I. INTRODUCTION**

23  The following responses are made without waiver of and with preservation of:

24         1. All questions as to competency, relevancy, materiality, privilege, and admissibility of

25  each document and the subject matter thereof as evidence for any purpose in any further

26  proceedings in this action, including trial of this action, and in any other action;

27         2. The right to object on any ground to the use of any document or the subject matter

28  thereof in any further proceedings in this action, including the trial of this action, and in any

    other action;

1       3. The right to object on any ground at any time to a demand or a request for further

2 production of documents to these or any other request or other discovery proceeding involving or

3 relating to the subject matter of the request herein responded to; and

4       4. The right at any time to revise, correct, add to, supplement, or clarify any of the

5 responses contained herein. The following responses (and any further responses to these

6 Requests or their subject matter) are made expressly without acknowledgment of the materiality

7 or relevancy of the discovery requests, or that the Requests are in any way reasonably calculated

8 to lead to the discovery of admissible evidence. These responses are limited to properly

9 discoverable information relevant to the allegations set forth in Plaintiff's Complaint.

10       5. Defendant hereby objects to each request to the extent that such request seeks

11 confidential, privileged proprietary information, and/or the disclosure of attorney work product.

12       6. Inadvertent identification or production of privileged writings or information by

13 responding party is not a waiver of any applicable privilege. Production of writings or

14 information does not waive any objection, including but not limited to relevancy, to the

15 admission of such writings in evidence;

16       7. Writings prepared or sent in connection with the within litigation, including but not

17 limited to pleadings, motions, discovery responses, and correspondence between counsel, are not

18 included in the writings produced by Responding Party.

19                           **INSPECTION REQUESTS**

20 **RESPONSE TO INSPECTION REQUEST NO. 1:**

21       Defendant objects to this request to the extent that the request seeks documents or

22 inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.]

23 In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

24 overbroad and unduly burdensome. Defendant further objects to this request on the grounds that

25 the request fails to describe with reasonable particularity each item or category of items to be

26 inspected pursuant to FRCP 34(b)(1)(a). Finally, defendant objects to this request to the extent

27 that the request seeks information that is subject to a right of privacy and is protected from

28 disclosure under the Trade Secret Privilege. Without waiving and subject to said objections, to

1  the extent that this request seeks inspection and copying of Independent Contractor Agreements

2  signed by plaintiffs, opt-out of arbitration forms signed by plaintiffs, and opt-out of class action

3  forms signed by plaintiffs, defendants will allow inspection and copying at a time and date that is

4  mutually convenient to all counsel at defendant's Fremont facility.  However, defendant is not in

5  possession, custody or control of any original agreements or opt-out forms.  Signed agreements

6  and opt-out forms have been retained by defendant in a digital format only.

7  **RESPONSE TO INSPECTION REQUEST NO. 2:**

8      Defendant objects to this request to the extent that the request seeks documents or

9  inspection beyond the scope of the parties' stipulation to limit discovery.  [*See* Docket No. 72.]

10  In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

11  overbroad and unduly burdensome.  Defendant further objects to this request on the grounds that

12  the request fails to describe with reasonable particularity each item or category of items to be

13  inspected pursuant to FRCP 34(b)(1)(a).  Finally, defendant objects to this request to the extent

14  that the request seeks information that is subject to a right of privacy and is protected from

15  disclosure under the Trade Secret Privilege.  Without waiving and subject to said objections, to

16  the extent that this request seeks inspection and copying of Independent Contractor Agreements

17  signed by putative class members, opt-out of arbitration forms signed by putative class members,

18  and opt-out of class action forms signed by putative class members, defendants will allow

19  inspection at a time and date that is mutually convenient to all counsel at defendant's Fremont

20  facility.  However, defendant is not in possession, custody or control of any original agreements.

21  Signed agreements have been retained by defendant in a digital format only.

22  **RESPONSE TO INSPECTION REQUEST NO. 3:**

23      Defendant objects to this request on the grounds that the request is vague, ambiguous,

24  overbroad and unduly burdensome.  Without waiving and subject to said objections, defendant

25  responds as follows: defendant is not in possession, custody or control of any original

26  Independent Contractor Agreements signed by Plaintiffs similar to Exhibits A through E to the

27  Declaration of Jun Ma in Support of Defendant A Perfect Day Franchise, Inc.'s Motion to

28  Dismiss Proceedings and Compel Arbitration.  Nevertheless, defendant will allow inspection and

1  copying of independent contractor agreements that have been retained in a digital format at a

2  time and date that is mutually convenient to all counsel at defendant's Fremont facility.

3  **RESPONSE TO INSPECTION REQUEST NO. 4:**

4        Defendant objects to this request on the grounds that the request is vague, ambiguous,

5  overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

6  responds as follows: defendant is not in possession, custody or control of any original

7  Independent Contractor Agreements signed by putative class members that are similar to

8  Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect Day

9  Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration. Nevertheless,

10  defendant will allow inspection and copying of independent contractor agreements that have

11  been retained in a digital format at a time and date that is mutually convenient to all counsel at

12  defendant's Fremont facility.

13  **RESPONSE TO INSPECTION REQUEST NO. 5:**

14        N/A

15  **RESPONSE TO INSPECTION REQUEST NO. 6:**

16        Defendant objects to this request on the grounds that the request is vague, ambiguous,

17  overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

18  responds as follows: defendant is not in possession, custody or control of any original documents

19  to opt-out or be excluded from this class action signed by putative class members. Copies

20  retained in a digital format have previously been produced to court and counsel on September 7,

21  2010.

22  **RESPONSE TO INSPECTION REQUEST NO. 7:**

23        Defendant objects to this request on the grounds that the request is vague, ambiguous,

24  overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

25  responds as follows: defendant is not in possession, custody or control of any original "Request

26  to Opt-Out forms" similar to Exhibit A to the Declaration of Jade Li in Support of Defendant A

27  Perfect Day Franchise, Inc.'s Opposition to Plaintiffs' Rule 23D motion. Copies retained in a

28  digital format have previously been produced to court and counsel on September 7, 2010.

1   **RESPONSE TO INSPECTION REQUEST NO. 8:**

2       Defendant objects to this request on the grounds that the request is vague, ambiguous,

3   overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

4   responds as follows: defendant is not in possession, custody or control of any original "Opt-outs

5   to arbitration" signed by plaintiffs.

6   **RESPONSE TO INSPECTION REQUEST NO. 9:**

7       Defendant objects to this request on the grounds that the request is vague, ambiguous,

8   overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

9   responds as follows: defendant is not in possession, custody or control of any original "Opt-outs

10  to arbitration" signed by putative class members.

11  **RESPONSE TO INSPECTION REQUEST NO. 10:**

12      Defendant objects to this request on the grounds that the request is vague, ambiguous,

13  overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

14  responds as follows: defendant is not in possession, custody or control of any original opt-outs

15  similar to Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect

16  Day Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration signed by

17  plaintiffs.

18  **RESPONSE TO INSPECTION REQUEST NO. 11:**

19      Defendant objects to this request on the grounds that the request is vague, ambiguous,

20  overbroad and unduly burdensome. Without waiving and subject to said objections, defendant

21  responds as follows: defendant is not in possession, custody or control of any original opt-outs

22  similar to Exhibits A through E to the Declaration of Jun Ma in Support of Defendant A Perfect

23  Day Franchise, Inc.'s Motion to Dismiss Proceedings and Compel Arbitration signed by putative

24  class members.

25  **RESPONSE TO INSPECTION REQUEST NO. 12:**

26      Defendant objects to this request to the extent that the request seeks documents or

27  inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.]

28  In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

1   overbroad and unduly burdensome. Defendant further objects to this request on the grounds that

2   the request fails to describe with reasonable particularity each item or category of items to be

3   inspected pursuant to FRCP 34(b)(1)(a). Finally, defendant objects to this request to the extent

4   that the request seeks information that is subject to a right of privacy and is protected from

5   disclosure under the Trade Secret Privilege. Without waiving and subject to said objections, to

6   the extent that this request seeks inspection and copying of Independent Contractor Agreements

7   signed by plaintiffs, opt-out of arbitration forms signed by plaintiffs, and opt-out of class action

8   forms signed by plaintiffs, defendants will allow inspection and copying at a time and date that is

9   mutually convenient to all counsel at defendant's Fremont facility. However, defendant is not in

10  possession, custody or control of any original agreements or opt-out forms. Signed agreements

11  and opt-out forms have been retained by defendant in a digital format only.

12  **RESPONSE TO INSPECTION REQUEST NO. 13:**

13          Defendant objects to this request to the extent that the request seeks documents or

14  inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.]

15  In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

16  overbroad and unduly burdensome. Defendant further objects to this request on the grounds that

17  the request fails to describe with reasonable particularity each item or category of items to be

18  inspected pursuant to FRCP 34(b)(1)(a). Finally, defendant objects to this request to the extent

19  that the request seeks information that is subject to a right of privacy and is protected from

20  disclosure under the Trade Secret Privilege. Without waiving and subject to said objections, to

21  the extent that this request seeks inspection and copying of Independent Contractor Agreements

22  signed by putative class members, opt-out of arbitration forms signed by putative class members,

23  and opt-out of class action forms signed by putative class members, defendants will allow

24  inspection and copying at a time and date that is mutually convenient to all counsel at

25  defendant's Fremont facility. However, defendant is not in possession, custody or control of any

26  original agreements or opt-out forms. Signed agreements and opt-out forms have been retained

27  by defendant in a digital format only.

28

1

## DOCUMENTS REQUESTED

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3    Defendant objects to this request to the extent that the request seeks documents or

4 inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.]

5 In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

6 overbroad and unduly burdensome. Defendant further objects to this request on the grounds that

7 the request fails to describe with reasonable particularity each item or category of items to be

8 inspected pursuant to FRCP 34(b)(1)(a). Finally, defendant objects to this request to the extent

9 that the request seeks information that is subject to a right of privacy and is protected from

10 disclosure under the Trade Secret Privilege. Without waiving and subject to said objections, to

11 the extent that this request seeks inspection and copying of Independent Contractor Agreements

12 signed by plaintiffs, opt-out of arbitration forms signed by plaintiffs, and opt-out of class action

13 forms signed by plaintiffs, defendants will allow inspection and copying at a time and date that is

14 mutually convenient to all counsel at defendant's Fremont facility. However, defendant is not in

15 possession, custody or control of any original agreements or opt-out forms. Signed agreements

16 and opt-out forms have been retained by defendant in a digital format only.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18    Defendant objects to this request to the extent that the request seeks documents or

19 inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.]

20 In addition, defendant objects to this request on the basis that the request is vague, ambiguous,

21 overbroad and unduly burdensome. Defendant further objects to this request on the grounds that

22 the request fails to describe with reasonable particularity each item or category of items to be

23 inspected pursuant to FRCP 34(b)(1)(a). Finally, defendant objects to this request to the extent

24 that the request seeks information that is subject to a right of privacy and is protected from

25 disclosure under the Trade Secret Privilege. Without waiving and subject to said objections, to

26 the extent that this request seeks inspection and copying of Independent Contractor Agreements

27 signed by putative class members, opt-out of arbitration forms signed by putative class members,

28 and opt-out of class action forms signed by putative class members, defendants will allow

1  inspection and copying at a time and date that is mutually convenient to all counsel at
2  defendant's Fremont facility.  However, defendant is not in possession, custody or control of any
3  original agreements or opt-out forms.  Signed agreements and opt-out forms have been retained
4  by defendant in a digital format only.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6        Defendant objects to this request to the extent that the request seeks documents or
7  inspection beyond the scope of the parties' stipulation to limit discovery.  [*See* Docket No. 72.]
8  In addition, defendant objects to this request on the grounds that the request seeks information
9  protected from disclosure by the attorney-client privilege and the work-product doctrine.
10 Without waiving and subject to said objections, to the extent that this request seeks inspection
11 and copying of Independent Contractor Agreements signed by plaintiffs, defendants will allow
12 inspection and copying at a time and date that is mutually convenient to all counsel at
13 defendant's Fremont facility.  However, defendant is not in possession, custody or control of any
14 original agreements.  Signed agreements have been retained by defendant in a digital format
15 only.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17       Defendant objects to this request to the extent that the request seeks documents or
18 inspection beyond the scope of the parties' stipulation to limit discovery.  [*See* Docket No. 72.]
19 In addition, defendant objects to this request on the grounds that the request seeks information
20 protected from disclosure by the attorney-client privilege and the work-product doctrine.
21 Without waiving and subject to said objections, to the extent that this request seeks inspection
22 and copying of Independent Contractor Agreements signed by putative class members,
23 defendants will allow inspection and copying at a time and date that is mutually convenient to all
24 counsel at defendant's Fremont facility.  However, defendant is not in possession, custody or
25 control of any original agreements.  Signed agreements have been retained by defendant in a
26 digital format only.

27 ///
28 ///

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2       Defendant objects to this request on the grounds that the request is vague, ambiguous,

3 and unintelligible. Defendant further objects to this request to the extent that the request seeks

4 documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See*

5 Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks

6 information protected from disclosure by the attorney-client privilege and the work-product

7 doctrine. Without waiving and subject to said objections, to the extent that this request seeks

8 inspection and copying of Independent Contractor Agreements signed by plaintiffs, opt-out of

9 arbitration agreements signed by plaintiffs, and opt-out of class action litigation forms signed by

10 plaintiffs, defendants will allow inspection and copying at a time and date that is mutually

11 convenient to all counsel at defendant's Fremont facility. However, defendant is not in

12 possession, custody or control of any original agreements. Signed agreements and opt-out forms

13 have been retained by defendant in a digital format only.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

15       Defendant objects to this request on the grounds that the request is vague, ambiguous,

16 and unintelligible. Defendant further objects to this request to the extent that the request seeks

17 documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See*

18 Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks

19 information protected from disclosure by the attorney-client privilege and the work-product

20 doctrine. Without waiving and subject to said objections, to the extent that this request seeks

21 inspection and copying of Independent Contractor Agreements signed by putative class

22 members, opt-out of arbitration agreements signed by putative class members, and opt-out of

23 class action litigation forms signed by putative class members, defendants will allow inspection

24 and copying at a time and date that is mutually convenient to all counsel at defendant's Fremont

25 facility. However, defendant is not in possession, custody or control of any original agreements.

26 Signed agreements and opt-out forms have been retained by defendant in a digital format only.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28       Defendant objects to this request on the grounds that the request is vague, ambiguous,

and overbroad. Defendant further objects to this request to the extent that the request seeks
documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See*
Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks
information protected from disclosure by the attorney-client privilege and the work-product
doctrine. Defendant further objects to this request to the extent that this request seeks
information that is subject to a right of privacy and is protected from disclosure by the trade
secret doctrine. Finally, defendant objects to this request on the grounds that the request fails to
describe with reasonable particularity each item or category of items to be inspected pursuant to
FRCP 34(b)(1)(a). Without waiving and subject to said objections, to the extent that this request
seeks inspection and copying of Independent Contractor Agreements signed by plaintiffs, opt-out
of arbitration agreements signed by plaintiffs, and opt-out of class action litigation forms signed
by plaintiffs, defendants will allow inspection and copying at a time and date that is mutually
convenient to all counsel at defendant's Fremont facility. However, defendant is not in
possession, custody or control of any original agreements. Signed agreements and opt-out forms
have been retained by defendant in a digital format only.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds that the request is vague, ambiguous,
and overbroad. Defendant further objects to this request to the extent that the request seeks
documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See*
Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks
information protected from disclosure by the attorney-client privilege and the work-product
doctrine. Defendant further objects to this request to the extent that this request seeks
information that is subject to a right of privacy and is protected from disclosure by the trade
secret doctrine. Finally, defendant objects to this request on the grounds that the request fails to
describe with reasonable particularity each item or category of items to be inspected pursuant to
FRCP 34(b)(1)(a). Without waiving and subject to said objections, to the extent that this request
seeks inspection and copying of Independent Contractor Agreements signed by putative class
members, opt-out of arbitration agreements signed by putative class members, and opt-out of

1  class action litigation forms signed by putative class members, defendants will allow inspection
2  and copying at a time and date that is mutually convenient to all counsel at defendant's Fremont
3  facility.  However, defendant is not in possession, custody or control of any original agreements.
4  Signed agreements and opt-out forms have been retained by defendant in a digital format only.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6  Defendant is not in possession, custody or control of any original documents to opt-out or
7  be excluded from this class action signed by putative class members.  Copies retained in a digital
8  format have previously been produced to court and counsel on September 7, 2010.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10  Defendant objects to this request to the extent that the request seeks documents or
11  inspection beyond the scope of the parties' stipulation to limit discovery.  [*See* Docket No. 72.]
12  In addition, defendant objects to this request to the extent that the request seeks information
13  protected from disclosure by the attorney-client privilege and the work-product doctrine.
14  Without waiving and subject to said objections, to the extent that this request seeks inspection
15  and copying of opt-out of class action litigation forms signed by putative class members,
16  defendants will allow inspection and copying at a time and date that is mutually convenient to all
17  counsel at defendant's Fremont facility.  However, defendant is not in possession, custody or
18  control of any original agreements.  Signed opt-out forms have been retained by defendant in a
19  digital format only.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21  Defendant objects to this request on the grounds that the request is vague, ambiguous,
22  overbroad, and unduly burdensome. Defendant further objects to this request to the extent that
23  the request seeks documents or inspection beyond the scope of the parties' stipulation to limit
24  discovery.  [*See* Docket No. 72.]  In addition, defendant objects to this request to the extent that
25  the request seeks information protected from disclosure by the attorney-client privilege and the
26  work-product doctrine.  Defendant further objects to this request to the extent that this request
27  seeks information that is subject to a right of privacy and is protected from disclosure by the
28  trade secret doctrine.  Finally, defendant objects to this request on the grounds that the request

1  fails to describe with reasonable particularity each item or category of items to be inspected

2  pursuant to FRCP 34(b)(1)(a).  Without waiving and subject to said objections, to the extent that

3  this request seeks inspection and copying of opt-out of class action litigation forms signed by

4  putative class members, defendants will allow inspection and copying at a time and date that is

5  mutually convenient to all counsel at defendant's Fremont facility.  However, defendant is not in

6  possession, custody or control of any original agreements.  Signed opt-out forms have been

7  retained by defendant in a digital format only.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

9        Defendant objects to this request on the grounds that the request is vague, ambiguous,

10 overbroad and unintelligible. Defendant further objects to this request to the extent that the

11 request seeks documents or inspection beyond the scope of the parties' stipulation to limit

12 discovery. [*See* Docket No. 72.]  In addition, defendant objects to this request to the extent that

13 the request seeks information protected from disclosure by the attorney-client privilege and the

14 work-product doctrine.  Defendant further objects to this request to the extent that this request

15 seeks information that is subject to a right of privacy and is protected from disclosure by the

16 trade secret doctrine.  Finally, defendant objects to this request on the grounds that the request

17 fails to describe with reasonable particularity each item or category of items to be inspected

18 pursuant to FRCP 34(b)(1)(a).  Without waiving and subject to said objections, to the extent that

19 this request seeks inspection and copying of opt-out of class action litigation forms signed by

20 putative class members, defendants will allow inspection and copying at a time and date that is

21 mutually convenient to all counsel at defendant's Fremont facility.  However, defendant is not in

22 possession, custody or control of any original agreements.  Signed opt-out forms have been

23 retained by defendant in a digital format only.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25       Defendant objects to this request on the grounds that the request is vague, ambiguous,

26 overbroad and unintelligible.  Defendant further objects to this request to the extent that the

27 request seeks documents or inspection beyond the scope of the parties' stipulation to limit

28 discovery. [*See* Docket No. 72.]  In addition, defendant objects to this request to the extent that

1  the request seeks information protected from disclosure by the attorney-client privilege and the

2  work-product doctrine. Defendant further objects to this request to the extent that this request

3  seeks information that is subject to a right of privacy and is protected from disclosure by the

4  trade secret doctrine. Without waiving and subject to said objections, defendant responds as

5  follows: defendant is not in possession, custody or control of any original opt-out of arbitration

6  forms signed by plaintiffs.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8        Defendant objects to this request on the grounds that the request is vague, ambiguous,

9  overbroad and unintelligible. Defendant further objects to this request to the extent that the

10  request seeks documents or inspection beyond the scope of the parties' stipulation to limit

11  discovery. [*See* Docket No. 72.] In addition, defendant objects to this request to the extent that

12  the request seeks information protected from disclosure by the attorney-client privilege and the

13  work-product doctrine. Defendant further objects to this request to the extent that this request

14  seeks information that is subject to a right of privacy and is protected from disclosure by the

15  trade secret doctrine. Without waiving and subject to said objections, defendant responds as

16  follows: defendant is not in possession, custody or control of any original opt-out of arbitration

17  forms signed by putative class members.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19        Defendant objects to this request on the grounds that the request is vague, ambiguous,

20  overbroad and unintelligible. Defendant further objects to this request to the extent that the

21  request seeks documents or inspection beyond the scope of the parties' stipulation to limit

22  discovery. [*See* Docket No. 72.] In addition, defendant objects to this request to the extent that

23  the request seeks information protected from disclosure by the attorney-client privilege and the

24  work-product doctrine. Defendant further objects to this request to the extent that this request

25  seeks information that is subject to a right of privacy and is protected from disclosure by the

26  trade secret doctrine. Without waiving and subject to said objections, defendant responds as

27  follows: defendant is not in possession, custody or control of any original opt-out of arbitration

28  forms signed by plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that the request is vague, ambiguous, overbroad and unintelligible. Defendant further objects to this request to the extent that the request seeks documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks information protected from disclosure by the attorney-client privilege and the work-product doctrine. Defendant further objects to this request to the extent that this request seeks information that is subject to a right of privacy and is protected from disclosure by the trade secret doctrine. Without waiving and subject to said objections, defendant responds as follows: defendant is not in possession, custody or control of any original opt-out of arbitration forms signed by putative class members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that the request is irrelevant, vague, ambiguous, overbroad and unintelligible. Defendant further objects to this request to the extent that the request seeks documents or inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.] In addition, defendant objects to this request to the extent that the request seeks information protected from disclosure by the attorney-client privilege and the work-product doctrine. Without waiving and subject to said objections, defendant responds as follows: to the extent that this request seeks inspection and copying of independent contractor agreements and agreements to arbitrate signed by putative class members, defendant will allow inspection and copying at a time and date that is mutually convenient to all counsel at defendant's Fremont facility. However, defendant is not in possession, custody or control of any original agreements. Signed agreements have been retained by defendant in a digital format only.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the grounds that the request is vague, ambiguous, overbroad and unintelligible with respect to the phrase "the agreement." Defendant further objects to this request to the extent that the request seeks documents or inspection beyond the

1    scope of the parties' stipulation to limit discovery. [*See* Docket No. 72.] In addition, defendant

2    objects to this request to the extent that the request seeks information protected from disclosure

3    by the attorney-client privilege and the work-product doctrine. Without waiving and subject to

4    said objections, defendant responds as follows: to the extent that this request seeks inspection

5    and copying of independent contractor agreements and agreements to arbitrate signed by

6    plaintiffs and putative class members, defendant will allow inspection and copying at a time and

7    date that is mutually convenient to all counsel at defendant's Fremont facility. However,

8    defendant is not in possession, custody or control of any original agreements. Signed agreements

9    have been retained by defendant in a digital format only.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

11           Defendant objects to this request on the grounds that the request is vague, ambiguous,

12   overbroad and unintelligible with respect to the phrase "arbitration of claims" and "resolution

13   thereof." Defendant further objects to this request to the extent that the request seeks documents

14   or inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No.

15   72.] In addition, defendant objects to this request to the extent that the request seeks information

16   protected from disclosure by the attorney-client privilege and the work-product doctrine.

17   Without waiving and subject to said objections, defendant responds as follows: to the extent that

18   this request seeks inspection and copying of independent contractor agreements and agreements

19   to arbitrate signed by plaintiffs and putative class members, defendant will allow inspection and

20   copying at a time and date that is mutually convenient to all counsel at defendant's Fremont

21   facility. However, defendant is not in possession, custody or control of any original agreements.

22   Signed agreements have been retained by defendant in a digital format only.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24           Defendant objects to this request on the grounds that the request is vague, ambiguous,

25   overbroad and unintelligible with respect to the phrase "arbitration of claims" and "resolution

26   thereof." Defendant further objects to this request to the extent that the request seeks documents

27   or inspection beyond the scope of the parties' stipulation to limit discovery. [*See* Docket No.

28   72.] In addition, defendant objects to this request to the extent that the request seeks information

1   protected from disclosure by the attorney-client privilege and the work-product doctrine.

2   Without waiving and subject to said objections, defendant responds as follows: to the extent that

3   this request seeks inspection and copying of independent contractor agreements and agreements

4   to arbitrate signed by plaintiffs and putative class members, defendant will allow inspection and

5   copying at a time and date that is mutually convenient to all counsel at defendant's Fremont

6   facility.  However, defendant is not in possession, custody or control of any original agreements.

7   Signed agreements have been retained by defendant in a digital format only.

8   Dated:  September 10, 2010

9

10

11                                          By_____

12                                             /Lee E. Sheldon
                                               Attorney for Defendant

13

**PROOF OF SERVICE**

I am employed in the County of Alameda, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 152 Anza Street, Suite 201, Fremont, CA 94539.

On this date I served the below listed documents on all parties in this action by placing true copies thereof in sealed envelopes addressed as shown below.

**DOCUMENTS**

**DEFENDANT A PERFECT DAY FRANCHISE, INC.'S WRITTEN RESPONSE TO PLAINTIFF GUIFU LI'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TO PERMIT INSPECTION, SET ONE**

**ADDRESSES**

Adam Wang, Esq.
Law Offices of Adam Wang
12 S. First Street, Suite 708
San Jose, CA 95113
Tel.. 408-292-1040
Fax 408-416-0248

Monique Olivier, Esq.
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
235 Montgomery St., Suite 1010
San Francisco, CA 94104
Tel: 415-433-0333
Fax: 415-449-6556
Email: monique@dplolaw.com

XXX (MAIL SERVICE) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at the law firm of the Law Offices of Richard Wahng, Fremont, California, following ordinary business practices.  I am familiar with the practice of the law firm for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited with the United States Postal Service the same day as if placed for collection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this day at Fremont, California.

Dated: September 10, 2010

Lee E. Sheldon

1

# Exhibit E

**From:** Richard Wahng [rwahng@legal-opinion.com]
**Sent:** Friday, September 24, 2010 1:20 PM
**To:** 'Adam Wang'; 'Lee Sheldon'; 'Emma Su'
**Cc:** Monique Olivier
**Subject:** RE: Documents Pick-Up

Dear Mr. Wang:

　　　Please telephone my assistant Emma at the number below. We have the documents ready for you to pick up immediately. Be advised that there is no way for us to produce the documents electronically, as in saved on a disk or other medium. This is due to the nature of our client's server where these documents are stored. The server only allows for viewing and printing, but we cannot download from and store information to a disk.

　　　Accordingly, only hard copies can be produced. Our clients will agree to allow an inspection of the documents electronically stored at a mutually convenient time.
Monique requested that we produce the paper copies first, with a subsequent inspection to be scheduled. I stated that this was agreeable. My initial thought was to scan/email to facilitate the process, but as you will see when you send your messenger over, the documents are too voluminous to scan/email.

Sincerely,

Richard Wahng

Law Offices of Richard Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel (510) 490-4447
Fax (510) 490-1102
THE INFORMATION CONTAINED WITHIN THIS E-MAIL MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS E-MAIL MESSAGE IS NOT THE INTENDED RECIPIENT, OR EMPLOYEE OF OR THE AGENT RESPONSIBLE FOR FORWARDING THIS E-MAIL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT THE E-MAIL ADDRESS REFERENCED ABOVE, AND DELETE THE ORIGINAL.  THANK YOU.
*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

---

**From:** Adam Wang [mailto:adamqwang@gmail.com]
**Sent:** Friday, September 24, 2010 12:12 PM
**To:** Richard Wahng
**Cc:** Monique Olivier
**Subject:** Documents Pick-Up

Counsel,

10/29/2010

I have arranged a courier service to pick up the documents from your office today. Please let me know the documents will be ready.

Please also confirm if we are also getting the paper documents as well as electronic files so I can tell the messenger what to expect.

Please be clear it is our position that electronic files should also be produced.  If you believe otherwise and the electronic files are being produced today, we will file motion to compel immediately.

Adam Wang

10/29/2010

# Exhibit F

**From:** Adam Wang [mailto:adamqwang@gmail.com]
**Sent:** Thursday, October 14, 2010 6:29 PM
**To:** Richard Wahng
**Cc:** <lee.sheldon@ymail.com>; Monique Olivier; Whitney Huston
**Subject:** Re: Continuation of Jun Ma's deposition

Mr. Wahng,

We are running up against the dealine to wrap up the discovery for the purpose of preparing for our opposition to motion to compel arbitration. Your client's document retention practice and your obstructive approach at the first session of Mr. Ma's deposition left many critical questions unanswered. At this point we are in process of reviewing the remaining discovery issues and will soon get in touch with you about our plan and seek your cooperation. If necessary, we will have to take Mr. Ma's deposition in half days if he cannot arrange his full day appearance in less than 14 day notice.

As part of our review and discovery planning, I am asking you to give me the dates in which Mr. Ma can appear for half day depo for the week of 10/17 and week of 10/24.

Also, please provide us the dates for deposition of person on topics relating to APD network, server, and software used in document management.  We are seeking a stipulation from you for a shortened notice for such deposition. Plase let me know if you will so stipulate.

In addition, we will also demand an inspection of Mr. Ma's scanning process at three locations. For this purpose, we may need Mr. Ma to perform the scanning process at three locations in the presence of our expert. Please provide us the dates for the week of 10/17 and the week of 10/24 for the purpose  of such inspection. We also seek a stipulation for shortened notice for this inspection.

Please respond to me with the dates and if you will stipulate for shortened notices as requested no later than noon on Monday 10/17. If I do not hear from you by that I will assume none of the dates requested will be provided and non of the requests for shortened notice will be granted. Then we will have no choice but to seek the intervention of the court.

Thanks.

Adam Wang

Sent from my iPhone

On Oct 14, 2010, at 17:42, "Richard Wahng" <rwahng@legal-opinion.com> wrote:

Dear Mr. Wang:

     As per our discussion this Tuesday, I have obtained the following dates for continuation of Mr. Ma's deposition: 11-4-10, 11-5-10, and 11-8-10. As you know, Mr. Ma was present at plaintiffs' counsel's office the entire day (10:00 a.m. to 5:00 p.m.) on Tuesday yet his deposition.

     The reason for proposing the foregoing dates are as follows:

1.  You stated to Judge Trumbull on the conference call that plaintiffs intend to "conduct discovery on matters related the Rule 11 sanctions." Defendants maintain that plaintiffs have no right to conduct the foregoing discovery. Judge Trumbull declined to rule on this issue over the telephone, and asked the parties to brief the Court on this issue. Defendant's response to Plaintiffs' brief will be due on October 20, 2010. Even assuming Judge Trumbull expeditiously rule on this issue, the parties are not likely to receive any decision prior to October 22. It makes no sense to schedule Mr. Ma's deposition for a second time, and possibly force a third appearance in the event Judge Trumbull allows such discovery;

2.  Defense attorneys Richard Wahng and Lee Sheldon will be in trial for approximately 1.5 weeks starting October 25, 2010; and

3.  As we previously informed you, Mr. Ma requires at least 2 weeks advanced notice to make babysitting/family care arrangements.

     Lastly, I will be away on a pre-arranged vacation from 11-11-10 to the end of November. Please let me know which day(s) will work for you.

Sincerely,

Richard Wahng

Law Offices of Richard Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel (510) 490-4447
Fax (510) 490-1102

THE INFORMATION CONTAINED WITHIN THIS E-MAIL MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS E-MAIL MESSAGE IS NOT THE INTENDED RECIPIENT, OR EMPLOYEE OF OR THE AGENT RESPONSIBLE FOR FORWARDING THIS E-MAIL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT THE E-MAIL ADDRESS REFERENCED ABOVE, AND DELETE THE ORIGINAL.  THANK YOU.
*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the*

*promotion or marketing of any transaction or matter discussed herein.*

# Exhibit G

JAMES C. STURDEVANT*

WHITNEY B. HUSTON**

# THE STURDEVANT LAW FIRM

A PROFESSIONAL CORPORATION

THE DIVIDEND BUILDING

354 PINE STREET, FOURTH FLOOR

SAN FRANCISCO, CALIFORNIA  94104

Telephone
(415) 477-2410

Facsimile
(415) 477-2420

*email*:
justice@sturdevantlaw.com

October 14, 2010

**VIA EMAIL ONLY**

Richard C.J. Wahng
LAW OFFICES OF RICHARD C.J. WAHNG
152 Anza St., Suite 201
Fremont, CA  94539

      Re:    *Guifu Li, et al. v. A Perfect Franchise, Inc., et al.*
            USDC for the Northern District of California
            Case No. CV 10-01189 LHK

Dear Mr. Wahng:

This letter is intended to meet and confer regarding Defendant A Perfect Day Franchise Inc.'s (hereinafter referred to as "Perfect Day" or "Defendant") inadequate responses to Plaintiff Guifu Li's Request For Production of Documents and to Permit Inspection to Defendant A Perfect Day Franchise Inc., Set One, served August 6, 2010.  Perfect Day failed to produce documents, without adequate justification, to many of Plaintiffs' requests.

In addition, to the extent that Perfect Day is withholding any responsive documents on the basis of any privilege, it must provide a privilege log.  If the privilege log is not timely provided, the privilege may be waived.  *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149-50 (9th Cir. 2005)

**All Documents Related to Their Employment Signed by Plaintiffs and Class Members –
Document Request Nos. 1, 2, 3, 4, 5, 6 7, 8, 9, 17, and Inspection Request Nos. 1, 2, 3, 4, 12,
13.**

Plaintiffs seek all documents related to their employment signed by Plaintiffs and class members.  Defendant responded that it will only allow for the inspection of three documents (signed by either Plaintiffs or putative class members):  (1) Independent Contractor Agreements, (2) opt-out of arbitration forms, and (3) opt-out of class actions forms.  Plaintiffs are entitled to all responsive documents to these requests because they are relevant to several of Plaintiffs' core claims related to arbitration, including, for example, whether there were any documents that explained the arbitration agreement, whether other contractual documents were translated, and whether there are arbitration agreements in any other documents.  Notably, Plaintiffs are entitled to all information that is reasonably calculated to lead to the discovery of admissible evidence regarding the arbitration dispute.  These documents are thus discoverable.  Accordingly, please produce all responsive documents.

*ADMITTED IN CALIFORNIA AND CONNECTICUT
**ADMITTED IN CALIFORNIA AND OREGON

Richard C.J. Wahng
October 14, 2010
Page 2

If Defendant contends that Plaintiffs and putative class members signed no employment related documents, other than those which Defendant agrees to produce, please clarify that this is your position.

Please also confirm that you have produced *all* (1) Independent Contractor Agreements, (2) opt-out of arbitration forms, and (3) opt-out of class actions forms signed by *all* Perfect Day massage therapists. This request also includes *all* electronic signatures in their native format that Defendant Perfect Day collected from *all* its massage therapists. If you have not produced *all* such documents, please produce them no later than October 22, 2010.

### Insufficient Production of the Three Form Documents

Defendant agrees to produce copies of three forms: (1) Independent Contractor Agreements, (2) opt-out of arbitration forms, and (3) opt-out of class actions forms. Defendant, however, has refused to produce these in the electronic format in which they are kept. On September 24, 2010, Defendant's counsel stated in an email to Plaintiffs' counsel: "Be advised that there is no way for us to produce the documents electronically, as in saved on a disk or other medium. This is due to the nature of our client's server where these documents are stored. The server only allows for viewing and printing, but we cannot download from and store information to a disk." Please describe why Perfect Day's server is unable to allow Defendants to produce electronically-stored documents in their native format, including a detailed description of Perfect Day's server by brand name, model number, and year purchased.

Further, for the three documents that Defendant agrees to produce, please confirm that the documents that have been produced to-date are the unredacted and original versions of these documents. If they are not the unredacted and/or original versions, Defendant has failed to provide any valid objection or basis for failing to produce these documents. Accordingly, please produce all responsive documents, including the unredacted, original, and all later versions of each of these documents.

Plaintiffs are also entitled to the agreements and opt-out forms with Plaintiffs and putative class members' original signatures. Defendant claims that these original documents are not in their possession, but provide no explanation as to what happened to the original signed versions. Accordingly, please provide clarification as to why the original documents can not be produced, including, for example, an explanation of why and on what date the documents were destroyed, or provide the original documents. Defendant must preserve all potentially relevant evidence once this case was filed. *Keithley v. Homestore.com, Inc.*, 629 F. Supp. 2d 972, 974 (N.D. Cal. 2008) (issuing sanctions where defendants were on notice that documents should have been preserved due to a litigation-hold); *R.F.M.A.S., Inc. v. So*, --- F.R.D. ---, 2010 WL 3322639, at *15 (S.D.N.Y. Aug. 11, 2010) (cases recognize that the litigation-hold rule requires the preservation of documents and electronically stored information). Further, counsel has an affirmative duty to monitor their client's compliance with a litigation hold. *Treppel v. Biovail Corp.*, 249 F.D.R. 111, 118 (S.D.N.Y. 2008).

Richard C.J. Wahng
October 14, 2010
Page 3

### Drafts of any such documents or other versions

Plaintiffs also seek draft versions and all blank copies of the (1) Independent Contractor Agreements, (2) opt-out of arbitration forms, and (3) opt-out of class actions forms, and any other arbitration agreements.  Defendant fails to produce any draft versions of document, but fails to provide any valid objection or basis for failing to provide drafts of these documents.  Accordingly, please produce all responsive documents by no later than October 22, 2010.

### Communications from Class Members – Document Request Nos. 13, 14, 15, 16, 18.

Plaintiffs' document requests include requests for any communications with Plaintiffs or class members, or among Perfect Day employees, for example regarding any opt-out provisions, arbitration agreements, the arbitration of claims, and/or other documents signed by putative class members.  This request also includes *all* electronic signatures in their native format that Defendant Perfect Day collected from *all* its massage therapists.  Defendant fails to produce any such communications, but does not provide any valid objection or basis for such.  Plaintiffs are entitled to all information that is reasonably calculated to lead to the discovery of admissible evidence regarding the arbitration dispute.  These documents are thus discoverable.  Accordingly, please produce all responsive communications by no later than October 22, 2010.

### Documents Related to Arbitration of Claims by Class Members Against A Perfect Day – Document Request Nos. 19, 20.

Plaintiffs seek any documents related to the arbitration of claims by putative class members against Defendant.  Defendant responds with only boilerplate objections not responsive to this request and fails to provide a valid objection.  The information sought is relevant, for example, to show any previous versions of an arbitration clause, and to allow Plaintiffs to examine the method or manner in which Defendant has previously acted towards arbitrating claims.  Accordingly, please produce all responsive documents by no later than October 22, 2010.

### Improper and Boilerplate Objections

Defendant improperly makes baseless and boilerplate objections.  Defendant's routine objection that the document and inspection requests are "vague, ambiguous, and unintelligible" is inappropriate.  *See DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" (citations omitted)).  The document and inspection requests properly ask for specific and limited documents and each is directed to particular documents or information.  Defendant's objection to the scope of discovery sought is not well-taken.  Plaintiffs have targeted all discovery toward the limited issue of the arbitrability of claims.  For example, in response to Document Request No. 3, which seeks all Independent Contractor Agreements, signed by Plaintiffs and submitted by Defendant in support of its motion to dismiss proceeding and compel arbitration.  Yet, in response, Defendant objects that this request is beyond the scope of the parties' stipulation to limit discovery even though this document contains the arbitration clause at issue.  Moreover, Defendant claims attorney-client

Richard C.J. Wahng
October 14, 2010
Page 4

privilege and work-product doctrine apply to these documents, yet has failed to provide a privilege log.  Accordingly, these objections are improper.  Please remove these objections from your responses.

Please address all concerns raised in this letter and produce all relevant documents by no later than October 22, 2010.

Sincerely,

Whitney Huston
THE STURDEVANT LAW FIRM
A Professional Corporation

cc:    Lee Edwin Sheldon (*via email only*)
       Adam Wang (*via email only*)
       Monique Olivier (*via email only*)

# Exhibit H

# Law Offices of Richard C. J. Wahng
Attorney at Law
152 Anza Street, Suite #201
Fremont, CA 94539
Phone: 510.490.4447 · Fax: 510.490.1102

Page 1 of 2

---

October 22, 2010

The Sturdevant Law Firm
Attn: Whitney Huston
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Facsimile: (415) 477-2420

Via Fax and Mail

Re:   *Li, et al. v. A Perfect Day Franchise, Inc., et al.*, Case No. CV 10-01189 LHK

Dear Ms. Huston:

This correspondence responds to your October 14, 2010, meet and confer letter.

As a preliminary matter, it should be noted that A Perfect Day, has already produced all responsive documents in its possession, custody or control that are within the scope of the parties' stipulation to limit discovery.  In addition, Perfect Day has already agreed to permit Plaintiff to inspect and copy all responsive documents that are within the scope of the parties' stipulation to limit discovery at a time and date that is mutually convenient to all counsel at A Perfect Day's Fremont facility.  To date, A Perfect Day has not withheld any responsive documents as information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  Accordingly, a privilege log will not be necessary.

<u>Plaintiffs' Improper Requests For Production:</u>

Under Rule 34 of the Federal Rules of Civil Procedure (FRCP), a party may serve on any other party a request "to produce and permit the requesting party . . . to inspect, copy, test, or sample" certain designated documents or things, or "permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." ·Fed. Rule Civ. Proc. 34(a).

Plaintiff has made the following requests in its October 14, 2010, letter:

1. "If Defendant contends that Plaintiffs and putative class members signed no employment related documents, other than those which Defendant agrees to produce, please clarify that this is your position;"

2. "[D]escribe why Perfect Day's server is unable to allow Defendants to produce electronically-stored documents in their native format, including a detailed description of Perfect Day's server by brand name, model number, and year purchased;"

3. "[C]onfirm that the documents that have been produced to-date are the unredacted and original versions of these documents;"

4. "[P]rovide clarification as to why the original documents can not be produced, including, for example, an explanation of why and on what date the documents were destroyed, or provide the original documents."

These requests are not within the scope of FRCP 34. Accordingly, A Perfect Day objects to these requests as interrogatories that have been improperly framed as requests for production. Specifically, Request No. 1 above, asks A Perfect Day to ignore the parties' stipulation to limit discovery and to answer a question that was never posed as if the stipulation did not exist. Request No. 2 asks A Perfect Day to compile information about a computer server that was never requested. Request No. 3 completely ignores A Perfect Day's response to Plaintiff's Request for Production of Documents which states that original documents do not exist as they are kept in a digital format only. Finally, Request No. 4 seeks information that was never requested and is clearly more appropriate for a deposition or interrogatory. As a result, these requests clearly go beyond the scope of permissible discovery under FRCP 34 and the requests actually made in Plaintiff Guifu Li's First Request for Documents. If counsel would like answers to the questions posed, interrogatories should be served seeking same.

<u>Plaintiff's Objections to A Perfect Day's Response:</u>

Plaintiff states that, "Defendant improperly makes baseless and boilerplate objections." But Plaintiff's objection is itself vague and ambiguous as to which of Defendants' Objections Plaintiffs deem improper. To the extent Plaintiff can identify a particular Objection or Objections that Plaintiff believe is "baseless," Plaintiff should do so.

Sincerely,

Richard Wahng

# Exhibit I

**From:**        Whitney Huston

**Sent:**        Monday, October 25, 2010 1:50 PM

**To:**          Lee Sheldon; Richard Wahng

**Cc:**          Monique Olivier; Kathy Becker; Adam Wang

**Subject:**     Perfect Day: meet and confer follow up

**Follow Up Flag:** Follow up

**Flag Status:**   Green

Lee,

Thank you for returning my telephone call today to meet and confer regarding several outstanding discovery issues.  Below is my summary of our conversation, please respond at your earliest convenience if the following does not comport with your understanding of what we discussed:

1. **Inspection:**  You confirmed that Defendants will agree to allow their computer storage system/server to be inspected.  Plaintiffs requested that the inspection proceed early next week.  You agreed to promptly speak with Defendants to confirm an acceptable date and time, but said that next week was possible.   Please provide us with dates for the inspection at your earliest convenience, as I explained on the call, Plaintiffs need to resolve these discovery matters promptly as the opposition to the motion to compel arbitration is due soon.

2. **Additional documents:**  You stated that it is Defendants' position that they have provided Plaintiffs with all documents related to arbitration.  I explained that it is our position that there may be additional documents related to the issue of arbitration and that we are entitled to know what other employment-related documents exist, that are signed by our Plaintiffs, in order to conclude whether or not any other documents are relevant to the motion to compel arbitration.  You suggested that you would confer with Defendants and provide Plaintiffs with a list of all other documents in Plaintiffs' employment files, signed by the Plaintiffs, to enable us to determine if there are any other relevant documents.  With this email, I am confirming our request that you produce such a list by the end of the day Wednesday October 27.  Upon receipt and review of this list, we will continue our efforts to meet and confer regarding any additional responsive documents requested by Plaintiffs.

3. **Electronic Production:**  You confirmed that Defendants' position is that it is impossible to produce documents electronically as Defendants' system is not set up to save or store documents electronically.  I stated that we understand that this is Defendant's position.  As a result, Plaintiffs may need to move to compel on this issue.

4. **Li and Ma deposition dates:**  I stated that we wish to complete the deposition of Jade Li and June Ma promptly, again because the motion to compel arbitration is due soon.  I stated our position that we wish to proceed, and are entitled to, with Jade Li this Thursday October 28th and June Ma for Nov. 2nd.  As a courtesy, I stated that we might consider proceeding with Mr. Ma's deposition on the 4th (as Defendants' had previously represented that he is available on that date) if Ms. Li's deposition is promptly scheduled.  Although we understand that both you and Mr. Wahng are in trial this week, because neither of you defended Ms. Li's deposition, this should not be a barrier to proceeding with her deposition.  You stated that you knew Ms. Li was unavailable this Thursday, but were not certain of her other availability.  Accordingly, you agreed to provide me with dates for both of their availability for this and next week by the end of the day today.

Good luck with your trial today,

Whitney

Whitney Huston, Esq.
The Sturdevant Law Firm
354 Pine Street, 4th Floor
San Francisco, CA  94104
P:  415-477-2410
F:  415-477-2420

**Exhibit J**

**From:**    Lee Sheldon [leesheldonlaw@gmail.com]

**Sent:**    Monday, October 25, 2010 8:43 PM

**To:**    Whitney Huston

**Cc:**    Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker

**Subject:**    Re: Perfect Day: meet and confer follow up

**Follow Up Flag:** Follow up

**Flag Status:**    Green

Whitney:

With respect to the inspection, Defendants and Defense Counsel are available for an inspection on November 8th, 9th, and 10th.  Since you have requested an inspection at each of the facilities, and each branch is quite far apart, it may make sense to do the inspection on more than one day. Please let me know which of the proposed dates you would prefer and we will arrange for a mutually convent time for the inspections.

With respect to your request for a list of documents, as stated at Jun Ma's deposition, other documents signed by the plaintiffs include the company policy such as the tip policy and the massage policy. However, none of these documents relate to arbitration.  You are welcome to confirm this at Jun Ma's continued deposition. It is our position that it is not appropriate to seek answer to such questions via a request for production of documents since these requests are really more appropriate for an interrogatory. Because we understand that Plaintiffs are under time constraints, we would encourage you to ask questions relating to other documents signed by plaintiffs at Mr. Ma's continued deposition.  We would also be willing to stipulate to a short continuance of the motion to compel arbitration in order to accomodate Plaintiffs.

With respect to electronic production, I want to point out a small mischaracterization of our conversation today. As I recall, I stated that I was informed that downloading electronic copies was not permitted by APD's server/system. I did not state that it was impossible to save or upload documents.  My understanding is that the system is designed to upload documents and to print them, but to not save to the disk.  Again, I have no personal information either way.  Perhaps this is something that can be resolved at the inspection?

Finally with respect to dates for Jun Ma and Jade Li's continued deposition, I have been informed that Jade Li is available for a full day deposition on November 10th and that Jun Ma is available on the 4th, 5th, 8th, 9th, and 10th for a half day deposition only. Given Mr. Ma's family obligations, the limited scope of the deposition and the fact that he has already been deposed for more than 7 hours, a half day for Mr. Ma should be sufficient.

I hope that I addressed all of your concerns, if not, please feel free to contact me tomorrow.  I should be able to take calls during our break from trial.

Best,

Lee Sheldno


On Mon, Oct 25, 2010 at 1:49 PM, Whitney Huston <<u>WHuston@sturdevantlaw.com</u>> wrote:

> Lee,

Thank you for returning my telephone call today to meet and confer regarding several outstanding discovery issues.  Below is my summary of our conversation, please respond at your earliest convenience if the following does not comport with your understanding of what we discussed:

1. **Inspection:**  You confirmed that Defendants will agree to allow their computer storage system/server to be inspected.  Plaintiffs requested that the inspection proceed early next week.  You agreed to promptly speak with Defendants to confirm an acceptable date and time, but said that next week was possible.   Please provide us with dates for the inspection at your earliest convenience, as I explained on the call, Plaintiffs need to resolve these discovery matters promptly as the opposition to the motion to compel arbitration is due soon.

2. **Additional documents:**  You stated that it is Defendants' position that they have provided Plaintiffs with all documents related to arbitration.  I explained that it is our position that there may be additional documents related to the issue of arbitration and that we are entitled to know what other employment-related documents exist, that are signed by the Plaintiffs, in order to conclude whether or not any other documents are relevant to the motion to compel arbitration.  You suggested that you would confer with Defendants and provide Plaintiffs with a list of all other documents in Plaintiffs' employment files, signed by the Plaintiffs, to enable us to determine if there are any other relevant documents.  With this email, I am confirming our request that you produce such a list by the end of the day Wednesday October 27.  Upon receipt and review of this list, we will continue our efforts to meet and confer regarding any additional responsive documents requested by Plaintiffs.

3. **Electronic Production:**  You confirmed that Defendants' position is that it is impossible to produce documents electronically as Defendants' system is not set up to save or store documents electronically.  I stated that we understand that this is Defendant's position.  As a result, Plaintiffs may need to move to compel on this issue.

4. **Li and Ma deposition dates:**  I stated that we wish to complete the deposition of Jade Li and June Ma promptly, again because the motion to compel arbitration is due soon.  I stated our position that we wish to proceed, and are entitled to, with Jade Li this Thursday October 28th and June Ma for Nov. 2nd.  As a courtesy, I stated that we might consider proceeding with Mr. Ma's deposition on the 4th (as Defendants' had previously represented that he is available on that date) if Ms. Li's deposition is promptly scheduled.  Although we understand that both you and Mr. Wahng are in trial this week, because neither of you defended Ms. Li's deposition, this should not be a barrier to proceeding with her deposition.  You stated that you knew Ms. Li was unavailable this Thursday, but were not certain of her other availability.  Accordingly, you agreed to provide me with dates for both of their availability for this and next week by the end of the day today.


Good luck with your trial today,


Whitney


Whitney Huston, Esq.

The Sturdevant Law Firm

354 Pine Street, 4th Floor

San Francisco, CA  94104

P:  415-477-2410

F:  415-477-2420


--
Lee E. Sheldon

10/29/2010

Attorney  at Law
Law Offices of Richard C.J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel.. 510-490-4447
Fax 510-490-1102

The information contained in this email is intended for the use of the addressee(s) indicated above and may contain privileged and confidential information. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, or documents or information therein is strictly prohibited. If you have received this message in error, please notify us immediately by telephone or return email and delete the original message from your system. Thank you.

Please consider the environment before printing this email.

10/29/2010

# Exhibit K

**From:**  Whitney Huston

**Sent:**  Tuesday, October 26, 2010 4:57 PM

**To:**  Lee Sheldon

**Cc:**  Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker

**Subject:** RE: Perfect Day: meet and confer follow up

Lee,

Thank you for your timely response and your continued efforts to resolve these matters without resort to a motion to compel.  Unfortunately, I believe we are very close to an impasse on several issues and may need to seek court intervention on those matters.

First, and significantly, as you know our opposition to the arbitration motion is due November 10, so the dates you propose for the inspection and Jade Li deposition are unacceptable.  We are not open to an extension of the deadline for the motion at this time as we believe that Judge Koh will be unlikely to grant an extension.  Additionally, Plaintiffs' believe that we need to move the case forward and Defendants have not provided any reasons why the deposition and inspection can not proceed this or next week.

1. Jade Li deposition:  Accordingly, the completion of Jade Li's deposition must proceed this Friday or next week.  In the interest of compromise, however, we believe we will be able to finish her deposition in ½ day starting at 9am and concluding by 1pm.  Please provide such dates by the end of the day or we will notice her deposition to proceed during that time frame.

2. June Ma and PMK deposition:  We are amenable to Jun Ma's deposition proceeding on November 4th and continuing on November 5th (if necessary).  On a related note, we will be serving a 30(b)(6)/person most knowledgeable deposition notice for Perfect Day's computer system and retention policy for November 5th.  If the person who will be identified as the PMK is Jun Ma, we are amenable to having these depositions proceed back to back to be as efficient as possible.  If the person who will be identified as the PMK is not Jun Ma, that deposition will be set for November 5th.

3. Inspection:  Regarding the inspection, we believe we have a right to inspect all computers that may have been used to house or scan any docs signed by any massage therapist.  However, based on Defendants' representation that all personnel files including the ICAs are housed by a remote server, we will agree to an inspection by our expert of the remote server, at this time.  This can take place at any of the sites and will require Jun Ma's presence to allow access to the remote server for inspection of system and documents on the system.  In light of the November 10th date for the opposition brief, the inspection needs to proceed next week, please provide dates by the end of the day today or we will have no choice, but to file a motion to compel.

4. Electronic production of documents:  You stated that you do not have "personal information" as to whether documents can be downloaded.  It is your responsibility as counsel to understand whether or not the documents can be downloaded.  We are entitled to electronic versions (in whatever electronic form they are kept).  If that is not possible, please provide a definitive statement by the close of business tomorrow.

5. Other personnel documents:  We have appropriately requested all of these documents through a request for production of documents.  Since Defendants have refused to produce such documents, you proposed the alternative of Defendants providing a list of all such documents as a compromise resolution.  We are not amenable to resolving this matter by re-serving as an interrogatory when we have already requested that all such documents be produced.  Additionally, we will not agree to wait for Jun Ma's deposition for this to be addressed because his testimony will not resolve the issue.  During our conversation yesterday you stated that you have not yet spoken with your client about all the documents that are signed by our clients, yet insist that all arbitration related documents have been produced.  As you have not spoken with your client about all documents, we are not confident that all responsive documents have been produced.  Further, any document a massage therapist signed may be relevant to whether their claim is arbitrable.  For example, Jun Ma has placed all documents that massage therapists have signed into question because he claims that the ICA has an ID mark that is used on employee contracts.  We are thus entitled to see all documents that employees have signed.  Accordingly, please provide a definitive statement that identifies all existing employment-related documents signed by Plaintiffs by tomorrow, Wednesday

10/29/2010

October 27, 2010 or we will have no choice but to move to compel such documents by the end of the week.

Thank you for your prompt attention to these matters.

Sincerely,

Whitney Huston, Esq.
The Sturdevant Law Firm

---

**From:** Lee Sheldon [mailto:leesheldonlaw@gmail.com]
**Sent:** Monday, October 25, 2010 8:43 PM
**To:** Whitney Huston
**Cc:** Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker
**Subject:** Re: Perfect Day: meet and confer follow up

Whitney:

With respect to the inspection, Defendants and Defense Counsel are available for an inspection on November 8th, 9th, and 10th. Since you have requested an inspection at each of the facilities, and each branch is quite far apart, it may make sense to do the inspection on more than one day. Please let me know which of the proposed dates you would prefer and we will arrange for a mutually convent time for the inspections.

With respect to your request for a list of documents, as stated at Jun Ma's deposition, other documents signed by the plaintiffs include the company policy such as the tip policy and the massage policy. However, none of these documents relate to arbitration. You are welcome to confirm this at Jun Ma's continued deposition. It is our position that it is not appropriate to seek answer to such questions via a request for production of documents since these requests are really more appropriate for an interrogatory. Because we understand that Plaintiffs are under time constraints, we would encourage you to ask questions relating to other documents signed by plaintiffs at Mr. Ma's continued deposition. We would also be willing to stipulate to a short continuance of the motion to compel arbitration in order to accomodate Plaintiffs.

With respect to electronic production, I want to point out a small mischaracterization of our conversation today. As I recall, I stated that I was informed that downloading electronic copies was not permitted by APD's server/system. I did not state that it was impossible to save or upload documents. My understanding is that the system is designed to upload documents and to print them, but to not save to the disk. Again, I have no personal information either way. Perhaps this is something that can be resolved at the inspection?

Finally with respect to dates for Jun Ma and Jade Li's continued deposition, I have been informed that Jade Li is available for a full day deposition on November 10th and that Jun Ma is available on the 4th, 5th, 8th, 9th, and 10th for a half day deposition only. Given Mr. Ma's family obligations, the limited scope of the deposition and the fact that he has already been deposed for more than 7 hours, a half day for Mr. Ma should be sufficient.

I hope that I addressed all of your concerns, if not, please feel free to contact me tomorrow. I should be able to take calls during our break from trial.

Best,

Lee Sheldno

On Mon, Oct 25, 2010 at 1:49 PM, Whitney Huston <WHuston@sturdevantlaw.com> wrote:
Lee,

Thank you for returning my telephone call today to meet and confer regarding several outstanding discovery issues. Below is my summary of our conversation, please respond at your earliest convenience if the following does not comport with your understanding of what we discussed:

10/29/2010

1. **Inspection:** You confirmed that Defendants will agree to allow their computer storage system/server to be inspected. Plaintiffs requested that the inspection proceed early next week. You agreed to promptly speak with Defendants to confirm an acceptable date and time, but said that next week was possible. Please provide us with dates for the inspection at your earliest convenience, as I explained on the call, Plaintiffs need to resolve these discovery matters promptly as the opposition to the motion to compel arbitration is due soon.

2. **Additional documents:** You stated that it is Defendants' position that they have provided Plaintiffs with all documents related to arbitration. I explained that it is our position that there may be additional documents related to the issue of arbitration and that we are entitled to know what other employment-related documents exist, that are signed by our Plaintiffs, in order to conclude whether or not any other documents are relevant to the motion to compel arbitration. You suggested that you would confer with Defendants and provide Plaintiffs with a list of all other documents in Plaintiffs' employment files, signed by the Plaintiffs, to enable us to determine if there are any other relevant documents. With this email, I am confirming our request that you produce such a list by the end of the day Wednesday October 27. Upon receipt and review of this list, we will continue our efforts to meet and confer regarding any additional responsive documents requested by Plaintiffs.

3. **Electronic Production:** You confirmed that Defendants' position is that it is impossible to produce documents electronically as Defendants' system is not set up to save or store documents electronically. I stated that we understand that this is Defendant's position. As a result, Plaintiffs may need to move to compel on this issue.

4. **Li and Ma deposition dates:** I stated that we wish to complete the deposition of Jade Li and June Ma promptly, again because the motion to compel arbitration is due soon. I stated our position that we wish to proceed, and are entitled to, with Jade Li this Thursday October 28th and June Ma for Nov. 2nd. As a courtesy, I stated that we might consider proceeding with Mr. Ma's deposition on the 4th (as Defendants' had previously represented that he is available on that date) if Ms. Li's deposition is promptly scheduled. Although we understand that both you and Mr. Wahng are in trial this week, because neither of you defended Ms. Li's deposition, this should not be a barrier to proceeding with her deposition. You stated that you knew Ms. Li was unavailable this Thursday, but were not certain of her other availability. Accordingly, you agreed to provide me with dates for both of their availability for this and next week by the end of the day today.

Good luck with your trial today,

Whitney

Whitney Huston, Esq.
The Sturdevant Law Firm
354 Pine Street, 4th Floor
San Francisco, CA  94104
P: 415-477-2410
F: 415-477-2420

--
Lee E. Sheldon
Attorney at Law
Law Offices of Richard C.J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel.. 510-490-4447
Fax 510-490-1102

The information contained in this email is intended for the use of the addressee(s) indicated above and may contain privileged and confidential information. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, or documents or information therein is strictly prohibited. If you have received this message in error, please notify us immediately by telephone or return email and delete the original message from your system. Thank you.

Please consider the environment before printing this email.

10/29/2010

**Exhibit L**

**From:**   Richard Wahng [rwahng@legal-opinion.com]
**Sent:**   Wednesday, October 27, 2010 8:08 AM
**To:**   Whitney Huston; 'Lee Sheldon'
**Cc:**   'Monique Olivier'; 'Adam Wang'; Kathy Becker
**Subject:** RE: Perfect Day: meet and confer follow up

Counselor:

      As you well know, attorney Lee Sheldon and I are in the middle of jury trial. We will respond to the your meet and confer as soon as possible.

Richard

Law Offices of Richard Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel (510) 490-4447
Fax (510) 490-1102
THE INFORMATION CONTAINED WITHIN THIS E-MAIL MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS E-MAIL MESSAGE IS NOT THE INTENDED RECIPIENT, OR EMPLOYEE OF OR THE AGENT RESPONSIBLE FOR FORWARDING THIS E-MAIL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT THE E-MAIL ADDRESS REFERENCED ABOVE, AND DELETE THE ORIGINAL.  THANK YOU.
*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

---

**From:** Whitney Huston [mailto:WHuston@sturdevantlaw.com]
**Sent:** Tuesday, October 26, 2010 4:57 PM
**To:** Lee Sheldon
**Cc:** Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker
**Subject:** RE: Perfect Day: meet and confer follow up

Lee,

Thank you for your timely response and your continued efforts to resolve these matters without resort to a motion to compel.  Unfortunately, I believe we are very close to an impasse on several issues and may need to seek court intervention on those matters.

First, and significantly, as you know our opposition to the arbitration motion is due November 10, so the dates you propose for the inspection and Jade Li deposition are unacceptable.  We are not open to an extension of the deadline for the motion at this time as we believe that Judge Koh will be unlikely to grant an extension.  Additionally, Plaintiffs' believe that we need to move the case forward and Defendants have not provided any reasons why the deposition and inspection can not proceed this or next week.

1. Jade Li deposition:  Accordingly, the completion of Jade Li's deposition must proceed this Friday or next week.  In the interest of compromise, however, we believe we will be able to finish her deposition in ½ day starting at 9am and concluding by 1pm.  Please provide such dates by the end

of the day or we will notice her deposition to proceed during that time frame.

2. June Ma and PMK deposition: We are amenable to Jun Ma's deposition proceeding on November 4th and continuing on November 5th (if necessary). On a related note, we will be serving a 30(b)(6)/person most knowledgeable deposition notice for Perfect Day's computer system and retention policy for November 5th. If the person who will be identified as the PMK is Jun Ma, we are amenable to having these depositions proceed back to back to be as efficient as possible. If the person who will be identified as the PMK is not Jun Ma, that deposition will be set for November 5th.

3. Inspection: Regarding the inspection, we believe we have a right to inspect all computers that may have been used to house or scan any docs signed by any massage therapist. However, based on Defendants' representation that all personnel files including the ICAs are housed by a remote server, we will agree to an inspection by our expert of the remote server, at this time. This can take place at any of the sites and will require Jun Ma's presence to allow access to the remote server for inspection of system and documents on the system. In light of the November 10th date for the opposition brief, the inspection needs to proceed next week, please provide dates by the end of the day today or we will have no choice, but to file a motion to compel.

4. Electronic production of documents: You stated that you do not have "personal information" as to whether documents can be downloaded. It is your responsibility as counsel to understand whether or not the documents can be downloaded. We are entitled to electronic versions (in whatever electronic form they are kept). If that is not possible, please provide a definitive statement by the close of business tomorrow.

5. Other personnel documents: We have appropriately requested all of these documents through a request for production of documents. Since Defendants have refused to produce such documents, you proposed the alternative of Defendants providing a list of all such documents as a compromise resolution. We are not amenable to resolving this matter by re-serving as an interrogatory when we have already requested that all such documents be produced. Additionally, we will not agree to wait for Jun Ma's deposition for this to be addressed because his testimony will not resolve the issue. During our conversation yesterday you stated that you have not yet spoken with your client about all the documents that are signed by our clients, yet insist that all arbitration related documents have been produced. As you have not spoken with your client about all documents, we are not confident that all responsive documents have been produced. Further, any document a massage therapist signed may be relevant to whether their claim is arbitrable. For example, Jun Ma has placed all documents that massage therapists have signed into question because he claims that the ICA has an ID mark that is used on employee contracts. We are thus entitled to see all documents that employees have signed. Accordingly, please provide a definitive statement that identifies all existing employment-related documents signed by Plaintiffs by tomorrow, Wednesday October 27, 2010 or we will have no choice but to move to compel such documents by the end of the week.

Thank you for your prompt attention to these matters.

Sincerely,

Whitney Huston, Esq.
The Sturdevant Law Firm

---

**From:** Lee Sheldon [mailto:leesheldonlaw@gmail.com]
**Sent:** Monday, October 25, 2010 8:43 PM
**To:** Whitney Huston
**Cc:** Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker
**Subject:** Re: Perfect Day: meet and confer follow up

Whitney:

With respect to the inspection, Defendants and Defense Counsel are available for an inspection on November 8th, 9th, and 10th. Since you have requested an inspection at each of the facilities, and each branch is quite far apart, it may make sense to do the inspection on more than one day. Please let me know which of the proposed dates you would prefer and we will arrange for a mutually convent time for the inspections.

With respect to your request for a list of documents, as stated at Jun Ma's deposition, other documents signed by the plaintiffs include the company policy such as the tip policy and the massage policy. However, none of these documents relate to arbitration. You are welcome to confirm this at Jun Ma's continued deposition. It is our position that it is not appropriate to seek answer to such questions via a request for production of documents since these requests are really more appropriate for an interrogatory. Because we understand that Plaintiffs are under time

constraints, we would encourage you to ask questions relating to other documents signed by plaintiffs at Mr. Ma's continued deposition. We would also be willing to stipulate to a short continuance of the motion to compel arbitration in order to accomodate Plaintiffs.

With respect to electronic production, I want to point out a small mischaracterization of our conversation today. As I recall, I stated that I was informed that downloading electronic copies was not permitted by APD's server/system. I did not state that it was impossible to save or upload documents. My understanding is that the system is designed to upload documents and to print them, but to not save to the disk. Again, I have no personal information either way. Perhaps this is something that can be resolved at the inspection?

Finally with respect to dates for Jun Ma and Jade Li's continued deposition, I have been informed that Jade Li is available for a full day deposition on November 10th and that Jun Ma is available on the 4th, 5th, 8th, 9th, and 10th for a half day deposition only. Given Mr. Ma's family obligations, the limited scope of the deposition and the fact that he has already been deposed for more than 7 hours, a half day for Mr. Ma should be sufficient.

I hope that I addressed all of your concerns, if not, please feel free to contact me tomorrow. I should be able to take calls during our break from trial.

Best,

Lee Sheldno

On Mon, Oct 25, 2010 at 1:49 PM, Whitney Huston <WHuston@sturdevantlaw.com> wrote:
Lee,

Thank you for returning my telephone call today to meet and confer regarding several outstanding discovery issues. Below is my summary of our conversation, please respond at your earliest convenience if the following does not comport with your understanding of what we discussed:

1. **Inspection:** You confirmed that Defendants will agree to allow their computer storage system/server to be inspected. Plaintiffs requested that the inspection proceed early next week. You agreed to promptly speak with Defendants to confirm an acceptable date and time, but said that next week was possible. Please provide us with dates for the inspection at your earliest convenience, as I explained on the call, Plaintiffs need to resolve these discovery matters promptly as the opposition to the motion to compel arbitration is due soon.

2. **Additional documents:** You stated that it is Defendants' position that they have provided Plaintiffs with all documents related to arbitration. I explained that it is our position that there may be additional documents related to the issue of arbitration and that we are entitled to know what other employment-related documents exist, that are signed by our Plaintiffs, in order to conclude whether or not any other documents are relevant to the motion to compel arbitration. You suggested that you would confer with Defendants and provide Plaintiffs with a list of all other documents in Plaintiffs' employment files, signed by the Plaintiffs, to enable us to determine if there are any other relevant documents. With this email, I am confirming our request that you produce such a list by the end of the day Wednesday October 27. Upon receipt and review of this list, we will continue our efforts to meet and confer regarding any additional responsive documents requested by Plaintiffs.

3. **Electronic Production:** You confirmed that Defendants' position is that it is impossible to produce documents electronically as Defendants' system is not set up to save or store documents electronically. I stated that we understand that this is Defendant's position. As a result, Plaintiffs may need to move to compel on this issue.

4. **Li and Ma deposition dates:** I stated that we wish to complete the deposition of Jade Li and June Ma promptly, again because the motion to compel arbitration is due soon. I stated our position that we wish to proceed, and are entitled to, with Jade Li this Thursday October 28th and June Ma for Nov. 2nd. As a courtesy, I stated that we might consider proceeding with Mr. Ma's deposition on the 4th (as Defendants' had previously represented that he is available on that date) if Ms. Li's deposition is promptly scheduled. Although we understand that both you and Mr. Wahng are in trial this week, because neither of you defended Ms. Li's deposition, this should not be a barrier to proceeding with her deposition. You stated that you knew Ms. Li was unavailable this Thursday, but were not certain of her other availability. Accordingly, you agreed to provide me with dates for both of their availability for this and next week by the end of the day today.

Good luck with your trial today,

Whitney

10/29/2010

Whitney Huston, Esq.
The Sturdevant Law Firm
354 Pine Street, 4th Floor
San Francisco, CA  94104
P:  415-477-2410
F:  415-477-2420


--
Lee E. Sheldon
Attorney  at Law
Law Offices of Richard C.J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel.. 510-490-4447
Fax 510-490-1102

The information contained in this email is intended for the use of the addressee(s) indicated above and may contain privileged and confidential information. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, or documents or information therein is strictly prohibited. If you have received this message in error, please notify us immediately by telephone or return email and delete the original message from your system. Thank you.

Please consider the environment before printing this email.

10/29/2010

# Exhibit M

**From:**   Whitney Huston
**Sent:**   Wednesday, October 27, 2010 4:53 PM
**To:**   Richard Wahng; 'Lee Sheldon'
**Cc:**   'Monique Olivier'; 'Adam Wang'; Kathy Becker
**Subject:**   RE: Perfect Day: meet and confer follow up

Richard,

We understand that you and Lee Sheldon are in trial, however, as you are well aware Plaintiffs' opposition to the motion to compel arbitration is due Nov. 10.   Additionally, our efforts to meet and confer on these issues have been on-going and long-standing.  Accordingly, your failure to meaningfully respond in a timely fashion, at this point, is unreasonable.  As such, if you continue to be non-timely with your responses we will have no choice but to seek leave of the court to resolve these matters.

Whitney Huston, Esq.
The Sturdevant Law Firm

---

**From:** Richard Wahng [mailto:rwahng@legal-opinion.com]
**Sent:** Wednesday, October 27, 2010 8:08 AM
**To:** Whitney Huston; 'Lee Sheldon'
**Cc:** 'Monique Olivier'; 'Adam Wang'; Kathy Becker
**Subject:** RE: Perfect Day: meet and confer follow up

Counselor:

        As you well know, attorney Lee Sheldon and I are in the middle of  jury trial. We will respond to the your meet and confer as soon as possible.

Richard

Law Offices of Richard Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel (510) 490-4447
Fax (510) 490-1102
THE INFORMATION CONTAINED WITHIN THIS E-MAIL MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS E-MAIL MESSAGE IS NOT THE INTENDED RECIPIENT, OR EMPLOYEE OF OR THE AGENT RESPONSIBLE FOR FORWARDING THIS E-MAIL TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS E-MAIL COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT THE E-MAIL ADDRESS REFERENCED ABOVE, AND DELETE THE ORIGINAL.  THANK YOU.
*Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.*

---

**From:** Whitney Huston [mailto:WHuston@sturdevantlaw.com]
**Sent:** Tuesday, October 26, 2010 4:57 PM
**To:** Lee Sheldon

10/29/2010

**Cc:** Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker
**Subject:** RE: Perfect Day: meet and confer follow up

Lee,

Thank you for your timely response and your continued efforts to resolve these matters without resort to a motion to compel. Unfortunately, I believe we are very close to an impasse on several issues and may need to seek court intervention on those matters.

First, and significantly, as you know our opposition to the arbitration motion is due November 10, so the dates you propose for the inspection and Jade Li deposition are unacceptable. We are not open to an extension of the deadline for the motion at this time as we believe that Judge Koh will be unlikely to grant an extension. Additionally, Plaintiffs' believe that we need to move the case forward and Defendants have not provided any reasons why the deposition and inspection can not proceed this or next week.

1. Jade Li deposition: Accordingly, the completion of Jade Li's deposition must proceed this Friday or next week. In the interest of compromise, however, we believe we will be able to finish her deposition in ½ day starting at 9am and concluding by 1pm. Please provide such dates by the end of the day or we will notice her deposition to proceed during that time frame.

2. June Ma and PMK deposition: We are amenable to Jun Ma's deposition proceeding on November 4th and continuing on November 5th (if necessary). On a related note, we will be serving a 30(b)(6)/person most knowledgeable deposition notice for Perfect Day's computer system and retention policy for November 5th. If the person who will be identified as the PMK is Jun Ma, we are amenable to having these depositions proceed back to back to be as efficient as possible. If the person who will be identified as the PMK is not Jun Ma, that deposition will be set for November 5th.

3. Inspection: Regarding the inspection, we believe we have a right to inspect all computers that may have been used to house or scan any docs signed by any massage therapist. However, based on Defendants' representation that all personnel files including the ICAs are housed by a remote server, we will agree to an inspection by our expert of the remote server, at this time. This can take place at any of the sites and will require Jun Ma's presence to allow access to the remote server for inspection of system and documents on the system. In light of the November 10th date for the opposition brief, the inspection needs to proceed next week, please provide dates by the end of the day today or we will have no choice, but to file a motion to compel.

4. Electronic production of documents: You stated that you do not have "personal information" as to whether documents can be downloaded. It is your responsibility as counsel to understand whether or not the documents can be downloaded. We are entitled to electronic versions (in whatever electronic form they are kept). If that is not possible, please provide a definitive statement by the close of business tomorrow.

5. Other personnel documents: We have appropriately requested all of these documents through a request for production of documents. Since Defendants have refused to produce such documents, you proposed the alternative of Defendants providing a list of all such documents as a compromise resolution. We are not amenable to resolving this matter by re-serving as an interrogatory when we have already requested that all such documents be produced. Additionally, we will not agree to wait for Jun Ma's deposition for this to be addressed because his testimony will not resolve the issue. During our conversation yesterday you stated that you have not yet spoken with your client about all the documents that are signed by our clients, yet insist that all arbitration related documents have been produced. As you have not spoken with your client about all documents, we are not confident that all responsive documents have been produced. Further, any document a massage therapist signed may be relevant to whether their claim is arbitrable. For example, Jun Ma has placed all documents that massage therapists have signed into question because he claims that the ICA has an ID mark that is used on employee contracts. We are thus entitled to see all documents that employees have signed. Accordingly, please provide a definitive statement that identifies all existing employment-related documents signed by Plaintiffs by tomorrow, Wednesday October 27, 2010 or we will have no choice but to move to compel such documents by the end of the week.

Thank you for your prompt attention to these matters.

Sincerely,

Whitney Huston, Esq.
The Sturdevant Law Firm

---

**From:** Lee Sheldon [mailto:leesheldonlaw@gmail.com]
**Sent:** Monday, October 25, 2010 8:43 PM

**To:** Whitney Huston
**Cc:** Richard Wahng; Monique Olivier; Adam Wang; Kathy Becker
**Subject:** Re: Perfect Day: meet and confer follow up

Whitney:

With respect to the inspection, Defendants and Defense Counsel are available for an inspection on November 8th, 9th, and 10th.  Since you have requested an inspection at each of the facilities, and each branch is quite far apart, it may make sense to do the inspection on more than one day.  Please let me know which of the proposed dates you would prefer and we will arrange for a mutually convent time for the inspections.

With respect to your request for a list of documents, as stated at Jun Ma's deposition, other documents signed by the plaintiffs include the company policy such as the tip policy and the massage policy. However, none of these documents relate to arbitration.  You are welcome to confirm this at Jun Ma's continued deposition. It is our position that it is not appropriate to seek answer to such questions via a request for production of documents since these requests are really more appropriate for an interrogatory. Because we understand that Plaintiffs are under time constraints, we would encourage you to ask questions relating to other documents signed by plaintiffs at Mr. Ma's continued deposition.  We would also be willing to stipulate to a short continuance of the motion to compel arbitration in order to accomodate Plaintiffs.

With respect to electronic production, I want to point out a small mischaracterization of our conversation today. As I recall, I stated that I was informed that downloading electronic copies was not permitted by APD's server/system. I did not state that it was impossible to save or upload documents.  My understanding is that the system is designed to upload documents and to print them, but to not save to the disk.  Again, I have no personal information either way. Perhaps this is something that can be resolved at the inspection?

Finally with respect to dates for Jun Ma and Jade Li's continued deposition, I have been informed that Jade Li is available for a full day deposition on November 10th and that Jun Ma is available on the 4th, 5th, 8th, 9th, and 10th for a half day deposition only. Given Mr. Ma's family obligations, the limited scope of the deposition and the fact that he has already been deposed for more than 7 hours, a half day for Mr. Ma should be sufficient.

I hope that I addressed all of your concerns, if not, please feel free to contact me tomorrow.  I should be able to take calls during our break from trial.

Best,

Lee Sheldno


On Mon, Oct 25, 2010 at 1:49 PM, Whitney Huston <WHuston@sturdevantlaw.com> wrote:
Lee,

Thank you for returning my telephone call today to meet and confer regarding several outstanding discovery issues.  Below is my summary of our conversation, please respond at your earliest convenience if the following does not comport with your understanding of what we discussed:

1. **Inspection:**  You confirmed that Defendants will agree to allow their computer storage system/server to be inspected.  Plaintiffs requested that the inspection proceed early next week.  You agreed to promptly speak with Defendants to confirm an acceptable date and time, but said that next week was possible.  Please provide us with dates for the inspection at your earliest convenience, as I explained on the call, Plaintiffs need to resolve these discovery matters promptly as the opposition to the motion to compel arbitration is due soon.
2. **Additional documents:**  You stated that it is Defendants' position that they have provided Plaintiffs with all documents related to arbitration.  I explained that it is our position that there may be additional documents related to the issue of arbitration and that we are entitled to know what other employment-related documents exist, that are signed by our Plaintiffs, in order to conclude whether or not any other documents are relevant to the motion to compel arbitration. You suggested that you would confer with Defendants and provide Plaintiffs with a list of all other documents in Plaintiffs' employment files, signed by the Plaintiffs, to enable us to determine if there are any other relevant documents.  With this

10/29/2010

email, I am confirming our request that you produce such a list by the end of the day Wednesday October 27.  Upon receipt and review of this list, we will continue our efforts to meet and confer regarding any additional responsive documents requested by Plaintiffs.

3. **Electronic Production:**  You confirmed that Defendants' position is that it is impossible to produce documents electronically as Defendants' system is not set up to save or store documents electronically.  I stated that we understand that this is Defendant's position.  As a result, Plaintiffs may need to move to compel on this issue.

4. **Li and Ma deposition dates:**  I stated that we wish to complete the deposition of Jade Li and June Ma promptly, again because the motion to compel arbitration is due soon.  I stated our position that we wish to proceed, and are entitled to, with Jade Li this Thursday October 28th and June Ma for Nov. 2nd.  As a courtesy, I stated that we might consider proceeding with Mr. Ma's deposition on the 4th (as Defendants' had previously represented that he is available on that date) if Ms. Li's deposition is promptly scheduled.  Although we understand that both you and Mr. Wahng are in trial this week, because neither of you defended Ms. Li's deposition, this should not be a barrier to proceeding with her deposition.  You stated that you knew Ms. Li was unavailable this Thursday, but were not certain of her other availability.  Accordingly, you agreed to provide me with dates for both of their availability for this and next week by the end of the day today.


Good luck with your trial today,

Whitney

Whitney Huston, Esq.
The Sturdevant Law Firm
354 Pine Street, 4th Floor
San Francisco, CA  94104
P: 415-477-2410
F: 415-477-2420




--
Lee E. Sheldon
Attorney  at Law
Law Offices of Richard C.J. Wahng
152 Anza Street, Suite 201
Fremont, CA 94539
Tel.. 510-490-4447
Fax 510-490-1102


The information contained in this email is intended for the use of the addressee(s) indicated above and may contain privileged and confidential information. If you are not the intended recipient(s), you are hereby notified that any dissemination, review or use of this message, or documents or information therein is strictly prohibited. If you have received this message in error, please notify us immediately by telephone or return email and delete the original message from your system. Thank you.

Please consider the environment before printing this email.

10/29/2010

# Exhibit N

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---oOo---

GUIFU LI, MENG WANG, FANG DAI,
LIN CUI, and ZHONG YU, on behalf
of themselves and all others
similarly situated,

                    Plaintiffs,

        vs.                          No. CV 10-01189 LHK

A PERFECT DAY FRANCHISE, INC.,
a California corporation, et al.,

                    Defendants.
_____//

DEPOSITION OF JUN MA

(WITH CONFIDENTIAL PORTIONS)

October 12, 2010

Reported by:
Bridget M. Mattos, CSR No. 11410

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 72

1   to "documents."  You're referring to the personnel

2   files?

3           MR. WANG:  Q.  Any files.

4       A.   I guess it's common sense with computers

5   that, when the blue screen appears, then you cannot

6   turn on the computer, so in that case, how could I

7   possibly retrieve the documents?

8       Q.   So, in other words, that you did not manage

9   to get any files out of that old computer that you

10  threw away; right?

11          MR. WAHNG:  Objection; vague and ambiguous as

12  to time.

13          You can answer.

14          THE WITNESS:  Sorry, since it's interrupted,

15  so could you repeat the question one more time.

16          MR. WANG:  Q.  The question was, is your

17  testimony today that, before you throw -- throw away

18  that old laptop, you were not able to get any files

19  out of the hard drive of the old computer?

20          MR. WAHNG:  Same objection.

21          THE WITNESS:  As I said, if the computer was

22  broken, certainly I wasn't able to retrieve any files.

23  Although I also testified that any manager would

24  upload -- would upload the files related to the

25  business, to an on line document management system.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page  73

1   So that's why it didn't really matter.

2           MR. WANG:  Okay.

3      Q.   So, in other words, it's your testimony that

4   it is your practice that you would upload the

5   documents relating to APD that you scanned to the

6   company's server; is that correct?

7           MR. WAHNG:  Objection; misstates the

8   witness's earlier testimony.  When you're talking

9   personnel files, are you referring to ADP

10  documentation, which conceivably could include a lot

11  more than that.

12          But you can answer to the extent you

13  understand the question.

14          THE WITNESS:  Let me put it this way.  In

15  terms of the independent contractor agreements, I

16  would upload them onto the company's software on line.

17          MR. WANG:  Q.  How about the other personnel

18  files that you scanned, along with the independent

19  contractor's agreement, would you upload that to the

20  company's server?

21     A.   Yes.

22     Q.   Okay.  What was your practice, did you upload

23  those documents, the personnel files to the company's

24  server shortly after you scanned them?

25     A.   Normally, yes.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 74

1      Q.    Okay.  So you started doing this since four

2   or five years ago?

3      A.    Yes.

4      Q.    And it's your testimony that it's your

5   practice that you would scan the personnel files,

6   including independent contractor agreement of those

7   massage therapists, within a month of the hiring; is

8   that right?

9           MR. WAHNG:  Objection; misstates the

10  witness's earlier testimony.  He never said a month.

11          Go ahead and answer.

12          THE WITNESS:  What I said was, normally, I

13  would scan and upload, even on the same day, to the

14  company's server.  And then, within a month, I would

15  then discard the paper documents.

16          MR. WANG:  Q.  How long after they were hired

17  you were scanning -- would you scan those personnel

18  files?

19          MR. WAHNG:  Objection; asked and answered.

20          Go ahead and tell him again.

21          THE WITNESS:  I thought I just testified to

22  that, but I'm going to repeat myself one more time

23  that, normally speaking, it would be within a month

24  after the therapists are hired before we destroy these

25  documents.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 75

1          MR. WANG:  Q.  So basically, your testimony

2     is that, within a month of the hiring, you would scan

3     them, and within a month, you would destroy them, you

4     would destroy the original documents; is that correct?

5          MR. WAHNG:  Objection; misstates the

6     witness's testimony.

7          THE WITNESS:  I will repeat again that,

8     normally speaking, on the same day of the hiring, I

9     would scan the documents and, for the most part, on

10    the same day, I would upload the information to the

11    company's server.

12         MR. WANG:  All right.

13         THE WITNESS:  And the originals would be --

14    the original paper documents would be disposed of

15    within a month.

16         MR. WANG:  Q.  You said that you -- after you

17    scanned those personnel files, you would upload to the

18    servers, through a software management -- to a

19    document management software.  How does that work?

20    A.    Okay.  Since I was using my laptop, so then

21    after I scanned the document, then I certainly still

22    contained on my laptop, and I would go on line and

23    select this document management software, then I would

24    click on the desired document to be uploaded onto what

25    you so-called a server, since I'm not a specialist, so

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

1  understand, it's what it means that he doesn't

2  understand.

3          What are you referring to when you're asking

4  the question?

5          MR. WANG:  I'm referring to documents.

6          Translate that.

7          (Interpreter interpreting.)

8          MR. WANG:  Q.  Did you always give the same

9  documents for massage therapists to sign, before they

10 start working?

11         MR. WAHNG:  Same objection.  But you can

12 answer, if you understand.

13         THE WITNESS:  Certainly.  So, yes.

14         MR. WANG:  Q.  So let's -- is your testimony

15 that it is the practice of APD that, before a massage

16 therapist starts working, they will be given, they

17 will be provided a package of documents for them to

18 sign; correct?

19         A.  I have already mentioned that, prior to

20 people starting to work, they would be given

21 documents, like independent contractor agreement, and

22 some company policies to sign.

23    Q.  Okay.  Within that package of documents, did

24 any particular documents change version?

25         MR. WAHNG:  Objection; calls for speculation.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 92

1           You may answer, if you know.  Don't guess.

2           THE WITNESS:  As far as I know, there's no

3      different versions.

4           By the way, what do you mean by "different

5      version"?

6           MR. WANG:  Q.  You don't know what "version"

7      means?

8      A.   I don't know what you mean by a "different

9      version."

10     Q.   You identified one document that is contained

11     in that package as an independent contractor

12     agreement; correct?

13     A.   Yes.

14     Q.   Have you read those independent contractor

15     agreements?

16     A.   Yes, I have.

17     Q.   Over the years, since four to five years ago,

18     did that independent contractor agreement change, in

19     terms of its content?

20     A.   Not that I know.

21     Q.   Okay.  That was since the very day that you

22     became HR manager for APD, correct, it never changed?

23     A.   Correct.

24          MR. WANG:  All right.  Let's go off the

25     record.

Page 94

1    thrown away in about February or March of this year?

2        A.   I don't know if it was my previous laptop,

3    because I don't recall how long did I use that

4    previous one, and prior to that, I have another

5    laptop.

6        Q.   Okay.  Currently, do you have any documents

7    in your possession, other than this document -- the

8    laptop that you currently are using?

9            MR. WAHNG:  The question's totally

10   unintelligible.

11           MR. WANG:  Q.  Other than the laptop that you

12   currently are using, that you said was given by your

13   friend, do you have any other laptop, operating or

14   unoperating, workable or non-workable, do you have any

15   other laptops in your current possession?

16       A.   No.

17       Q.   All right.  So, but you did scan Exhibit 1,

18   the document that sits before you; right?

19       A.   I believe so.

20       Q.   Okay.  And I want to draw your attention to

21   the bottom of that document.  Do you see a black block

22   at the bottom of that document?

23       A.   Yes, I see it.

24       Q.   Okay.  What was it, what was the content

25   behind that black block?

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 95

1     A.   I don't understand your question, what do you

2   mean by what's written before it's redacted?

3     Q.   Is there anything written behind that block,

4   black block?

5     A.   There's nothing written, it's just a

6   document.

7     Q.   How did that black block got on the document?

8     A.   When I received this document, I put an ID

9   mark.

10     Q.   What does the ID mark consist of?

11     A.   It contains the company's name.

12     Q.   Anything else that it contains?

13     A.   ID mark is used to differentiate the document

14   from others, because this is a contract document,

15   that's why we need to differentiate.

16     Q.   Okay.  Who put the black blocks onto that

17   document?  Who redacted that document?

18         MR. WAHNG:  Objection; misstates the

19   witness's testimony.  He's never said anything about a

20   redaction.

21         THE WITNESS:  When I first received this

22   document, four or five years back, it didn't have the

23   ID mark on it.  But since we have a lot of documents,

24   like the front desk or the clients or the massage

25   therapist, as well as the company's policy, so I

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 96

1    decided to put the ID mark on the appropriate ones.

2              MR. WANG:  Q.  So you put the ID marks onto

3    the document, is that your testimony?

4        A.  Yes.  If I remember correctly, I put it on

5    top of the original Word file, if I remember

6    correctly.

7        Q.  Okay.  So it was you who put the ID mark onto

8    the footer area of that Word document; is that

9    correct?

10       A.  Yes.

11       Q.  Okay.  And did you print that independent

12   contractor out with that ID mark, that you put it on?

13       A.  Yes.

14       Q.  And you presented the worker with the

15   documents with the ID mark?

16       A.  Yes.

17       Q.  Okay.  And after you got the signed documents

18   back, you can see a so-called ID mark at the bottom of

19   the document; right?

20       A.  Yes.

21       Q.  That ID mark was still visible when you got

22   that back from the employee who signed it; right?

23       A.  Yes, correct.

24       Q.  Okay.  And who brought that ID mark, was it

25   you?

Page 97

1          MR. WAHNG:  Sorry, your question is

2    unintelligible.  Objection, actually.

3          MR. WANG:  Have him answer the question, if

4    he understands it.

5          THE WITNESS:  I don't quite understand the

6    question.

7          MR. WANG:  Okay.

8      Q.   Now, you just testified that when you

9    originally, when you first got the document signed by

10   the massage therapist, you can still see the ID mark

11   at the bottom of the document.  Is that your

12   testimony?

13     A.   Correct.

14     Q.   All right.  Now, can you see the ID mark now

15   on that document?

16     A.   Yes, this is the ID mark.

17     Q.   What is the ID mark?

18     A.   I just told you.  This whole marking.

19     Q.   This whole black block itself constitutes ID

20   mark that you put it in?

21     A.   Yes.  As well as the company's marking.

22     Q.   So are you saying the document, the ID mark

23   that you put on, is not the words or anything, it's

24   just the whole black block, nothing else?

25          MR. WAHNG:  Objection; misstates the

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 98

1   witness's testimony.  It does include words on the

2   right-hand side, it's quite obvious from the document.

3           You can respond to it.

4           THE WITNESS:  That's correct.  I just said

5   that ID mark means this whole black color block, plus

6   the company's markings next to it.

7           MR. WANG:  All right.

8       Q.  Did you personally put any ID mark on any

9   other documents that you presented to massage

10  therapists to sign?

11      A.  I said earlier that the ID mark is used to

12  differentiate a contract from the other documents, so

13  since this is an agreement between employer and

14  employees, therefore, I put the ID mark on this

15  document.

16      Q.  So, in other words, your testimony is you

17  only put this -- you only add ID marks to this

18  specific document, and you do not put any ID mark onto

19  any other documents that you presented for massage

20  therapists to sign, is that your testimony?

21      A.  Yes.  But I would like to add that ID mark is

22  used for agreements between employer and employees, so

23  that also includes the agreement with the

24  receptionist.  So agreement with them also has ID mark

25  added on.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 99

1      Q.   So it's your testimony that the massage

2   therapists sign the independent contractors with that

3   big block on it, is that your testimony?

4      A.   Yes, with this ID mark, correct.

5      Q.   With the identical ID mark that you are

6   seeing on this document that sits before you, that's

7   Exhibit 1; right?

8      A.   Yes.

9      Q.   Okay.  And the purpose for you to put it on

10   that ID mark comes again, tell me again?

11         MR. WAHNG:  Asked and answered.

12         Go ahead and tell him again.

13         THE WITNESS:  Let me repeat myself again.

14   The ID mark that's used to differentiate the

15   employer/employees agreement, aside from other

16   policies or other company documents, and that's the

17   reason I added the ID mark on this agreement.

18         MR. WANG:  Q.  Why do you want to

19   differentiate it?

20      A.   Well, I have said that our company has a lot

21   of documents, and they include a lot of other

22   documents or forms for clients' signature, and so, for

23   me to distinguish the difference, and I think it's

24   necessary to standardize the agreement from the other

25   documents, and that's the reason.

**DEPOSITION OF JUN MA**
**OCTOBER 12, 2010**

Page 117

1   example, for Guifu Li, and within that folder you will

2   see a number of different documents from his personnel

3   file; right?

4        A.   Yes.

5        Q.   Okay.

6             MR. WAHNG:  Counselor, it's 4:41, how many

7   more?

8             MR. WANG:  Couple more questions, and we'll

9   be done with this line of questioning.

10       Q.   And it is your testimony today that, on that

11   server, you have not seen the folder that containing

12  personnel files for those massage therapists that were

13  hired before you got appointed as HR manager four or

14  five years ago?

15       A.   I said before, for what I've seen in the

16  folders or system, I have not seen any information

17  pertaining to beyond the four or five years when I was

18  the manager.

19             MR. WANG:  Okay I'm going to ask two

20  questions about this document, Exhibit 2.

21             (Deposition Exhibit 2 marked

22              for identification.)

23             MR. WANG:  Q.  Have you seen this document

24  before?

25       A.   No, I have not.

DEPOSITION OF JUN MA
OCTOBER 12, 2010

Page 118

1       Q.   Were you aware that any massage therapist has

2   signed this version of the independent contractor

3   agreement?

4       A.   Let me repeat myself again.  I just said that

5   I have not seen this document before, so within the

6   four or five years that I've been a -- or when I was

7   an HR manager.  And I have testified before to your

8   previous question that there might have been another

9   version of the independent contractor agreement, prior

10  to the four or five years of my time, but I'm not sure

11  that this is the particular version.

12      Q.   Have you seen the other version of the

13  independent contractor agreement, that you just

14  referred to, and that may not be the same one as

15  Exhibit 2 sitting before you?

16           MR. WAHNG:  Objection; vague.  Vague and

17  ambiguous and unintelligible.

18           You can try to answer.

19           THE WITNESS:  I said before, I have not seen

20  a different version, nor did I know what that

21  different version was.  But I said that there might

22  have been a different version.

23           MR. WANG:  Q.  But you just said, if I hear

24  you correctly, you just said that someone told you

25  that there may be another different version of the

Bridget Mattos & Associates
(415) 710-2501

DEPOSITION OF JUN MA
OCTOBER 12, 2010

Page 119

1   independent contractor agreement that's different from

2   the one that is for Guifu Li that you haven't

3   produced.

4       A.   I have not said what you just indicated, but

5   I did say that, prior to my being the HR manager, our

6   company might have another version of the independent

7   contractor agreement, which I do not know whether it's

8   the same or different than Exhibit 2, because I've not

9   seen it before.

10      Q.   Who told you that there might have been a

11  different -- might have been some independent

12  contractor agreement signed by massage therapists,

13  before you were appointed as HR manager?

14      A.   I don't remember.

15          MR. WANG:  Okay.

16          MR. WAHNG:  Off the record?

17          MR. WANG:  Yeah, we're off the record.

18          (Deposition adjourned at 4:47 p.m.)

19

20

21

22

23

24

25

# Exhibit O



## INDEPENDENT CONTRACTOR AGREEMENT

1. This Agreement ("Agreement") is entered into by A Perfect Day ("Employer"), whose principal place of business is located at 39039 Paseo Padre Parkway, Fremont, California, and _Gui Li_ ("Independent Contractor").

2. Employer desires to have Independent Contractor perform services outlined in paragraph 6 below.

3. Independent Contractor represents that he or she is engaged in an independent calling and has complied with all local, state, and federal laws regarding business permits and licenses that may be required to carry out the independent calling and to perform the services to be performed under this Agreement.

4. Independent Contractor represents that he or she is engaged in the same or similar activities for others and that Employer is not Independent Contractor's sole client or customer.

5. In consideration of these recitals and the promises set forth in this Agreement, Employer and Independent Contractor agree to the following.

### SERVICE TO BE RENDERED

6. Employer retains Independent Contractor to perform the following services for Employer: Massage therapy.

7. Independent Contractor retains the sole right to control or direct the manner in which the services described in paragraph 6 are to be performed.

8. Independent Contractor may or may not, as Independent Contractor so chooses, retain Independent Contractors or assistants to assist the Independent Contractor.

9. Employer is not responsible for the compensation or instruction of Independent Contractor's employees or assistants and these employees or assistants remain the sole responsibility of Independent Contractor.

### COMPENSATION

10. Employer shall pay Independent Contractor $8 per hour for services performed outlined in paragraph 6 above.

11. Employer shall pay Independent Contractor within 10 days after Independent Contractor's submission of time spent.

### TAXES AND INSURANCE

12. Independent Contractor agrees that it is Independent Contractor's exclusive responsibility to provide all employment taxes, insurance premiums, and local, state,

**A Perfect Day SPA**

and federal taxes related to this Agreement. Neither FICA (Social Security), FUTA (Federal Employment), nor local, state, or federal income taxes will be withheld from payments to Independent Contractor.

## ARBITRATION

13.    a. All claims, disputes, controversies, or disagreements of any kind whatsoever ("claims"), including any claim arising out of or in connection with Independent Contractor's employment or the termination of Independent Contractor's employment, that may arise between Independent Contractor and the Employer, including any claims that may arise between Independent Contractor and the Employer's officers, directors, employees, or agents in their capacity as such, shall be submitted to final and binding arbitration.

b. Claims covered by this arbitration provision include the following: (1) alleged misclassifications of independent contractor's employment status; (1) alleged violations of federal, state, or local constitutions, statutes, regulations, or ordinances, including, but not limited to wage and hour laws under the California Labor Code and the Fair Labor Standards Act and antidiscrimination laws; (2) allegations of a breach of a contractual obligation; (3) alleged violations of public policy; and (4) all class actions and representative actions related to or arising from any of the foregoing covered claims.

c. The following are expressly excluded from this arbitration provision and are not covered by this Agreement: (1) claims related to workers' compensation or unemployment insurance, including entitlement thereto; (2) administrative claims filed with government agencies such as the Equal Employment Opportunity Commission (EEOC), Department of Fair Employment and Housing (DFEH), or the National Labor Relations Board (NLRB); and (3) claims that are expressly excluded by statute.

d. In consideration for and as a material condition of Independent Contractor's employment with the Employer, Independent Contractor agrees that final and binding arbitration is the exclusive means for resolving the claims outlined in this Agreement. This Agreement is a waiver of all rights Independent Contractor may have to a civil court action on any dispute outlined by this Agreement. Accordingly, only arbitrator(s), not a judge or jury, will decide the dispute, although the arbitrator(s) shall have the authority to award any type of relief that could otherwise be awarded by a judge or jury.

e. The arbitration process shall: (1) Afford the parties with an adequate opportunity to conduct discovery; (2) Place no limit on damages normally available to Independent Contractor under the applicable law; (3) The arbitrator(s) shall issue a written arbitration decision that will include the essential findings and conclusions on which the award is based.

f. The parties shall be entitled to a limited judicial review of the arbitration

**A Perfect Day SPA**

decision sufficient to ensure the arbitrator(s) complied with the requirements of applicable law. Independent Contractor is not required to bear any type of expense that the Independent Contractor would not be required to bear if he or she were to bring the action in court; Employer will pay for all types of costs that are unique to arbitration.

        g. Opting out of Arbitration. The Independent Contractor may, if he or she desires, opt out of arbitration. To opt out, the Independent Contractor must provide written notice to Employer within 30 days of the date of execution of this Agreement. If Independent Contractor does not opt out within the time specified, the Independent Contractor will be required to arbitrate all claims covered under this paragraph. Opting out of arbitration will not result in the termination of employment, nor will opting out otherwise affect the terms and conditions of employment. Independent Contractor has been advised to consult with an attorney in determining whether he or she should opt out of arbitration.

## CONSTRUCTION, GOVERNING LAW AND JOINT DRAFTING

     14. The captions used in connection with this Agreement are for reference purposes only and shall not be construed as part of this Agreement. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

     Employer and Independent Contractor agree that this Agreement was jointly drafted, and that both had opportunity to negotiate its terms and to obtain the assistance of counsel in reviewing its terms prior to execution. Therefore, this Agreement shall be construed neither against nor in favor of either party, but shall be construed in a neutral manner.

## CONFIDENTIAL INFORMATION

     15. Any written, printed, graphic, or electronically or magnetically recorded information furnished by Employer for Independent Contractor's use are the sole property of Employer. This proprietary information includes, but is not limited to, customer requirements, customer lists, marketing information, and information concerning the Employer's employees, products, services, prices, operations, and subsidiaries.

     Independent Contractor will keep this confidential information in the strictest confidence, and will not disclose it by any means to any person except with Employer's approval, and only to the extent necessary to perform the services under this agreement. This prohibition also applies to Independent Contractor's employees, agents, and subcontractors. On termination of this agreement, Independent Contractor will return any confidential information in his or her possession to Employer.

**A Perfect Day SPA**

## SEVERABILITY

16. Should any portion of this Agreement be found to be invalid or unlawful, the remainder of the Agreement shall continue to be enforceable.

## INTEGRATION

17. The parties' entire understanding is set forth in this Agreement. Any prior or contemporaneous promises or understandings are superseded by the terms of this Agreement. This Agreement may only be amended or altered by another written agreement executed by both parties.

## TERMINATION OF AGREEMENT

18. Either party may terminate the parties' relationship at any time for any reason.

## WAIVER

19. No delay or omission by the Employer in exercising any right under this Agreement shall operate as a waiver of that or any other right. No waiver of any provision of this Agreement, or consent to any departure by Employer from any provision, shall be effective in any event unless it is in writing, designated a waiver, and signed by the Employer. Such a waiver shall be effective only in the specific instance and for the purpose for which it is given.

A Perfect Day, Inc.

Dated: _08-10-07_

By: _____

_____ [Title]

_Gui Fu Li_
[Printed Name of Independent Contractor]

_____
[Signature of Independent Contractor]

**A Perfect Day SPA**

Exhibit P

  

# INDEPENDENT CONTRACTOR AGREEMENT

## RECITALS

1. This Agreement ("Agreement") is entered into by A Perfect Day, Inc. ("Employer"), whose principal place of business is located at 979 Broadway #202, Millbrae, California, and _____ ("Independent Contractor").

2. Employer desires to have Independent Contractor perform services outlined in paragraph 6 below.

3. Independent Contractor represents that he is engaged in an independent calling and has complied with all local, state, and federal laws regarding business permits and licenses that may be required to carry out the independent calling and to perform the services to be performed under this Agreement.

4. Independent Contractor represents that he is engaged in the same or similar activities for others and that Employer is not Independent Contractor's sole client or customer.

5. In consideration of these recitals and the promises set forth in this Agreement, Employer and Independent Contractor agree to the following.

## SERVICE TO BE RENDERED

6. Employer retains Independent Contractor to perform the following services for Employer:

_____

_____

_____

_____

_____

_____

Initial _____

7. Independent Contractor retains the sole right to control or direct the manner in which the services described in paragraph 6 are to be performed.

8. Independent Contractor will supply all equipment, tools, materials, and supplies necessary to perform the services under this Agreement.

9. Employer will not reimburse Independent Contractor for any expenses incurred by Independent Contractor as a result of services rendered under this Agreement, including, but not limited to, car related expenses and telephone expenses.

10. Independent Contractor may or may not, as Independent Contractor so chooses, retain employees or assistants to assist the Independent Contractor. Employer is not responsible for the compensation or instruction of Independent Contractor's employees or assistants and these employees or assistants remain the sole responsibility of Independent Contractor.

Initial_____                    Page 1 of 3

APD-176 Desc: 合同工试用期合同

## COMPENSATION

11. Employer shall pay Independent Contractor $_____ per hour.

12. Employer shall pay Independent Contractor within 25 days after Independent contractor's submission of time spent.

## TAXES AND INSURANCE

13. Independent Contractor agrees that it is Independent Contractor's exclusive responsibility to provide all employment taxes, insurance premiums, and local, state, and federal taxes related to this Agreement. Neither FICA (Social Security), FUTA (Federal Employment), nor local, state, or federal income taxes will be withheld from payments to Independent Contractor.

## DISPUTES

14. Any dispute between Employer and Independent Contractor arising under this Agreement will be submitted to binding arbitration in accordance with the rules of the American Arbitration Association in the jurisdiction in which this Agreement is executed. Each party will be responsible for any fees and costs, including, but not limited to, attorney fees resulting from the arbitration.

## CONSTRUCTION AND GOVERNING LAW

15. The captions used in connection with this Agreement are for reference purposes only and shall not be construed as part of this Agreement. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

## SEVERABILITY

16. Should any portion of this Agreement be found to be invalid or unlawful, the remainder of the Agreement shall continue to be enforceable.

## INTEGRATION

17. The parties' entire understanding is set forth in this Agreement. Any prior or contemporaneous promises or understandings are superseded by the terms of this

Initial _____                     Page 2 of 3
APD-176 Desc: 合同工试用期合同

Agreement. This Agreement may only be amended or altered by another written agreement executed by both parties.

## TERMINATION OF AGREEMENT

18. Either party may terminate the parties' relationship at any time for any reason.

## WAIVER

19. No delay or omission by the Employer in exercising any right under this Agreement shall operate as a waiver of that or any other right. No waiver of any provision of this Agreement, or consent to any departure by Employer from any provision, shall be effective in any event unless it is in writing, designated a waiver, and signed by the Employer. Such a waiver shall be effective only in the specific instance and for the purpose for which it is given.

A Perfect Day, Inc.

Dated: _____          _____
                                        *[Printed Name of Independent Contractor]*

By:_____              _____
                                        *[Signature of Independent Contractor]*
_____ *[Title]*

Initial_____                Page 3 of 3
APD-176 Desc: 合同工试用期合同