**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>   v.<br><br>A PERFECT DAY FRANCHISE, INC., a California Corporation, et al.,<br><br>              Defendants. | Case No.: 10-CV-01189-LHK<br><br>ORDER DECLINING TO IMPOSE SANCTIONS |

The Court previously issued an Order to Show Cause why attorneys for Defendants should not be sanctioned for submitting false documents to the Court. *See* Dkt. No. 85. On October 22, 2010, the Court held an evidentiary hearing on this issue. The Court heard testimony from two managers for Defendant, Mr. Jun Ma and Ms. Chuanyu "Jade" Li, and heard argument by attorneys for both Plaintiffs and Defendants.

Before the hearing, Plaintiffs submitted video footage of Mr. Ma, which he confirmed at the hearing showed him at the Millbrae Fair on Saturday, September 4, 2010. *See* Dkt. No. 101. The video shows Mr. Ma directing the activities of Perfect Day Spa workers, working directly outside the Perfect Day Spa Millbrae facility. Moreover, in response to the Court's questions, Mr. Ma

readily admitted at the hearing that he attended a party at Perfect Day Spa on September 4, 2010. In light of these facts, Mr. Ma's contention that it was "impossible" for him to comply with the Court's Order of September 2, 2010 requiring production of documents because he was on vacation is curious at best.  Moreover, Defense Counsel should have been able to discover this apparent inconsistency in Mr. Ma's statements based on a limited number of questions to Mr. Ma. That this contention has been repeated in numerous filings by Mr. Ma and by attorneys for Perfect Day concerns the Court.  *See* Wahng Decl., Dkt. No. 74; Ma Decl., Dkt. No. 82; Mem. re Order to Show Cause, Dkt. No. 91.

Defendants are reminded that both parties and attorneys may be sanctioned for failure to sufficiently investigate the evidentiary basis of their filings with the Court, under Rule 11.  Rule 11 is not satisfied by blind reliance on client representations.  *Sec*. *Farms v*. *Int'l*. *Bhd. of Teamsters*, 124 F.3d 999, 1016 (9th Cir. 1997).  Defense Counsel's claims that they are under no obligation to clarify misrepresentations made to the Court, and their attempt to blame the Court for their own failure to do so, are disappointing at best.   However, because sanctions carry such serious consequences, the Court declines to impose them at this time.  *United States v*. *Isgro*, No. 90-505311992, U.S. App. LEXIS 30916 at *26 (9th Cir. Nov. 25, 1992).  Nevertheless, counsel for Defendants are advised that sanctions will be evaluated based on the full record in this case.  *See Sec*. *Farms*, 124 F.3d at 1016-17.

Furthermore, all parties are hereby on notice of their evidence preservation obligations. Perfect Day's practice of shredding all documents, including opt out forms prepared specifically for litigation with original worker signatures, must cease immediately if it was not previously discontinued.

**IT IS SO ORDERED.**

Dated:  November 4, 2010

_____
LUCY H. KOH
United States District Judge