ADAM WANG, (SBN 201233)
(adamqwang@gmail.com)
LAW OFFICES OF ADAM WANG
12 S. First Street, Suite 708
San Jose, CA  95113
Telephone:  (408) 292-1040
Facsimile:  (408) 416-0248

WHITNEY HUSTON (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, California  94104
Telephone:  (415) 477-2410
Facsimile:  (415) 477-2420

Attorneys for Plaintiffs and the Putative Class

(ADDITIONAL COUNSEL ON LAST PAGE)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG YANG, FANG DAI, LIN CUI, and ZHONG YU on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>A PERFECT DAY FRANCHISE, INC., a California corporation; A PERFECT DAY INC., a California corporation; MINJIAN HAND HEALING INSTITUTE, INC., a California corporation; TOM SCHRINER, an individual; TAILIANG LI, an individual; JIN QIU, an individual; HUAN ZOU, an individual; CHUANYU LI, an individual; JUN MA, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  CV 10-01189 LHK (PSG)<br><br>**CLASS ACTION**<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>(1)  Failure To Pay Overtime Wages (Cal. Labor Code §§ 510, 1194, 1198; Wage Order No. 2-2001);<br>(2)  Failure To Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*);<br>(3)  Failure To Pay Minimum Wage (Cal. Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197; Wage Order No. 2-2001);<br>(4)  Failure To Provide Meal Periods (Cal. Labor Code § 226.7; Wage Order No. 2-2001);<br>(5)  Failure To Furnish And Keep Accurate Wage Statements And Payroll (Cal. Labor Code §§ 226 & 1174; Wage Order No. 2-2001);<br>(6)  Failure To Reimburse Business Expenses (Cal. Labor Code § 2802);<br>(7)  Waiting Time Penalties (Cal. Labor Code §§ 201, 202 & 203);<br>(8)  Conversion of Gratuities (Cal. Labor Code § 351);<br>(9)  Violations of the UCL (Cal. Bus. & Prof. Code § 17200 *et seq.*);<br>(10) Penalties under PAGA (Cal. Labor Code § 2699 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF CLAIM

1.     Plaintiffs Guifu Li, Meng Yang, Fang Dai, Lin Cui and Zhong Yu (hereinafter collectively referred to as "Plaintiffs") bring this action on behalf of themselves and a proposed class of similarly situated individuals against Defendants A Perfect Day Franchise, Inc. and A Perfect Day Inc., both doing business as A Perfect Day Spa (hereinafter collectively referred to as "Perfect Day Spa"), Minjian Hand Healing Institute, Inc., Tom Schriner, Tailiang Li, Jin Qiu, Huan Zou, Chuanyu Li, and Jun Ma (all defendants hereinafter collectively referred to as "Defendants") for their unlawful employment scheme that denies Plaintiffs and others like them the wages and benefits to which they are lawfully entitled.

2.     Plaintiffs and proposed class members are massage therapists and other workers who work or have worked at Defendants' various spa locations.  Plaintiffs were induced by Defendants by promises of high guaranteed income to become massage therapists for Perfect Day Spa. Defendants hired Plaintiffs, charged them thousands of dollars for "training," and unlawfully treated them as independent contractors while, in fact, retaining control over their work in order to deny them wages and benefits to which they are lawfully entitled under federal and state law.

3.     Through this action, Plaintiffs charge Defendants with violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and violations of multiple provisions of the California Labor Code and the California Industrial Welfare Commission Wage Orders (hereinafter "Wage Orders").  Plaintiffs seek, on behalf of themselves and the proposed class, declaratory and injunctive relief, restitution, compensatory damages, liquidated damages, penalties, attorney's fees and costs, and prejudgment interest.

## PARTIES

4.     Plaintiff Guifu Li is an individual resident of Milpitas, California who has performed work as a massage therapist for Defendants at Perfect Day Spa's Fremont location.

5.     Plaintiff Meng Yang is an individual resident of San Jose, California who has performed work as a massage therapist for Defendants at Perfect Day Spa's Santa Clara location.

6.     Plaintiff Fang Dai is an individual resident of San Francisco, California who has performed work as a massage therapist for Defendants at Perfect Day Spa's Millbrae location.

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

7.       Plaintiff Lin Cui is an individual resident of Foster City, California who has performed work as a massage therapist for Defendants at Perfect Day Spa's Fremont location.

8.       Plaintiff Zhong Yu is an individual resident of San Mateo, California who has performed work as a massage therapist for Defendants at Perfect Day Spa's Fremont location.

9.       Defendant A Perfect Day Franchise, Inc. is a corporation registered in the state of California with its principal place of business in Fremont, California.  A Perfect Day Franchise, Inc. operates a spa and massage services business with locations in Fremont, Santa Clara, and Millbrae.

10.      Defendant A Perfect Day, Inc. is a corporation registered in the state of California with its principal place of business in Fremont, California.  A Perfect Day, Inc. operates a spa and massage services business with locations in Fremont, Santa Clara, and Millbrae.  Upon information and belief, A Perfect Day, Inc. is currently listed with the California Department of Corporations as a dissolved corporation as of September 28, 2009.  However, Plaintiffs and similarly situated individuals have received documentation from A Perfect Day, Inc. since the time stated as the date of dissolution.  (Hereinafter, Defendants A Perfect Day Franchise, Inc. and A Perfect Day, Inc. will be collectively referred to as "Perfect Day Spa.")

11.      Defendant Minjian Hand Healing Institute, Inc. ("Minjian Institute") is a corporation registered in the state of California with its principal place of business in Fremont, California. Minjian Institute provides training to massage therapists who work for Perfect Day Spa.

12.      Defendant Tom Schriner ("Schriner") is an individual resident of California and the Principal of Perfect Day Spa, owned and operated by A Perfect Day Franchise, Inc. and A Perfect Day, Inc.  As the Principal of Perfect Day Spa, Schriner has final say on any and all of Perfect Day Spa's policies and practices.  Schriner is responsible for setting corporate policy and has operational control of Perfect Day Spa's payroll and business practices, including but not limited to directing Perfect Day Spa to treat massage therapists as independent contractors rather than employees which has resulted in the unlawful failure to pay minimum wage, overtime wages, and benefits to Plaintiffs and the proposed class.  Schriner knew or should have known of these unlawful employment practices.

13.      Defendant Tailiang Li is an individual resident of California and the Principal of

2
SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

Minjian Institute.  As the Principal of Minjian Institute, Tailiang Li has final say on any and all of Minjian Institute's policies and practices.  Tailiang Li is responsible for setting corporate policy and has operational control of Minjian Institute's payroll and business practices, including but not limited to working with Perfect Day Spa as a joint employer of Plaintiffs and proposed class members and failing to pay Plaintiffs and proposed class members the wages and benefits to which they are entitled under federal and California law.  Tailiang Li knew or should have known of these unlawful employment practices.

14.     Defendant Jin Qiu (aka "Jin Qui") is an individual resident of California and the spouse of Tailiang Li.  Upon information and belief, Jin Qiu is involved in the operation and management of Minjian Institute and has directly benefitted from the unlawful employment practices herein alleged.

15.     Defendant Huan Zou is an individual resident of California and a manager of Perfect Day Spa.  Upon information and belief, Huan Zou is the nephew of Tailiang Li.  Upon information and belief, Huan Zou has operational control of Perfect Day Spa's payroll and labor practices, including but not limited to directing Perfect Day Spa to treat massage therapists and other workers as independent contractors rather than employees which has resulted in the unlawful failure to pay minimum wage, overtime wages and benefits to Plaintiffs and the proposed class.  Huan Zou knew or should have known of these unlawful employment practices.

16.     Defendant Chuanyu Li (aka "Jade Li") is an individual resident of California and a manager of Perfect Day Spa.  Upon information and belief, Chuanyu Li is a relative of Tailiang Li.  Upon information and belief, Chuanyu Li has control over the work condition and work situation of Class Members and knew or should have known of Perfect Day Spa's unlawful employment practices.

17.     Defendant Jun Ma is an individual resident of California and a manager of Perfect Day Spa.  Upon information and belief, Jun Ma has control over the work condition and work situation of Class Members and knew or should have known of Perfect Day Spa's unlawful employment practices.

18.     Does 1 through 10, inclusive, are persons or entities whose true names and identities

are now unknown to Plaintiffs, and who therefore are sued by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities once ascertained.  Plaintiffs are informed and believe that each of the fictitiously-named Doe defendants, including any such defendants that may be the agents, representatives, or parents or subsidiary corporations of the named Defendants, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiffs and the proposed class were proximately caused by them in addition to Defendants.

19.    Individual Defendants Tom Schriner, Tailiang Li, Jin Qiu, Huan Zou and Does 1 through 10 are, upon information and belief, owners, managers and/or directors of Perfect Day Spa and/or Minjian Institute, and have such unity of interest with Perfect Day Spa and/or Minjian Institute that they have in fact dominated and controlled Perfect Day Spa and/or Minjian Institute. These individuals have, among other things:

a.    Commingled funds and other assets of Minjian Institute and Perfect Day Spa with their funds and assets for their own convenience and to assist in evading the payment of obligations;

b.    Diverted funds and other assets of Minjian Institute and Perfect Day Spa to other than corporate uses;

c.    Treated the assets of Minjian Institute and Perfect Day Spa as their own;

d.    Failed to obtain authority to issue shares or to subscribe to issue shares of Minjian Institute and Perfect Day Spa;

e.    Failed to maintain minutes or adequate corporate records of Minjian Institute and Perfect Day Spa;

f.    Failed to adequately capitalize or provide any assets to Minjian Institute and Perfect Day Spa; and

g.    Diverted assets from Minjian Institute and Perfect Day Spa to themselves to the detriment of creditors, including Plaintiffs and Class members.

20.    As a result of this conduct, Defendants Tom Schriner, Tailiang Li, Jin Qiu, and Huan Zou are directly liable to Plaintiffs and members of the class for the conduct of Minjian Institute and

4

Perfect Day Spa complained of herein as their alter egos.  Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled Minjian Institute and Perfect Day Spa and have profited from the deprivation of the rights of Plaintiffs and members of the class.

21.    Plaintiffs are informed and believe and thereon allege that each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

22.    At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

23.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as Plaintiffs' charges are based, in part, on the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, as well as the pendant jurisdiction of this Court under 28 U.S.C. § 1367.

24.    This District is the proper venue for this action as a substantial part, if not all, of the events giving rise to this action has occurred in this District.

## ADMINISTRATIVE REMEDIES

25.    Pursuant to California Labor Code § 2699.3 and other provisions of California law, Plaintiffs have exhausted all administrative remedies and satisfied all private, administrative, and judicial prerequisites to the institution of this action.  Specifically, on February 28, 2011 Plaintiffs sent written notice by certified mail to the California Labor and Workforce Development Agency (LWDA) and the employer including specific provisions of the Labor Code that have been violated and facts and theories to support such violations.  To-date, more than 33 calendar days after the postmark date of Plaintiffs written notice, Plaintiffs have not received a response from the LWDA.

26.    Pursuant to California Labor Code § 2699.3 and other provisions of California law, Plaintiffs are not required to satisfy any other private, administrative or judicial prerequisites to the institution of this action and therefore have exhausted all appropriate administrative remedies.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

27.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.  The proposed class (hereinafter the "Class") that Plaintiffs seek to represent is defined as follows:

> All persons who have been treated by Defendants as independent contractors and who have performed massage and/or body or skin beautification services at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment.

28.     This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

29.     Plaintiffs also bring this action on behalf of the same defined Class pursuant to 29 U.S.C. § 216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

30.     The Class is comprised of hundreds of persons and is so numerous that joinder of all members is impracticable.  The exact size of the Class and the identity of the members of the Class are ascertainable from payroll and business records maintained by Defendants.  The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

31.     Plaintiffs' claims are typical of the claims of members of the Class as all Class members are similarly affected by Defendants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein.  The claims arise from the same course of conduct by Defendants, and the relief sought is common.

32.     Plaintiffs will fairly and adequately protect the interests of the members of the Class because:  (a) their interests do not conflict with the interests of the individual members of the Class they seek to represent; (b) they have retained counsel competent and experienced in wage and hour and class action litigation; and (c) they intend to prosecute this action vigorously.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) whether Defendants have a policy or practice of misclassifying members of the Class as independent contractors rather than employees in order to avoid compliance with various provisions of federal and state labor laws;

(b) whether Defendants have properly paid all Class members minimum wage for all of their hours worked as required by California law;

(c) whether Defendants have properly paid all Class members for the hours that were worked in excess of 8 hours a day or 40 hours a week as required by California law;

(d) whether Defendants have properly paid all Class members whose employment was terminated during the last three years the overtime wages that were ascertainable at the time of termination of their employment as required by federal law; and

(e) whether Defendants' business practices are unlawful, fraudulent, and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class members is impracticable. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has suffered injury and is entitled to recover by reason of Defendants' unlawful conduct. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The prosecution of separate actions against Defendants by individual Class members would create a risk of inconsistent judgments. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## GENERAL ALLEGATIONS

35. Defendants have employed hundreds of individuals as massage therapists at the

7

1    various Perfect Day Spa locations throughout the San Francisco Bay Area.

2        36.    Plaintiffs and the vast majority of Class members have limited or no fluency in

3    English and/or limited formal education.  Any materials Defendants obligate Plaintiffs and Class

4    members to sign are in English.  No written translation in Chinese or any other language is provided.

5        37.    Defendants induce individuals to become massage therapists at Perfect Day Spa by

6    advertising, primarily through Chinese language print media, that individuals will make a guaranteed

7    level of income if they pay for "tuition" to attend the Minjian Institute, become trained as massage

8    therapists, and then work at one or more of the Perfect Day Spa businesses.

9        38.    Defendants' advertisements contain untrue and/or misleading statements and omit

10   material information about employment with Defendants.  Specifically, the advertisement induced

11   individuals to pay for "tuition" to attend Minjian Institute and explicitly guaranteed that these

12   individuals would (i) receive a valid certificate certifying 500 hours of training for the purpose of

13   applying for the a license/permit to perform massage services; (ii) pass an exam to obtain a license

14   issued by the U.S. government; (iii) have a "long term and stable income" of no less than $4,000,

15   and up to $5,000 and $6,000 per month; and (iv) have guaranteed employment with Defendants.

16   The advertisements also promised that Defendants would teach their employees to "practice Tai-Chi,

17   meditation to change their irritable mood and temperament" and to "listen to music and learn

18   melodies to wake up the dormant artists in them."

19       39.    Defendants make these material misrepresentations and/or omissions knowingly and

20   intentionally to induce individuals to pay for "tuition" at Minjian Institute and to become massage

21   therapists at Perfect Day Spa.  The result is that the individuals are forced to pay for on-the-job

22   training and are denied wages and benefits which they are owed while Defendants reap a significant

23   profit.  Additionally, Defendants are aware of the falsity of its misrepresentations and/or omissions

24   because they have received a significant number of complaints from individuals that identify

25   Defendants' misrepresentations and omissions, yet Defendants continue to make the same

26   misrepresentations and omissions.  Plaintiffs have reasonably relied to their detriment on

27   Defendants' misrepresentations, which were objectively material to the reasonable individual.

28       40.    After paying the "tuition," rather than have these promises delivered, Plaintiffs and

8

Class members only received a "certificate of training" that is not valid for the purpose of obtaining the license or permit to work as message therapists with employers other than Defendants.  In addition, Plaintiffs' monthly income from Perfect Day Spa was often far less than the guaranteed level of $4,000, and their employment with Defendants was by no means "stable" or guaranteed. Instead, Plaintiffs and Class members were and continue to be repeatedly threatened with termination if they refused to submit to the unlawful labor practices.  Many massage therapists were employed for only a short period of time after completion of their training before being terminated. Contrary to the fraudulently depicted soothing and inner peace inducing environment, Plaintiffs and Class members were and continue to be regularly subjected to name calling, insults, and unlawful labor practices.

41.     Plaintiffs and proposed class members pay an initial "deposit" for tuition to Minjian Institute typically of approximately $1,300.  Plaintiffs and proposed class members are then forced to pay the remainder of their "tuition" in installments not less than 33% of their wages earned in each pay period while working as massage therapists for Perfect Day Spa.  Plaintiffs are ordered to pay these amounts by personal check, and are often told to leave the check recipient's name blank. Plaintiffs do not receive their owed wages from Perfect Day Spa until and unless they make these "tuition" payments.  The remainder of their "tuition" is deducted from their wages once they begin to work as massage therapists at a Perfect Day Spa location.  Defendants fill in the check recipient's name, which varies and which has included Tailiang Li and Jin Qiu.

42.     Defendants misclassify Plaintiffs and Class members as independent contractors when, they are, in fact, employees who perform services that are controlled by Defendants.  Through this misclassification scheme, Defendants have reaped thousands if not millions of dollars in annual labor cost savings while surrendering none of their power over Plaintiffs' and Class members' wages, hours, and working conditions.

43.     All of the Defendants work in concert with each other to effect this scheme.  On information and belief, Defendants A Perfect Day Franchise, Inc., A Perfect Day, Inc., and Minjian Institute and the individual Defendants named in this action conspire together to violate the rights of Plaintiffs and the Class.  In particular, Defendant Minjian Institute is a joint employer of Plaintiffs

9

1   and members of the Class because Defendants Minjian Institute, A Perfect Day, Inc. and A Perfect

2   Day Inc Franchise, Inc. jointly arrange the work conditions and situations under which Plaintiffs and

3   Class members worked and Plaintiffs and Class members were and continue to be subject to the joint

4   control of these Defendants.

5   44.   Plaintiffs and Class members perform services within Defendants' usual course of

6   business, which is to provide massage services to Perfect Day Spa clientele.  Plaintiffs and Class

7   members do not work in an independently established trade, occupation, profession, or business.

8   Instead, Plaintiffs and Class members are required to perform massage services exclusively for those

9   of Perfect Day Spa's clients that Defendants assign to them.

10   45.   Defendants exercise control over Plaintiffs and Class members by instructing them in

11   how to do their work, regulating their hours, determining and controlling the terms, conditions, and

12   amounts paid for Plaintiffs' and Class members' services, disciplining and regulating Plaintiffs' and

13   Class members' behavior and conduct at the work place in all aspects, and dictating the performance

14   of the details of their jobs.

15   46.   Defendants set the price, schedule, and terms of the massage services with each

16   client, and then assign that work to Plaintiffs and Class members.

17   47.   Defendants hold and continue to hold Plaintiffs and Class members out as Perfect

18   Day Spa "personnel" in selling massage services to Perfect Day Spa clientele in order to represent

19   that Perfect Day Spa can provide a steady, trained, and well-supervised staff of massage therapists to

20   its clients.

21   48.   Because of their misclassification by Defendants as independent contractors,

22   Plaintiffs and Class members have not received the rights and benefits, including minimum wage,

23   overtime, timely payment of wages, reimbursement of expenses, and itemized wage statements that

24   inure from the employment relationship under law.  For example, Plaintiffs and Class members do

25   not receive pay for time they spend attending on-the-job training at Minjian Institute; in fact, they

26   are forced to pay approximately $3,000 to $4,000 for such training.  Plaintiffs and Class members

27   also do not receive pay for any time they are required to be at Perfect Day Spa but are not

28   performing massage services.  Plaintiffs and Class members also do not receive unemployment

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

insurance when they lose their jobs, and they have no workers' compensation insurance coverage when they are injured on the job.

49.     Defendants' underpayment of regular and overtime premium wages to Plaintiffs and members of the Class results from certain unlawful compensation practices that Defendants centrally devised, implemented, communicated, and applied to Plaintiffs and all other similarly situated employees.

50.     Through common practices, policies, and/or schemes, Defendants have systematically underpaid Plaintiffs and members of the Class by, among other things: failing to pay all wages when due; miscalculating and/or failing to keep track of all hours worked by and applicable rates of pay for Plaintiffs and members of the Class; making improper deductions from wages; and failing to reimburse employees for out-of-pocket expenses directly related to their employment with Defendants, including material costs, and other expenses incurred in the course of performing their work.

51.     Defendants make numerous and excessive deductions from Plaintiffs' and Class members' pay, which constitute improper deductions from wages.  For example, Defendants deduct amounts for massage lotions, tissues, advertising flyers, uniforms, "tuition," and fees assessed by credit card companies used by Perfect Day Spa clientele.  Defendants also impermissibly deduct from Plaintiffs' and Class members' wages the various and often uncategorized discounts that Perfect Day Spa gives to customers.  In these ways, Defendants unlawfully reduce Plaintiffs' and Class members' pay.

52.     By effecting the above alleged unlawful deductions, Defendants have violated California Labor Code § 221 which provides that:  "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." This statute and other provisions of the California Labor and Civil Codes impose strict limitations on an employer's right to withhold or deduct unauthorized amounts from employees' wages.

53.     By requiring Plaintiffs and Class members to purchase on-the-job training from Defendant Minjian Institute and Defendants Tailiang Li, Jin Qiu, and Huan Zou and forcing Plaintiffs and Class members to purchase such materials as uniforms, lotion, tissues, and advertising

flyers, as a condition of receiving work from or maintaining their employment with Defendants, Defendants have violated California Labor Code § 450 which imposes strict limitations on an employer's ability to offset the costs of business by imposing financial obligations on employees. California Labor Code § 450 provides "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value."

54.     At all times relevant hereto, Defendants have employed Plaintiffs and members of the Class by exercising direct and/or indirect control over their wages, hours, and working conditions. Defendants retain and have exercised exclusive authority to negotiate and set the hours, days, and specific services that Plaintiffs perform for each Perfect Day Spa client, and determine the flat amounts and/or hourly rates charged to clients for Plaintiffs' and Class members' labor.  The times and means by which the Plaintiffs have performed massage services for clients to which they are assigned has been dictated, supervised, and approved by Defendants.

55.     During the course of their employment with Perfect Day Spa, Plaintiffs and Class members regularly worked in excess of 8 hours per day and more than 40 hours per week, but were only paid a fixed sum for each massage assignment.

56.     Plaintiffs and Class members did not perform "exempt" duties in their positions with Defendants and thus were not subject to any exemption under the FLSA and the California Labor Code.  Plaintiffs and Class members were not responsible for any management or administrative functions, and their primary job duties did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

<div align="center">

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime Wages in Violation of**
**California Labor Code §§ 510, 1194, 1198 and Wage Order 2-2001**
**by Plaintiffs Individually and on Behalf of the Class Against All Defendants**
**except Defendants Chuanyu Li and Jun Ma)**

</div>

57.     Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

58.     Plaintiffs and Class Members' Status as Employees.  The term "employee" is defined in California Labor Code § 350 as a "person, . . . rendering actual service in any business for an employer."  The term "employee" is defined in section 2 of the applicable Wage Orders as a person who is "employed by an employer."  Plaintiffs and all members of the Class are or were employees of Defendants for which they performed services within these definitions.  At all material times herein, Defendants have acted as Plaintiffs' and Class members' "employers" and are or were "employing" them.

59.     Defendants' Status as Employers.  Section 2 of the applicable Wage Order defines "employer" as any person who "directly or indirectly, or thorough an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."  California Labor Code § 350 defines "employing" as "hiring, or in any way contracting for, the services of an employee."  Defendants meet these definitions with respect to those workers who performed services for them.

60.     Defendants control the wages, hours, and working conditions of Plaintiffs and Class members.  Defendants effectively control the employment of Plaintiffs and members of the Class and know or should have known that Plaintiffs and Class members have been and continue to be routinely underpaid for their labor.

61.     California Labor Code §§ 510 and 1198, and Wage Order 2-2001, ¶ 3(A)(1) provide that employees must receive: "(a) One and one-half (1½) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

62.     During the course of their employment, Plaintiffs and Class members regularly worked in excess of 8 hours a day and/or 40 hours per week.  Defendants knowingly and willingly failed to pay Plaintiffs and Class members overtime wages as required by law.

63.     Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs

13

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

and other Class members the amounts owed.

64.    Defendants' failure to pay Plaintiffs and other Class members the required sum violates the provisions of Labor Code §§ 510 and 1194 and is therefore unlawful.

65.    As a result of Defendants' misclassification of Plaintiffs and members of the Class as independent contractors, Defendants fail to provide Plaintiffs and Class members with overtime and other compensation in amounts to be determined at trial.  Plaintiffs and the Class are entitled to recovery of such amounts, plus interest thereon, attorney's fees, and costs, under California Labor Code § 1194.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by Plaintiffs Individually and on Behalf of the Class Against All Defendants)**

66.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

67.    At all relevant times herein, Plaintiffs and Class members' employment with Defendants was subject to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), by the virtue of their employment with Defendant Perfect Day Spa which was, at all times relevant, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), because (i) Perfect Day Spa, together with other related activities performed for a common business purpose, either through unified operation or common control by Defendants and other related person, has attained an annual gross income of $500,000 or more during all times relevant herein; and (ii) it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

68.    Individual Defendants Does 1 through 10 are the employers of Plaintiffs and other piece rate employees as defined in FLSA as they have control over the work conditions and work situations of Plaintiffs and other piece rate employees.

69.    The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of 40 hours per week, unless specifically exempted by the law.

14

70.     Although Plaintiffs and other Class members were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs and other Class members to regularly work in excess of 40 hours per week without paying one and one half of their regular rate of pay.

71.     By not paying overtime wages in compliance with the FLSA, Defendants and Does 1 through 10, violated Plaintiffs' and Class members' rights under the FLSA.

72.     As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs and Class members incurred general damages in the form of lost overtime wages.

73.     Defendants and Does 1 through 10 intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, willfully failed to pay Plaintiffs' and Class members' proper wages, and thus are liable for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

74.     Defendants and Does 1 through 10 therefore owe Plaintiffs and Class members for overtime wages not properly paid, in an amount to be determined at trial.

75.     Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### THIRD CAUSE OF ACTION
**(Failure to Pay Minimum Wage for All Hours Worked in Violation of California Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197 and Wage Order 2-2001 by Plaintiffs Individually and on Behalf of the Class Against All Defendants except Defendants Chuanyu Li and Jun Ma)**

76.     Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

77.     Throughout the relevant time period, California Labor Code §§ 1182.11-1182.13, 1197, and Wage Order 2-2001, ¶ 4 required that Plaintiffs and members of the Class to receive at least the minimum wage for all hours worked for Defendants, irrespective of whether nominally paid on an hourly or piece rate, at the rate of $6.75 per hour for the period from January 1, 2002 through December 31, 2006; $7.50 per hour for the period from January 1, 2007 through December 31, 2007;

1 │ and $8.00 per hour for the period January 1, 2008 through the present.

2 │       78.    Throughout the relevant time period, as a result of the policies and practices of

3 │ Defendants as described herein, Defendants have failed to pay Plaintiffs and members of the Class

4 │ minimum wages for all of the their hours worked.

5 │       79.    As a direct and proximate cause of Defendants' business practices, Plaintiffs and

6 │ members of the Class have been deprived of minimum wages in an amount to be determined at trial.

7 │ California Labor Code § 1194(a) provides that employees who have not been paid minimum wages

8 │ may recover the unpaid balance of the full amount of such wages, interest thereon, attorney's fees

9 │ and the costs of suit.

10 │       80.    In addition, California Labor Code § 1194.2 provides that employees who are paid

11 │ less than minimum wage are entitled to recover liquidated damages in an amount equal to the

12 │ minimum wages unlawfully unpaid and interest thereon.  On behalf of themselves and the Class,

13 │ Plaintiffs seek to recover such liquidated damages in amounts according to proof at the time of trial.

14 │ <center>**FOURTH CAUSE OF ACTION**</center>
15 │ <center>**(Failure to Provide Meal Periods in Violation of California Labor Code § 226.7, Labor Code § 512 and Wage Order 2-2001 by Plaintiffs individually and on behalf of the Class Against Defendants A Perfect Day, Inc. and A Perfect Day Franchise, Inc. )**</center>
16 │

17 │       81.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though

18 │ fully set forth herein the preceding paragraphs of this Complaint.

19 │       82.    At all relevant times herein, Plaintiffs' and Class members' employment with

20 │ Defendants was subject to the provisions of California Labor Code § 226.7, Labor Code § 512 and

21 │ Wage Order 2-2001, ¶ 11, which require the employer to provide employees a thirty-minute meal

22 │ break for every five hours worked, unless expressly exempted.

23 │       83.    At all times relevant herein, Plaintiffs and Class members worked at least 5 hours a

24 │ day, and were not provided meal periods as required by law.

25 │       84.    For each time that Plaintiffs and Class members were not provided the required meal

26 │ period, Plaintiffs and Class members are entitled to recover one additional hour of pay at each

27 │ employee's regular rate of compensation pursuant to California Labor Code § 226.7.

28 │       85.    Plaintiffs and Class members are therefore entitled to payment, in an amount to be

<center>16</center>

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

proven at trial, for additional pay for each meal period that Defendants A Perfect Day, Inc. and A Perfect Day Franchise, Inc. failed to provide.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Accurate Itemized Wage Statements and Maintain Adequate Records in Violation of California Labor Code §§ 226 & 1174 and Wage Order 2-2001 by Plaintiffs individually and on behalf of the Class Against All Defendants except Defendants Chuanyu Li and Jun Ma)**

86.     Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

87.     Pursuant to California Labor Code §§ 226 and 1174, and the recordkeeping provisions of Wage Order 2-2001, ¶ 7, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide to each employee with accurate, periodic wage payments in writing setting forth, among other things:  (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

88.     Defendants have knowingly failed to comply with California Labor Code § 226 by, among other things: (a) failing to provide accurate itemized wage statements in writing showing all applicable rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiffs and members of the Class; (b) failing to show the dates of labor for which payments are or were being made; and (c) failing to provide complete and/or accurate information concerning deductions that are or have been taken from these employees' wages.

89.     California Labor Code § 226(e) further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.  During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs and Class members with adequate pay statements as required by California Labor Code § 226.

90.     Defendants failed to provide such adequate statements willingly and with full

17

1    knowledge of their obligations under § 226.

2        91.    Defendants' failure to provide such adequate statements has caused injury to the

3    Plaintiffs.

4        92.    Plaintiff and Class members may therefore recover the greater of actual damages or

5    penalties as a result of Defendants' failure to provide proper records, in an amount to be determined

6    at trial.

7        93.    Plaintiffs incurred costs and fees in bringing this action, and such costs and fees

8    should be awarded to Plaintiffs under California Labor Code § 226.

9                              **SIXTH CAUSE OF ACTION**
                  **(Failure to Indemnify Employees for Expenses in Violation of**
10               **California Labor Code § 2802 by Plaintiffs individually and on**
                 **behalf of the Class Against All Defendants**
11               **except Defendants Chuanyu Li and Jun Ma)**

12

13       94.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though

     fully set forth herein the preceding paragraphs of this Complaint.
14
         95.    California Labor Code § 2802 provides that: "An employer shall indemnify his or her
15
     employee for all necessary expenditures or losses incurred by the employee in direct consequence of
16
     the discharge of his or her duties, or of his or her obedience to the directions of the employer, even
17
     though unlawful, unless the employee, at the time of obeying the directions, believed them to be
18
     unlawful. . . . For purposes of this section, the term 'necessary expenditures or losses' shall include
19
     all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing
20
     the rights granted by this section."  This provision of the California Labor Code imposes strict
21
     limitations on an employer's ability to offset the costs of business by imposing financial obligations
22
     on employees as a condition of discharging their duties.
23
         96.    Defendants have required Plaintiffs and members of the Class to make purchases and
24
     incur work-related expenses without reimbursement.
25
         97.    Plaintiffs and members of the Class are therefore are entitled to recover all actual and
26
     statutory damages and penalties applicable to these expenses, as well as reasonable costs of suit and
27
     attorney's fees, in amounts to be proven at trial.
28

---

18

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

**SEVENTH CAUSE OF ACTION**
**(Failure to Pay Waiting Time Penalties in Violation of California**
**Labor Code §§ 201, 202 & 203 by Plaintiffs Individually and on Behalf of**
**the Class Against All Defendants**
**except Defendants Chuanyu Li and Jun Ma)**

98.     Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

99.     California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

100.    California Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

101.    California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

102.    Defendants have willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay, unpaid minimum wage pay and unpaid meal period compensation, to Plaintiffs and members of the Class whose employment terminated.  As a result, Defendants are liable to Plaintiffs and members of the Class for waiting time penalties, together with interest thereon and reasonable attorney's fees and costs, under California Labor Code §§ 203 and 256.

**EIGHTH CAUSE OF ACTION**
**(Conversion of Gratuities Paid by Customers to Employees**
**in Violation of California Labor Code § 351 by Plaintiffs Individually**
**and on Behalf of the Class Against All Defendants**
**except Defendants Chuanyu Li and Jun Ma)**

103.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

104.    California Labor Code § 351 provides that "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to

19

credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer.  Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for.  An employer that permits patrons to pay gratuities by credit card shall pay the employees the full amount of the gratuity that the patron indicated on the credit card slip, without any deductions for any credit card payment processing fees or costs that may be charged to the employer by the credit card company.  Payment of gratuities made by patrons using credit cards shall be made to the employees not later than the next regular payday following the date the patron authorized the credit card payment."

105.    In violation of California Labor Code § 351, Defendants consistently collect, take, or receive the gratuities or a portion thereof paid by customers to the Plaintiffs and Class members.

106.    Defendants have committed conversion of the property and moneys that belong to Plaintiffs and Class members in violation of the California law and are liable for damages to Plaintiffs and Class members for the loss of gratuities paid by the customers.

107.    The conversion has been carried out by Defendants with complete disregard of the law and the rights of Plaintiffs and Class members, many of whom are new immigrants and do not have sufficient fluency in English language and have only limited skills in labor market.

108.    In converting the gratuities paid by customers, Defendants are guilty of  "oppression, fraud or malice" within the meaning of California Civil Code § 3294, and should be liable for punitive damages in an amount to be determined at trial.

<div align="center">

**NINTH CAUSE OF ACTION**
**(Unfair Competition in Violation of**
**California Business and Professions Code § 17200 *et seq.***
**by Plaintiffs individually and on behalf of the Class Against All Defendants**
**except Defendants Chuanyu Li and Jun Ma)**

</div>

109.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

110.    The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

111.     Defendants' conduct as described above constitutes unlawful business practices for the reasons set forth below, without limitation:

          (a)     Defendants have violated various sections of the California Labor Code, including but not limited to §§ 201 and 202 (requiring payment of all wages due upon termination of employment), 204 (requiring timely bimonthly payment of wages), 221 (prohibiting unlawful, unauthorized deductions from wages), 223 (prohibiting any charges or requirement for an employee to pay any fees and costs rendering the payment to an employee lower than otherwise promised), 226 (requiring provision of accurate itemized wage statements), 450 (prohibiting forced patronage of employer), 351 (prohibiting employer from collecting, taking or receiving the gratuities paid by customers for services), 510 (requiring payment of premium pay for all overtime hours worked), 1174 (requiring maintenance of employee payroll, pay rate, and hours worked records), 1182.11-1182.13 and 1197 (requiring payment of state minimum wage for all hours worked), 1198 (prohibiting employment under substandard conditions), 2802 (requiring employer to indemnify employees for all expenses incurred in discharge of duties);

          (b)     Defendants have violated various sections of Wage Order 2-2001; and

          (c)     Defendants have violated the FLSA for failing to pay overtime wages.

112.     Defendants' conduct as described above constitutes unfair business practices for the reasons set forth below, without limitation:

          (a)     Defendants have induced and continued to induce Plaintiffs and members of the Class to pay thousands of dollars in "tuition" for on-the-job training by promising "guaranteed" levels of income and "guaranteed" employment;

          (b)     Defendants require the payment of thousands of dollars in tuition in order for Plaintiffs and Class members to secure employment with Perfect Day Spa as massage therapists;

          (c)     Defendants have refused and continue to refuse to refund tuition and other

monies to Plaintiffs and Class members after they discover that Defendants are not providing guaranteed income or work as promised;

(d)     Defendants target vulnerable populations, such as non-English speaking immigrants, advertise in their native language (typically Chinese), negotiate with them in their native language, and then force them to sign documents in English without any  written translation, *see* California Civil Code § 1632; and

(e)     Defendants misclassify Plaintiffs and members of the Class as independent contractors (non-employees) and misrepresent and conceal from Plaintiffs and members of the Class their status as employees.

113.    Defendants' conduct described above constitutes fraudulent business practices for the reasons set forth below, without limitation:

(a)     Defendants have made and continue to make misrepresentations and omissions of material fact as described above to induce Plaintiffs and members of the Class to enter into employment with Defendants, as further described above;

(b)     Defendants have made and continue to make misrepresentations and omissions of material fact as described above to induce Plaintiffs and members of the Class to continue their working relationship with Defendants as further described above;

(c)     Defendants' misrepresentations and omissions are likely to deceive the reasonable consumer;

(d)     Defendants' misrepresentations are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law; and

(e)     Plaintiffs and members of the Class reasonably and justifiably relied on such misrepresentations.

114.    As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiffs and

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

members of the Class suffered injury in fact and lost money and property, including, but not limited to loss of money invested in the "tuition" and earnings promised by Defendants.

115.    Pursuant to California Business and Professions Code § 17203, Plaintiffs and members of the Class seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

116.    Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and members of the Class are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

<div align="center">

**TENTH CAUSE OF ACTION**
**(Penalties under California Labor Code Private Attorneys General Act of 2004,**
**Cal. Labor Code § 2699 *et seq.*, by Plaintiffs individually and**
**on behalf of the Class Against All Defendants)**

</div>

117.    Plaintiffs individually, and on behalf of the Class, incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

118.    California Labor Code § 558 provides that "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this Chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to [] civil penalt[ies]."  The civil penalties imposed by § 558 include $50.00 for initial violation, and $100 for subsequent violations per employee per pay period in which violation occurred and the amount of unpaid overtime wages, unpaid minimum wages and unpaid meal premium wages.  By failure to pay Plaintiffs and Class members overtime pay, minimum wages, and missed meal period premiums in violation of relevant provisions of the California Labor Code and wage orders, Defendants are responsible to Plaintiffs and Class members for penalties and unpaid overtime, minimum wage and meal period premiums pursuant to California Labor Code § 558.

119.    California Labor Code §§ 510, 1194, 1198, and Wage Order No. 2-2001 provides that all employees must be paid for each overtime hour worked.  Defendants consistently failed to pay Plaintiffs and Class members overtime wages.  By violating California Labor Code §§ 510, 1194, 1198, and Wage Order No. 2-2001, Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California Labor Code § 2699 *et seq.*

<div align="center">

23

</div>

120.   California Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197, and Wage Order No. 2-2001 provides that all employees must be paid minimum wage for each hour worked. Defendants consistently failed to pay Plaintiffs and Class members minimum wage for each hour worked.  By violating California Labor Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197, and Wage Order No. 2-2001, Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California Labor Code § 2699 *et seq.*

121.   California. Labor Code §§ 226.7, 512, and Wage Order No. 2-2001 require that Defendants must provide Plaintiffs and Class members who worked 5 hours a day with a meal period, which Defendants consistently failed to do.  By violating California Labor Code §§ 226.7, 512, and Wage Order No. 2-2001 Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California. Labor Code § 2699 *et seq.*

122.   California Labor Code §§ 226, 1174, and Wage Order No. 2-2001 require Defendants to maintain accurate records of all hours worked and provide itemized wage statements to Plaintiffs and Class members, which Defendants consistently failed to do.  By violating California Labor Code §§ 226, 1174, and Wage Order No. 2-2001, Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California Labor Code § 2699 *et seq.*

123.   California Labor Code § 2802 requires all employers to reimburse employees for purchases made for required job expenditures.  By failure to reimburse Plaintiffs and the Class members for their purchases of lotion, tissues and other expenses incurred in discharge of their job duties, Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California Labor Code § 2699 *et seq.*

124.   California Labor Code §§ 201 and 202 require employers to promptly pay employees all wages earned no later than 72 hours after the termination of the employment.  Failure to do so would subject the employer to civil penalties of up to 30 days wages per employee pursuant to California Labor Code § 203.  By failure to pay employees all wages earned within the statutory time to employees whose employment had terminated, Defendants are responsible for penalties assessed under California Labor Code § 203.  Additionally, by violating California Labor Code §§ 201, 202, and 203, Defendants are also liable for penalties, and for reasonable attorneys' fees and

costs under California Labor Code § 2699 *et seq.*

125.    California Labor Code § 351 provides that all the gratuities offered by customers belong to the workers who labor to earn them.  Defendants consistently collected, took, and received gratuities paid by patrons to Plaintiffs and all Class members.  By doing so, Defendants are liable for penalties, and for reasonable attorneys' fees and costs under California Labor Code § 2699 *et seq.*

126.    Having satisfied the requirements of California Labor Code § 2699.3(a), pursuant to California Labor Code § 2699, Plaintiffs, on behalf of themselves and all other former and current employees, hereby seek all penalties provided by California Labor Code §§ 588, 203 and 2699(f) for violations alleged herein in the amounts to be proved at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Class against respective Defendants to the extent each Defendant is liable under each cause of caution:

1.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiffs and Plaintiffs' counsel to represent the Class;

2.    Authorization for Plaintiffs' FLSA claim to proceed as a collective action;

3.    Provision of class notice to members of the Class as defined above;

4.    A declaratory judgment that Defendants knowingly and intentionally violated the following provisions of the law:

  a.    Cal. Labor Code §§ 510, 1194 *et seq.* and Wage Order 2-2001 by failure to pay overtime compensation to Plaintiffs and Class members;

  b.    Cal. Labor Code §§ 1182.11, 1194 *et seq.*, and Wage Order 2-2001 by failure to pay minimum wage to Plaintiffs and Class members;

  c.    Cal. Labor Code §§ 226.7 and 512, and Wage Order 2-2001 by failure to provide off-duty meal periods to Plaintiffs and Class members;

  d.    Cal. Labor Code § 226 and Wage Order 2-2001 by failing to provide Plaintiffs and Class members with itemized statements of total hours worked with each payment of wages;

e.      Cal. Labor Code § 1174 and Wage Order 2-2001 by failing to maintain

payroll records of the actual hours worked each day by Plaintiffs and Class

members;

f.      Cal. Labor Code § 2802 by failing to indemnify Plaintiffs and the Class

members for all necessary business expenses and losses; and

g.      Cal. Labor Code §§ 201-203 for willful failure to pay minimum wage,

overtime and meal period compensation and failure to repay unlawfully

deducted wages at the time of termination of employment, resulting in unpaid

waiting time penalties.

5.      That the Court find and declare Defendants' acts and practices as described herein to be unlawful, unfair, and fraudulent;

6.      That Defendants be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

7.      An equitable accounting to identify, locate, and restore to Plaintiffs and all Class members the wages that are due;

8.      Compensatory damages per California Labor Code § 1194 for unpaid overtime wages in an amount to be determined at trial;

9.      Compensatory damages per California Labor Code § 1194 for unpaid minimum wages and liquidated damages for unpaid minimum wage pursuant to California Labor Code § 1194.2 in an amount to be determined at trial;

10.     Unpaid overtime and liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

11.     Unpaid meal premiums per California Labor Code § 226.7;

12.     An award of statutory penalties for failure to comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

13.     An award of payments due to them as waiting time penalties as to those Class members who have left Defendants employ, pursuant to California Labor Code § 203;

14.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and

26

1  members of the Class for failure to pay legally required minimum wage, overtime, meal period pay,

2  and promised earnings at the guaranteed level, and interest thereon and failure to reimburse business

3  expenses, and interest thereon, in an amount according to proof, pursuant to California Business and

4  Professions Code § 17203;

5       15.    An order requiring Defendants to pay various civil penalties under California Labor

6  Code Private Attorneys General's Act of 2004, Cal. Labor Code § 2699, *et seq.*;

7       16.    An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and

8  members of the Class as the "tuition" that was unlawfully charged and collected by Defendants;

9       17.    For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid

10  salaries pursuant to California Labor Code §1194(a);

11       18.    For pre-judgment interest on all sums collected;

12       19.    Reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure

13  § 1021.5 and California Labor Code §§ 218.5, 226, 1194, and 2802, and 29 U.S.C. § 216(b) of the

14  FLSA and/or other applicable law;

15       20.    For costs of suit herein; and

16       21.    For such other and further relief as the Court may deem appropriate.

17                              **DEMAND FOR JURY TRIAL**

18       Plaintiffs hereby demand a trial by jury of each and every cause of action so triable.

19

20  Dated:  April 12, 2011                    LAW OFFICES OF ADAM WANG

21                                            THE STURDEVANT LAW FIRM
                                              A Professional Corporation

22                                            DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

23

24                                            By:   __/s/ *Whitney Huston*_____
                                                    Whitney Huston

25                                                  Attorneys for Plaintiffs and the Putative Class

26

27

28

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)

**<u>ADDITIONAL COUNSEL FOR PLAINTIFFS</u>**

MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:  (415) 433-0333
Facsimile:   (415) 449-6556

SECOND AMENDED COMPLAINT; CASE NO. CV 10-1189 LHK (PSG)