UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A PERFECT FRANCHISE, INC, a California Corporation, et al.,<br><br>Defendants. | Case No.: 5:10-CV-01189-LHK<br><br>ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL |

Defendants A Perfect Day Franchise, Inc., Minjian Hand Healing Institute, Inc., Tailiang Li, and Jin Qui (together, Defendants) have moved to stay these proceedings pending an appeal of this Court's order denying Defendants' request to dismiss this case and compel arbitration. *See* Dkt. No. 154 ("Motion"). After considering the parties' briefs relating to Defendants' Motion, the Court finds this matter suitable for decision without oral argument. *See* Civ. L. R. 7-1(b). Accordingly, the hearing on this Motion, set for June 16, 2011 is hereby VACATED. The case management conference set to follow the hearing on the Motion is hereby re-set for Friday, June 17 at 1:30 p.m. For the reasons set forth below, the Court DENIES Defendants' Motion.

1

I.     BACKGROUND

A.  Factual Background

Plaintiffs in this putative class action are current and former workers for A Perfect Day Franchise, Inc. ("Perfect Day"). Perfect Day owns and operates spas in Fremont, Santa Clara, and Millbrae, California. For example, Plaintiffs claim that Perfect Day has mis-categorized them as independent contractors rather than employees. According to Plaintiffs, Perfect Day failed to pay them and other putative class members minimum wages and overtime, wrongly subtracted materials costs from Plaintiffs' wages, wrongly took Plaintiffs' tips, and committed other violations of California wage and hour laws. Based on these allegations, Plaintiffs claim violations of both the Fair Labor Standards Act (FLSA, 29 U.S.C. §§ 201-19) and California law. Perfect Day denies any unlawful conduct.

B.  Procedural Background

Plaintiffs filed their first complaint on March 22, 2010, and a First Amended Complaint (FAC) on May 12, 2010. Defendants were ineffectively served with Plaintiffs' first complaint on March 27, 2010, but were properly served with the FAC on June 3, 2010.

Defendants have destroyed the original copies of many employment documents relating to putative class members' employment, retaining only electronic scans in accordance with their asserted "paperless policy." *See* October 22, 2010 Tr. at 44:20-45:18; Opp'n. to Sanctions Mot. at 4. Defendants state that they have departed from this paperless policy after receipt of the FAC, and now retain newly-generated documents in their original (paper) form. Opp'n. to Sanctions Mot. at 3-4.

Defendants claim arbitration of Plaintiffs' claims is required by an Independent Contractor's Agreement (ICA) between Plaintiffs and Defendants, and moved to dismiss proceedings and compel arbitration. Dkt. No. 35. However, Defendants destroyed the original ICAs, the documentary evidence of the asserted arbitration agreement, pursuant to the paperless policy. *See* Opp'n. to Sanctions Mot. at 4. Defendants claim to have maintained electronic records of these documents, which they submitted to the Court in support of their arbitration motion. In opposition, Plaintiffs cited the testimony of several workers who denied signing the ICAs offered by Defendants. *See* Opp'n. to Arbitration Mot. at 10. Plaintiffs introduced a different ICA, which

2

Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

they claim is the document the workers actually signed. Order Den. Mot. to Compel Arbitration and for Sanctions (Dkt. No. 142) at 5.

In denying Defendants' motion to compel arbitration, the Court held Defendants did not meet their burden to establish, by a preponderance of the evidence, that an arbitration agreement existed. *Id*. at 6. Specifically, the Court found the testimony of Defendants' witnesses regarding the purported ICAs to be inconsistent and lacking in credibility, while Plaintiffs' witnesses gave credible and consistent testimony that Defendants' ICAs were not the ICAs Plaintiffs had signed. *Id*. at 7. For these reasons, the Court denied Defendants' Motion to Compel Arbitration, holding that "[b]ecause Perfect Day's testimony on this subject is inconsistent and lacks credibility, the Court concludes that it has not met its burden to show that a valid agreement to arbitrate exists between Perfect Day and Plaintiffs." *Id*. at 6-8.

On February 14, 2011, Defendants appealed the Court's Order denying their motion. Dkt. No. 151. On February 23, 2011, A Perfect Day moved to stay these proceedings pending this appeal. Dkt. No. 154.

II.     ANALYSIS

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 129 S. Ct. 1749, 1760-61 (2009) (citation omitted). Petitioners do not have an absolute right to a stay "even if irreparable injury might otherwise result;" instead, the propriety of granting a stay depends on the circumstances of each case. *Id*. at 1760 (citing *Virginian R. Co.*, 272 U.S. 658, 672 (1926)). This Court may accordingly grant or deny a stay in accordance with its best judgment; the Court is not, as Defendants suggest, divested of jurisdiction over this matter. Mot. at 2. In some circuits, denial of a motion to compel arbitration automatically results in a stay of the case in district court pending appeal. In the Ninth Circuit, however, entry of such a stay is discretionary. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

Plaintiffs and Defendants recite slightly different factors in their briefing on this issue. Defendants rely on the *Hilton* test, which identified four factors to be used in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to

3

Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Mot. at 5 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Plaintiffs rely on a similar standard requiring Defendants to show "(1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm absent a stay; (3) that the balance of equities tips in their favor; and (4) that a stay is in the public interest." Pls.' Opp'n to Defs.' Mot. to Stay Proceedings at 2 (citing *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009).

The Ninth Circuit has recently held that in order to qualify for a stay pending appeal under the *Hilton* factors, a moving party must show (1) at least a "substantial case for relief on the merits" on appeal; (2) probable irreparable harm if no stay is granted; (3) that the balance of harms tips in favor of the moving party; and (4) that a stay is in the public interest.[1] *Leiva-Perez v. Holder,* No. 09-71636, 2011 U.S. App. LEXIS 6740, *9-*20 (9th Cir. Apr. 1, 2011). Because this is the Ninth Circuit's most recent articulation of the test and because *Leiva-Perez* interprets the Supreme Court's holding in *Nken*, the Court applies the test as set forth in *Leiva-Perez*.

1. Likelihood of Success on the Merits

As explained in *Levia-Perez*, the party moving for a stay need not demonstrate that success on appeal is more likely than not in order to satisfy this factor. The moving party need only show that "his appeal raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez*, 2011 U.S. App. LEXIS 6740 at *23. Defendants do not argue that they have a likelihood of success on appeal, and instead contend they have fulfilled this requirement by

---

[1] The Ninth Circuit has also articulated an alternative "sliding scale" approach to evaluating motions to stay pending appeal. This test requires the moving party to show either "(1) a probability of success on the merits *and* the possibility of irreparable injury, *or* (2) that serious legal questions are raised *and* the balance of hardships tips sharply in the petitioner's favor." *El Himri v. Ashcroft*, 344 F.3d 1261, 1262 (9th Cir. 2003) (emphases added; citations omitted); *see also Golden Gate Rest. Ass'n v. City & Cnty. of S.F.,* 512 F.3d 1112, 1116 (9th Cir. 2008). It is not clear if the "sliding scale" approach is still valid in light of *Leiva-Perez* and *Nken*. However, in light of the Court's conclusion that Defendants have failed to show probable irreparable harm absent a stay, Defendants cannot prevail under the alternative test. Therefore, the Court will not separately consider it.

4

Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

presenting a "serious legal question" on appeal.[2] Mot. at 11. Defendants' "serious legal question" is "[w]hether the district court's analysis was in error and whether the district court misapplied the burden of proof." Mot. at 12.

The fact that Defendants are requesting a review of the district court's decision does not automatically mean they have raised a "serious legal question" on appeal. *See Arthurs v. United States INS*, 959 F.2d 142, 143 (9th Cir. 1992); *United States v. Quigley*, 1993 U.S. App. LEXIS 23518 at *2, 8 (9th Cir. 1993). For a legal question to be "serious," it must be a "question[] going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Walmer v. United States DOD*, 52 F.3d 851, 854 (10th Cir. 1995). In the Ninth Circuit, serious legal questions often concern constitutionality. *See Nelson v. NASA*, 568 F.3d 1028, 1035 (9th Cir. 2009) (holding that a serious legal question had been raised in inquiring whether the government has the right to violate employee privacy); *Log Cabin Republicans v. United States*, 2010 U.S. App. LEXIS 22655 at *3 (9th Cir. 2010) (holding that a serious legal question had been raised in examining the constitutionality of "Don't Ask Don't Tell"); *Beltran v. Meyers*, 677 F.2d 1317, 1322 (9th Cir. 1982) (holding that a serious legal question had been raised where the law's meaning was in question). In the context of motions to stay pending appeal of an order denying arbitration, a court in this judicial district found that a serious legal question was raised when the Supreme Court had granted certiorari to determine "whether this case can proceed as a class action, if at all." *McArdle v. AT&T Mobility LLC,* No. C 09-1117 CW, 2010 U.S. Dist. LEXIS 73519 at *9 (N.D. Cal. July 20, 2010). In the same context, another court in this district found that serious legal questions were raised because the appeal asked the Ninth Circuit to resolve a split in authority regarding enforceability of the arbitration agreement in question. *Pokorny v. Quixtar Inc.,* No. 07-00201 SC, 2008 U.S. Dist. LEXIS 91951 at *4 (N.D. Cal. Apr. 17, 2008)

---

[2] In the Court's view, Defendants' appeal is not very likely to succeed. The Court's order was based on a finding that Defendants could not carry their burden to show that any arbitration agreement existed between the parties. This determination was based largely on factual findings. While the denial of Defendants' motion to compel arbitration is reviewed *de novo*, the factual findings underlying the denial are reviewed for clear error. *Ting v. AT&T,* 319 F.3d 1126, 1135 (9th Cir. 2003).

5
Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

1    Defendants do not argue that this Court applied the wrong test in denying their motion to

2    compel arbitration.  Rather, Defendants argue that this Court misapplied the test that all parties

3    agree is the proper test.  Defendants cite no authority in support of their argument that this rises to

4    the level of a "serious legal question."  Defendants have failed to show that they have put forth a

5    "serious legal question."

6      2.  Probability that the moving party will be irreparably injured absent a stay

7      For a moving party to be considered "irreparably injured" for the purposes of a motion to

8    stay, that injury must be "categorically irreparable."  *Nken*, 129 S. Ct. at 1761.  Moreover, "simply

9    showing some 'possibility of irreparable injury'" is insufficient.  *Id*.  If the moving party cannot

10   make a threshold showing that irreparable harm is *probable* absent a stay, "then a stay may not

11   issue, regardless of the petitioner's proof regarding the other stay factors."  *Leiva-Perez*, 2011 U.S.

12   App. LEXIS 6740 at *5, *15.

13     Defendants' primary argument is that they will be irreparably harmed if they are forced to

14   pay ongoing litigation expenses, especially discovery expenses, while pursuing their appeal.  Mot.

15   at 7.  Many courts, however, have concluded that incurring litigation expenses does not amount to

16   an irreparable harm.  *See Castaneda v. United States*, 2008 U.S. Dist. LEXIS 40567 at *13 (C.D.

17   Cal. May 20, 2008) ("[t]he Court acknowledges that discovery can be burdensome.  However, such

18   a burden, while regrettable, does not constitute an irreparable injury."); *Bradberry*, 2007 U.S. Dist.

19   LEXIS 58801 at *11-12 ("[t]he cost of some pretrial litigation does not constitute an irreparable

20   harm to Defendant.").  The Court does not find that the discovery Plaintiffs seek from Defendants

21   is particularly overbroad or burdensome.  Defendants have submitted interrogatories posed by

22   Plaintiffs as evidence of the "extensive" discovery Plaintiffs seek.  *See* Mot. at 7; Sheldon Decl.

23   (Dkt. No. 154-1), Ex. A.  The Court has reviewed the interrogatories and finds that they seek

24   limited information which is within Defendants' possession and is directly related to Plaintiffs'

25   claims.  The interrogatories ask for contact information, hours worked and wages paid for putative

26   class members, and for information supporting Defendants' theory that the workers are

27   independent contractors rather than employees.  *Id.*  Moreover, Defendants' asserted arbitration

28   agreement provides the parties "adequate opportunity to conduct discovery."  Pls.' Opp'n to Defs.'

6

Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

Mot. to Stay Proceedings at 5. Therefore, even if Defendants' appeal is successful, it appears that the discovery costs arising during the appeal are inevitable. As Defendants will incur these costs regardless of the outcome of this motion, their limited financial resources are immaterial. *See R & L Ltd. Invs. Inc. v. Cabot Inv. Props.*, LLC, 2010 U.S. Dist. LEXIS 107488 at *4-5 (D. Ariz. Sept. 21, 2010) (Finding no irreparable injury and denying motion to stay when "[c]ontrary to Defendants['] assertion, if their appeal was successful, the parties would still be able to use the discovery in arbitration.").

Defendants rely extensively on *Alascom, Inc. v. ITT North Electric, Inc.*, which they characterize as holding that a court's failure to grant a stay could have irreparable consequences. Mot. at 13. In fact, *Alascom* considers whether an order staying arbitration may be appealed, and does *not* consider a court's denial or grant of a stay of proceedings pending appeal. *Alascom, Inc. v. ITT North Electric, Inc.*, 727 F.2d 1419, 1422 (9th Cir. 1984). While *Alascom* holds that an order staying arbitration is appealable, it does so because "one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Id*. This holding depends upon the existence of a valid arbitration agreement, which is precisely what this Court found does not exist here. Not only is *Alascom* not analogous to this case, in *Bradberry v. T-Mobile USA, Inc*., the same use of *Alascom* was dismissed as "unpersuasive." *Bradberry v. T-Mobile USA, Inc*., 2007 U.S. Dist. LEXIS 58801 at *9 (N.D. Cal. 2007).

Defendants also argue their case is distinguishable from *Bradberry*, in which the court denied a stay on similar facts. *Id*. at 16. Defendants contend they should be treated differently because they have been served with more extensive discovery requests than the defendant in *Bradberry*, and they have fewer financial resources than the defendant in that case. Mot. at 8, 13. However, Defendants undermine this argument in their discussion of whether Plaintiffs will be injured, by declaring that "the appeal of this matter is not likely to be lengthy" and there will be merely a "minimal delay." Mot. at 14. If Defendants are correct, and this appeal will be brief, then Defendants are unlikely to incur significant discovery expenses during the appeal. In addition, the extent of the discovery requested in *Bradberry* is not discussed anywhere in the opinion. It is

7
Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL

therefore difficult to evaluate the validity of Defendants' attempt to distinguish that case. *Id*. at 8-16.

In the absence of a stay, Defendants may have to incur the expense of opposing Plaintiffs' Motion for Class Certification, and possibly the expense of briefing dispositive motions. These expenses could be avoided if Defendants win on appeal. Nevertheless, the Court finds that these additional expenses do not constitute an irreparable harm. If the case proceeds to the point of final pretrial preparations without a ruling from the Ninth Circuit on Defendants' appeal of the arbitration issue, Defendants may renew their motion to stay the case at that time.

III. CONCLUSION

Because the Court finds that Defendants have shown neither a substantial legal question on appeal, nor a probable irreparable injury if a stay is denied, the Court need not consider the final factors. *Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to balance hardships and denying stay pending appeal because moving party failed to raise a substantial legal question); *Big Lagoon Rancheria v. State of California,* No. 09-01471, 2011 U.S. Dist. LEXIS 9935 at *8 (Jan. 27, 2011) (declining to consider hardships and public interest when moving party failed to show likely success on the merits or likely irreparable harm absent a stay).

For the reasons set forth above, the Court DENIES without prejudice Defendants' motion to stay these proceedings pending appeal. Defendants may renew their motion for a stay if this case proceeds to the point of final pretrial preparations without a ruling from the Ninth Circuit on Defendants' appeal of the arbitration issue.

**IT IS SO ORDERED.**

Dated: June 8, 2011

_____
LUCY H. KOH
United States District Judge

8
Case No.: 10-CV-01189-LHK
ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL