**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A PERFECT FRANCHISE, INC, a California corporation; A PERFECT DAY, INC., a California corporation; MINJIAN HAND HEALING INSTITUTE, INC., a California corporation; TOM SCHRINER, an individual; TAILING LI, an individual; JIN QUI, an individual; HUAN ZOU, an individual; CHUANYU LI, an individual; JUN MA, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 5:10-CV-01189-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE DEFENDANTS' CERTAIN ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT |

Plaintiffs Guifu Li, Meng Wang, Fang Dai, Lin Cui, and Zhong Yu (together, Plaintiffs) have moved to strike certain answers and affirmative defenses made by Defendants A Perfect Franchise, Incorporated (Defendants), in response to Plaintiffs' Second Amended Complaint. *See* Dkt. No. 196 ("Motion"). After considering the parties' briefs relating to Plaintiffs' Motion, the Court finds this matter suitable for decision without oral argument. *See* Civ. L. R. 7-1(b). Accordingly, the hearing on this Motion, set for July 28, 2011 is hereby VACATED. For the reasons set forth below, the Court GRANTS-IN-PART and DENIES-IN-PART Plaintiffs' Motion.

1

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

I.  BACKGROUND

Plaintiffs in this putative class action are current and former workers for A Perfect Day Franchise, Inc. ("Perfect Day"). Perfect Day owns and operates spas in Fremont, Santa Clara, and Millbrae, California. Plaintiffs claim that Perfect Day has mis-categorized them as independent contractors rather than employees. According to Plaintiffs, Perfect Day failed to pay them and other putative class members minimum wages and overtime, wrongly subtracted materials costs from Plaintiffs' wages, wrongly took Plaintiffs' tips, and committed other violations of California wage and hour laws. Based on these allegations, Plaintiffs claim violations of both the Fair Labor Standards Act (FLSA, 29 U.S.C. §§ 201-19) and California law. Perfect Day denies any unlawful conduct.

Plaintiffs filed their first complaint on March 22, 2010, and a First Amended Complaint (FAC) on May 12, 2010. Defendants were ineffectively served with Plaintiffs' first complaint on March 27, 2010, but were properly served with the FAC on June 3, 2010. The Court granted Plaintiffs permission to file a Second Amended Complaint ("Complaint"), and Plaintiffs did so on April 12, 2011. *See* Dkt. No. 179.

Defendants filed multiple Answers to Plaintiffs' Second Amended Complaint. Defendants A Perfect Day Franchise, Inc., Minjian Hand Healing Institute, Inc., Tailiang Li, and Jin Qui filed answers on April 26, 2011 ("Answers"). *See* Dkt. Nos. 183-86. Defendant Tom Schriner filed an Answer on May 2, 2011. *See* Dkt. No. 190.

Plaintiffs moved to strike certain of Defendants' answers and affirmative defenses on May 17, 2011. *See* Dkt. No. 196.

II. ANALYSIS

A.  Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 U.S. Dist. LEXIS 44641, at *5-*8 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

2

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004). While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient. *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 U.S. Dist. LEXIS 99538, at *21-22 (N.D. Cal. 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381; *accord Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.*

In deciding whether a defense is insufficient, or whether material is "redundant, immaterial, impertinent, or scandalous," the Court must construe the pleadings "so as to do justice." Fed. R. Civ. P. 8(e). Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak*, 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

B.   Defendants' References to "Legal Conclusions"

Plaintiffs request the Court strike Defendants' statements that certain paragraphs of the Complaint "amount to legal conclusions to which no answer is required." Mot. at 2. As Plaintiffs are not moving to strike a defense, this material must be "redundant, immaterial, impertinent, or scandalous" before it may be stricken. Fed. R. Civ. P. 12(f). Defendants respond that these answers are not "immaterial, impertinent, or scandalous," and that they provide Plaintiffs with adequate notice of the matters in dispute. Opp'n at 3.

1.   Paragraphs not containing legal conclusions

The Court initially notes that Defendants responded to 66 of Plaintiffs' 124 paragraphs with the assertion that the paragraph contained a legal conclusion and required no answer. However, several of these paragraphs do not appear to contain a legal conclusion. Paragraphs 61, 69, 104,

3
Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

and 110 merely quote or paraphrase a statute. Compl. ¶¶ 61, 69, 104, 110. These paragraphs do not appear to contain legal conclusions or factual allegations. The Court construes these paragraphs as Plaintiffs' allegation that this is the law. It is not clear what Defendants mean by denying the factual allegations contained in these paragraphs. The Court believes Defendants intended to admit the accuracy of Plaintiffs' quotations, but deny either that Defendants had violated this law, or that this law applies to this case. As it is not clear what Defendants intended to deny in their answers to these paragraphs, Defendants do not appear to have responded "to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). The Court therefore GRANTS Plaintiffs' Motion to Strike Defendants' answers to paragraphs 61, 69, 104, and 110, and asks Defendants to replead their answers to these paragraphs to clarify the nature of their denial.

2.      Paragraphs containing legal conclusions

A number of the paragraphs that provoked the disputed response do contain legal conclusions. *See* Answers ¶¶ 1, 2, 3, 15, 18, 20, 21, 22-34, 52, 53, 57-59, 61, 66, 67, 69, 75-77, 79-82, 84-87, 89, 92, 94, 95, 97-101, 103, 104, 108-10, 115-26. The Court must therefore decide whether nonresponse to a legal conclusion is so impertinent or scandalous as to justify striking Defendants' answers.

There is some support for Plaintiffs' contention that Rule 8(b) requires defendants to respond even to legal conclusions with an admission, a denial, or a denial for lack of information. *See N. Ind. Metals v. Iowa Express, Inc*., No. 2:07-CV-414-PRC, 2008 U.S. Dist. LEXIS 54708, at *9-10 (N.D. Ind. July 10, 2008); *Lane v. Page*, 272 F.R.D. 581, 585 (D.N.M. 2011) (both holding that averring "a legal conclusion to which no response is required" does not meet 8(b)'s requirements); *Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 U.S. Dist. LEXIS 44509 at *5 (N.D. Ill. May 27, 2009) (holding that Rule 8(b) makes "no exception for 'legal conclusions.'"); *Farrell v. Pike,* 342 F. Supp. 2d 433, 440-441 (M.D.N.C. 2004) ("a party must respond to both the factual and legal allegations."). However, Defendants' answers specifically deny the factual allegations of each paragraph in addition to stating that these paragraphs contain legal conclusions to which no answer is required. Courts in this Judicial District have found such responses to be sufficient.

4

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

For example, in *Barnes v. AT&T Pension Plan*, the plaintiff moved to admit those legal conclusions which the defendant believed did not require a response. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). The court held that the plaintiff's motion "misconstrues [defendant's] answer when read in its entirety. While [defendant] has refused to either admit or deny the ultimate legal conclusions alleged by [plaintiff], [defendant] has denied all of the factual allegations on which those legal conclusions rest." *Id*. at 1175. The court held that, as legal conclusions must rest on some factual basis, admitting the legal conclusions would require admitting some of the factual allegations which the defendant had expressly denied. *Id*.

Here, as in *Barnes*, Defendants did not merely refuse to answer Plaintiffs' legal conclusions. Defendants specifically stated, "[t]o the extent that this paragraph contains factual allegations DEFENDANT denies." *See generally* Answers. To find that Defendants had admitted Plaintiffs' legal conclusions, this Court would have to find some factual allegation on which those conclusions could be based. As Defendants have denied Plaintiffs' factual allegations wherever they have declined to respond to a legal conclusion, admitting Plaintiffs' legal conclusions would necessarily involve striking Defendants' well-pleaded denials. "To do this would not construe the pleadings in the interests of justice as required by Rule 8(e)." *Barnes*, 718 F. Supp. 2d at 1175.

Where defendants deny factual allegations in addition to identifying legal conclusions, Ninth Circuit district courts generally decline to strike defendants' answers. *Sykes v. Cigna Life Ins. Co*., No. C 10-01126 CRB, 2010 U.S. Dist. LEXIS 94047, *8-*9 (N.D. Cal. Aug. 23, 2010) ("taking the Answer as a whole, Defendants have denied Plaintiff's legal conclusions."). "Pleadings must be construed so as to do justice," and requiring Defendants to admit Plaintiffs' legal conclusions does not appear to be an act of justice. Fed. R. Civ. P. 8(e). Accordingly, the Court DENIES Plaintiffs' motion with respect to these responses.

C.  Defendant Perfect Day's Response to Paragraph Fifteen

Plaintiffs request the Court strike Defendant A Perfect Day's response to paragraph fifteen of the Complaint and deem the allegations admitted, declaring A Perfect Day "cannot deny the knowledge about Huan Zou's role in its operation." Mot. at 4.

In the paragraph at issue, Plaintiffs assert:

5

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

> Defendant Huan Zou is an individual resident of California and a manager of Perfect Day Spa. Upon information and belief, Huan Zou is the nephew of Tailiang Li. Upon information and belief, Huan Zou has operational control of Perfect Day Spa's payroll and labor practices, including but not limited to directing Perfect Day Spa to treat massage therapists and other workers as independent contractors rather than employees which has resulted in the unlawful failure to pay minimum wage, overtime wages and benefits to Plaintiffs and the proposed class. Huan Zou knew or should have known of these unlawful employment practices.

Compl. ¶ 15. Defendants responded that this statement amounted to a legal conclusion, and that they were without information sufficient to form a belief as to any factual allegations. Answers ¶ 15.

Plaintiffs point out that a corporation may not claim lack of knowledge when a matter is "presumptively within the knowledge of" its officer. *Id*. (citing *Nat'l Millwork Corp. v. Preferred Mut. Fire Ins. Co.*, 28 F. Supp. 952, 953 (D.N.Y. 1939); *Sloane v. S. Cal. R.R. Co.,* 111 Cal. 668, 685-86 (1896). However, in this case the Court does not find that Defendant A Perfect Day had knowledge as to each factual allegation. First, the Complaint indicates that Tom Schriner is the principal of Perfect Day, and Tailiang Li is the principal of Minjian Institute, Compl. ¶¶ 12-13; even if Mr. Zou is a manager at Perfect Day Spa, Perfect Day does not necessarily know its employee's family relationship to the principal of a separate legal entity. Second, in order to admit the latter half of paragraph 15, Defendant would have to assume that unlawful acts had occurred, that Mr. Zou had knowledge of the difference between independent contractors and employees, that he acted on this knowledge, that he was aware these actions were unlawful, and that his affiliation with Perfect Day is such that his knowledge may be presumed also to be Perfect Day's. Defendants' response could easily reflect an unwillingness or inability to make these assumptions, rather than a fallacious denial of knowledge. As Perfect Day could be answering within its actual knowledge, the Court does not find Defendants' response "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Nor will the Court investigate the extent of Defendants' knowledge at this time. To do so would be to "make factual determinations that go to merits of the case, and such challenges are not appropriate under a Rule 12(f) motion to strike." *Swain v. CACH, LLC*, 699 F. Supp. 2d 1117, 1124-25 (N.D. Cal. 2009) (internal citation omitted).

6
Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

Further, Defendants have correctly stated that a denial for lack of knowledge has the same effect as a denial. Opp'n at 5 (citing Fed. R. Civ. P. 8(b)(5)). A Perfect Day has therefore denied Plaintiffs' allegation. Were the Court to strike Defendants' answer to paragraph fifteen with leave to amend, Defendants cannot provide a different answer unless they admit these allegations. Were the Court to strike Defendants' answer without granting leave to amend, this would effectively force Defendant to admit Plaintiffs' allegations. Fed. R. Civ. P. 8(b)(6). The Court will not force Defendant to admit that its manager engaged in "unlawful employment practices," and will therefore not strike Defendants' answer.

For the foregoing reasons, Plaintiffs' request that the Court strike Defendants' answer to paragraph fifteen of the Complaint is DENIED.

D.  Defendants' Thirteenth Affirmative Defense

As their thirteenth affirmative defense, Defendants state that Plaintiffs' claims under California Business and Professional Code § 17200, *et. seq.*, "are barred because Plaintiffs have an adequate remedy at law." Answers at 12. As Defendants proceed to state in their fourteenth affirmative defense that the statute bars any claims by the Plaintiffs for legal relief exceeding restitution, the Court construes this paragraph as an intended defense to any claims for equitable relief.

California's Unfair Competition Law specifically provides for injunctive relief. Cal. Bus. & Prof. Code § 17203. *See G&C Auto Body, Inc v. GEICO Gen. Ins. Co.*, No. C06-04898 MJJ, 2007 U.S. Dist. LEXIS 91327, at * (N.D. Cal. Dec. 12, 2007) ("Section 17200 claims permit restitutionary and injunctive relief, but not damages"). Equitable relief is not barred automatically simply because Plaintiffs are otherwise granted legal relief. It is conceivable that Plaintiffs could be awarded restitution, and could also require an injunction. For example, should Plaintiffs prove past and continuing wrongful actions taken by Defendants, an injunction may be required to prevent further wrongful behavior. Plaintiffs could be granted this equitable relief in addition to damages, or could be awarded restitution. In this context, Defendants' affirmative defense fails.

However, it is possible Defendants intended to plead that Plaintiffs are not entitled to equitable relief that duplicates any legal relief they may receive. In this context, Defendants may have a future need to assert this affirmative defense, and it is neither insufficient nor immaterial.

7
Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

Construing the defense in this light, the Court DENIES Plaintiffs' Motion to Strike Defendants' thirteenth affirmative defense.

### E.  Defendants' Fourteenth Affirmative Defense

Defendants' Fourteenth affirmative defense states that Plaintiffs' claims under the UCL "are barred to the extent that these claims constitute damages." Answers at 13. Plaintiffs, confusingly, move to strike this affirmative defense on the grounds that damages may include restitution. Mot. at 6.

Defendants correctly state that the UCL limits monetary recovery to restitution. Opp'n at 7. As discussed above, recovery under the UCL is limited to injunctive relief and restitution. However, Plaintiffs' discussion of their Ninth Cause of Action, proceeding under the UCL, makes no request for penalties or any monetary relief other than restitution. *See* Compl. ¶¶ 109-16. As Plaintiffs have not requested penalties under the UCL, Defendants' fourteenth affirmative defense seems superfluous.

While at first glance this affirmative defense appears immaterial, Plaintiffs' Motion shows it may in fact be necessary. In their motion, Plaintiffs argue they "are not barred from recovering restitution damages under the UCL only because Plaintiffs' claims may also constitute damages." Mot. at 6. In their Reply to Defendants' Opposition, however, Plaintiffs state they "do not seek restitution for any penalties." Reply at 2. It appears there may be a future need to clarify the difference between restitution and penalties, since Plaintiffs cannot "double dip" and recover twice for the same injury. To the extent Plaintiffs try to do this, Defendants' fourteenth affirmative defense will be relevant.

Because Defendants' fourteenth affirmative defense is not clearly insufficient or immaterial, the Court DENIES Plaintiffs' Motion to Strike Defendants' 14th affirmative defense.

### F.  Defendants' Twenty-First Affirmative Defense

Defendants asserted, as their twenty-first affirmative defense, "that Plaintiffs' claims are barred and preempted by the exclusive remedies provided by the Workers' Compensation Statutes." Answers at 14. Plaintiffs moved to strike this defense on the grounds that they have pleaded no workers' compensation claims. Mot. at 6. Defendants did not reply to this portion of the Motion in their Opposition.

8
Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

Workers' Compensation aims to "provid[e] . . . compensation to an employee for injuries resulting from his employment." *Union Iron Works v. Indus. Accident Commission,* 190 Cal. 33, 39 (1922). The California Constitution calls for a workers' compensation system "to compensate any or all of their workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment." Cal. Const., art. XIV, § 4. A claim could therefore be brought under Workers' Compensation only if the worker is physically or mentally injured in the course of employment. Cal. Lab. Code §§ 3208, 3208.3.

While the Complaint frequently refers to the "injury" suffered by Plaintiffs, it is clear from the text that Plaintiffs mean to indicate an economic injury, rather than one which is physical or mental. *See* Compl. ¶¶ 21, 34, 89, 91, 114. While Plaintiffs assert that they had "no workers' compensation insurance coverage," they do not plead a claim specifically related to this assertion. Compl. ¶ 48. Defendants' twenty-first affirmative defense therefore appears immaterial and impertinent; it has no "essential or important relationship to the claim for relief," does not pertain and is not necessary to the issues in question. *Fantasy, Inc.* 984 F.2d at 1527.

Because it is immaterial and impertinent, the Court GRANTS Plaintiffs' Motion to Strike Defendants' twenty-first affirmative defense.

G.  Defendants' Thirty-Fourth Affirmative Defense

Plaintiffs challenge Defendants' thirty-fourth affirmative defense not for being "redundant, immaterial, impertinent, or scandalous," but because Defendants have failed to file notice of this claim with the Court and to serve it on the State Attorney General, as required by Civil Local Rule 3-8(b). Plaintiffs state that "Defendants should be required to serve such notices or this 34th AD should be stricken." Mot. at 4.

Defendants' response claims that the Northern District has held the appropriate remedy for failure to comply with this rule is a directive to comply, rather than a striking of the defense. Opp'n at 6 (citing *Friend v. Kreger*, No. C-98-0877-VRW, 1998 U.S. Dist. LEXIS 6764, at *3 n.1 (N.D. Cal. May 7, 1998) ("The remedy for failure to notify the state attorney general is a directive to defendant to comply.")). Motions to strike a defense "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428; *accord Salcer v. Envicon Equities Corp.*, 744 F.2d at 939. Defendants' thirty-fourth affirmative defense is not obviously

9

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE

insufficient; should the statute be determined to be unconstitutional, Plaintiffs' claim under the statute will be barred.  Moreover, the Court does not find that Defendants have waived this defense by not filing the appropriate notification before filing their answer.  Local Rule 3-8 does not specify a time in which this notification must occur.  Civil Local Rule 1-4 states that failure to comply with a local rule "*may* be ground for imposition of any authorized sanction."  Civ. L.R. 1-4 (emphasis added).  The permissive nature of this statement indicates that the Court has the discretion to determine whether and how to sanction parties for failing to comply with Local Rule 3-8.  Here, the Court will not hold that Defendants have waived this defense in failing to comply with Local Rule 3-8 within the three-week gap between the filing of their Answers and Plaintiffs' filing their Motion.

The Court therefore DENIES Plaintiffs' Motion to Strike Defendants' thirty-fourth affirmative defense.  However, the Court directs Defendants to comply with Civil Local Rule 3-8 within two weeks of the date of this Order.

III. CONCLUSION

For the reasons set forth above, the Court orders as follows:

(1) The Court DENIES Plaintiffs' Motion to Strike Defendants' answers, except to paragraphs 61, 69, 104, and 110.  As for these paragraphs, Defendants must replead their answers to these paragraphs to clarify the nature of their denial.  Defendants shall submit their amended answers within one week of the date of this Order.

(2) The Court DENIES Plaintiffs' Motion to Strike Defendants' thirteenth, fourteenth, and thirty-fourth affirmative defenses.

(3) The Court GRANTS Plaintiffs' Motion to Strike Defendants' twenty-first affirmative defense.

(4) The Court directs Defendants to comply with Civil Local Rule 3-8 within two weeks of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 21, 2011

_____
LUCY H. KOH
United States District Judge

10

Case No.: 10-CV-01189-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STRIKE