1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> A PERFECT DAY FRANCHISE, INC., a California Corporation, et al., <br><br> Defendants. | Case No.: 10-CV-01189-LHK <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL 30(b)(6) DEPOSITION; GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' REQUEST FOR SANCTIONS |

Plaintiffs Guifu Li, Meng Wang, Fang Dai, Lin Cui, and Zhong Yu, on behalf of

themselves and others similarly situated ("Plaintiffs"), move the Court to compel the deposition

testimony of Huan Zou, the individual identified by corporate defendant, A Perfect Day Franchise,

Inc. ("Perfect Day"), as the person most knowledge under Fed. R. Civ. P. 30(b)(6).  *See* Mot. to

Compel, ECF No. 223.  Separately, Plaintiffs have also moved for monetary sanctions and for

contempt of court against Perfect Day for its failure to produce Mr. Zou for deposition despite this

Court's June 17, 2011 Order.  *See* Mot. for Sanctions, ECF No. 228; Order, 17 June 2011, ECF No.

203.  A hearing on these motions[1] was held on August 19, 2011.  For the reasons set forth below,

---

[1] Also heard at that time was Defendants' Motion to Disqualify Plaintiffs' Counsel.  An Order regarding that motion will be filed separately.

Plaintiffs' Motion to Compel the Deposition Testimony of Perfect Day's corporate deponent is GRANTED.  Plaintiffs' Motion for Sanctions is GRANTED, in part, and DENIED, in part.

## I.      BACKGROUND

Plaintiffs in this putative class action are current and former workers for Perfect Day, which owns and operates spas in Fremont and Millbrae, California.  Among other things, Plaintiffs allege that Perfect Day has misclassified them as independent contractors rather than employees.  As a result of this misclassification, Plaintiffs allege that Perfect Day improperly failed to pay them and other putative class members minimum wages and overtime, wrongly subtracted materials costs from Plaintiffs' wages, wrongly took Plaintiffs' tips, and in so doing violated both the Fair Labor Standards Act (FLSA, 29 U.S.C. §§ 201-19) and California wage and hour laws.  Perfect Day denies any unlawful conduct.

Plaintiffs filed their first complaint on March 22, 2010.  On March 8, 2011, Plaintiffs' served a deposition notice on Perfect Day pursuant to Fed. R. Civ. P. 30(b)(6).  *See* Olivier Decl. Ex. A, August 11, 2011, ECF No. 237-1.  Among other topics, Plaintiffs noticed a corporate deponent to testify as to "PERFECT DAY's corporate structure and ownership." *Id.*  Shortly thereafter, on April 7, 2011, Perfect Day identified Huan Zou as the person most knowledgeable on this deposition topic via e-mail to opposing counsel.  *See* Olivier Decl. Ex. B, August 11, 2011, ECF No. 237-1.  In the months after they served the 30(b)(6) deposition notice, Plaintiffs were unable to depose Mr. Zou as to the topic referenced in the March 8, 2011 deposition notice.  Defendants repeatedly failed to produce Mr. Zou for deposition, explaining that he was in China and was unavailable to testify.  *See* Olivier Decl. ¶5, August 11, 2011, ECF No. 237-1.  As a result of Defendant's failure to produce Mr. Zou, as well as other 30(b)(6) deponents, for deposition, Plaintiffs were unable to complete their class certification briefing on time, and the Court reset the briefing schedule on May 17, 2011.  *See* Order ¶¶ 8 & 10, ECF No. 195.

Pursuant to the June 17 Case Management Order, the parties were instructed to submit a stipulation setting forth the dates of depositions for Mr. Zou, as well as Tom Schriner, an

2

individual defendant, and Jun Ma,[2] another individual that Perfect Day had designated as a corporate deponent on other matters. *See* Olivier Decl. Ex. B, August 11, 2011, ECF No. 237-1; Order, 17 June 2011, ECF No. 203. The Parties filed a joint stipulation on June 24, 2011 which stated that "[t]he deposition of Huan Zou has tentatively been scheduled for July 27, 2011 via video teleconference. However, counsel for Defendants have been unable to reach Mr. Zou in China for the purposes of confirming his availability." *See* Stipulation Regarding Dep. Dates, ECF No. 205. The Court again reset class certification briefing deadlines on July 8, 2011. *See* Order, ECF No. 208.

Despite the Joint Stipulation, Defendants' counsel, on July 11 and again on July 22, informed Plaintiffs' counsel that Mr. Zou was still in China and was still unavailable due to visa issues. *See* Olivier Decl. ¶¶ 7-8, August 5, 2011, ECF No. 224. As of the August 19 hearing date, neither Mr. Zou, nor any other deponent pursuant to Fed. R. Civ. P. 30(b)(6), has testified regarding Perfect Day's corporate structure and ownership. Because Perfect Day failed to produce Mr. Zou, or another corporate deponent, despite the Court's June 17 Order and the subsequently filed Joint Stipulation, Plaintiffs filed the instant Motion to Compel. *See* ECF No. 223. Plaintiffs also filed a Motion for Monetary Sanctions and Sanctions for Contempt of the Court's June 17 Order. *See* ECF No. 228. In addition to an order compelling the deposition, Plaintiffs seek several remedies, including: (1) $800 for the cost of putting together the Motion to Compel; (2) an Order finding Perfect Day in contempt of Court; (3) a fine of $1000 per day for each day Perfect Day fails to produce Mr. Zou for deposition; and (4) an order precluding Defendant from relying on Mr. Zou's declarations in connection with Plaintiffs' class certification motion. *See id.*

## II.      LEGAL STANDARD AND APPLICATION

### A.      Motion to Compel Mr. Zou's Deposition Testimony

A deposition notice pursuant to Fed. R. Civ. P. 30(6)(b) requires a corporation to designate and produce an individual or individuals to testify on its behalf. Fed. R. Civ. P. 30(6)(b).  Once a

---

[2] Confusingly, Plaintiffs served a second 30(b)(6) deposition notice on Ma, noticing the same topics, including Perfect Day's corporate structure and ownership, on June 21, 2011. Sheldon Decl. Ex. A; ECF No. 231-1. There is no evidence, however, that Plaintiffs' intended to withdraw their original deposition notice, or that Defendants re-designated Mr. Ma in the place of Mr. Zou.

Case No.: 10-CV-01189-LHK
ORDER RE: MOTIONS TO COMPEL DEPOSITION AND FOR SANCTIONS

party notices the topics for examination, the corporation must "not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).  Even if it becomes clear that a designee is not able to testify as to the noticed topics, the corporation has "**a duty to substitute another person**" to correct the deficiency.  *Id.*  Perfect Day has repeatedly refused to produce Mr. Zou, or some other properly prepared-deponent, to testify as to Perfect Day's corporate structure and ownership, and has thus breached its duty.

Perfect Day argues primarily [3] that Plaintiffs have failed to follow the procedures outlined in Federal Rule of Civil Procedure 28(b),[4] and that Mr. Zou is unavailable because he is under surveillance in China.[5]  Def.'s Opp'n to Mot. to Compel at 3-4, ECF No. 231.  These arguments are simply unpersuasive.  Perfect Day cannot designate a 30(b)(6) deponent and then claim that the deponent is unavailable.  Such a position frustrates the purposes of Rule 30(b)(6) and runs counter to the duties imposed by the Rule.  *Cf. Marker*, 125 F.R.D. at 126.

Moreover, Perfect Day has effectively violated this Court's June 17 Case Management Order requiring the parties to schedule Mr. Zou's deposition by June 24, 2011. *See* ECF No. 203.  Perfect Day's suggestion that the scheduling of Mr. Zou's deposition was "tentatively" set in the June 24 Stipulation, and thus is not binding on a Perfect Day, is contrary to the spirit, if not the letter of the Court's June 17 Order, which unequivocally directed the parties to set Mr. Zou's deposition.  Def.'s Opp'n to Mot. to Compel at 2, ECF No. 231.  Perfect Day was obligated to produce Mr. Zou or designate another properly prepared witness, and has failed to do so.

---

[3]  Defendant also argues that various perceived discovery abuses by Plaintiffs weigh in favor of denying their Motion to Compel.  *See* Def.'s Oppo. to Mot. to Compel at 1-4 (discussing Plaintiffs' counsel's alleged failure to comply with Court Order; Plaintiffs' counsel's change of deposition scheduling; Plaintiffs' counsel's inability to agree on deposition dates for named plaintiff depositions).  This Court, however, is not persuaded by such arguments as discovery is not conducted on a "tit-for-tat" basis.  *Nat'l Academy of Recording Arts & Scis., Inc. v. On Point Events*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

[4]  Defendant's argument is especially unpersuasive given that the parties (including Perfect Day) already agreed, as they are permitted to do under Fed. R. Civ. P. 29(a), to allow Mr. Zou to be deposed via teleconference, instead of following the dictates of Fed. R. Civ. P. 28.

[5] Defendant's statements are merely argument because it provides no factual basis, in the form of a declaration or otherwise, to support its contention.

4

United States District Court
For the Northern District of California

Therefore, Plaintiffs' Motion to Compel the deposition testimony of Mr. Zou, or another witness prepared to testify as to Perfect Day's corporate structure and ownership, is granted.

### B.     Plaintiffs' Motion for Monetary Sanctions and Sanctions for Contempt

Federal Rule of Civil Procedure 37 requires that monetary sanctions be imposed upon the party or attorney opposing an order to compel deposition testimony that is granted by the Court. Fed. R. Civ. P. 37(a)(5)(A).  The Court may not impose sanctions against the losing party if his or her position was substantially justified.  Fed. R. Civ. P. 37(a)(5)(A)(ii).  In light of Perfect Day's continuing refusal to produce Mr. Zou, despite good faith efforts by Plaintiffs' counsel to confer and agree upon scheduling, and a Court Order requiring his deposition to be set, the Court cannot find that Present Day's position with respect to Mr. Zou's 30(b)(6) deposition was substantially justified.   As such, Plaintiffs are entitled to reasonable attorney's fees incurred in bringing the instant motion.

Plaintiffs' attorney Adam Wang filed a declaration indicating that he spent two hours preparing the Motion to Compel Mr. Zou's Deposition.  Wang Decl. ¶ 3, ECF No. 227.  He also submitted that his hourly rate, given his experience, is $400.  Therefore, he requests reasonable attorney's fees of $800.  Wang Decl. ¶ 5, ECF No. 227.  Defendant argues that Wang is not entitled to these fees because he prepared the Motion to Compel in violation of the Court's August 3 Order. *See* Def.'s Opp'n to Mot. to Compel at 5, ECF No. 231.  Defendant, however, misreads the Court's August 3 Order.

The August 3 Order stated that "if Defendants file [a motion to disqualify] Mr. Wang may not work on this matter until the motion is resolved."  Order, ECF No. 220.  The Motion to Disqualify, which triggered the provision in the August 31 Order precluding Mr. Wang from working on this case, was not filed until August 5, the same day that Plaintiffs filed their Motion to Compel.  The work that Mr. Wang performed on the Motion to Compel prior to its filing may be compensated.  Therefore, Perfect Day is ordered to submit payment to Plaintiffs of reasonable attorney's fees in the amount of $800.

Case No.: 10-CV-01189-LHK
ORDER RE: MOTIONS TO COMPEL DEPOSITION AND FOR SANCTIONS

A district court may impose sanctions under its inherent powers, or pursuant to Federal Rule of Civil Procedure 37. *Anheuser Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). In addition to monetary sanctions, Rule 37 permits the Court to prohibit the "disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court is authorized to impose this sanction when a witness designated under Rule 30(b)(6) fails to appear for a deposition. Fed. R. Civ. P. 37(b)(1)(A)(i) & 37(b)(3); *cf. Henry v. Gill Industries, Inc.*, 928 F.2d 943 (9th Cir. 1993) (affirming sanction of dismissal of suit in part because party repeatedly "failed to appear" for his noticed deposition by twice cancelling his deposition at the last moment).

Plaintiffs have been unable to depose the corporate witness designated to testify as to the corporate structure and ownership of Perfect Day. They argue that Perfect Day's refusal to submit to deposition on this topic has prejudiced them in their preparation of the recently filed class certification motion. Pl.'s Mot. for Sanctions at 4, ECF No. 228. The Court agrees. For one, the class certification briefing schedule has been modified twice, at least in part because Perfect Day's failure to produce a proper 30(b)(6) deponent has affected Plaintiffs' ability to draft its brief. Second, the information withheld from Plaintiffs could very well bear on whether or not Plaintiffs are able to establish commonality of issues across the putative class. *Cf. Gutierrez v. Johnson & Johnson*, 269 F.R.D. 430 (D.N.J. 2010) (referencing relationship between company structure and commonality).

Because of Perfect Day's unreasonable behavior in refusing to provide a 30(b)(6) deponent, this Court orders additional sanctions to be imposed upon Perfect Day. To remedy the prejudice suffered by Plaintiffs in their class certification motion, Perfect Day is prohibited from utilizing declaration evidence (from Mr. Zou or any other corporate designee) regarding its corporate structure or ownership in its opposition to class certification/collective action. Perfect Day will be further precluded from utilizing such evidence until it produces a corporate deponent on this topic. In light of the Court's decision to award monetary sanctions and to limit the evidence Perfect Day's may present, the Court concludes that the imposition of other sanctions is not appropriate at this

Case No.: 10-CV-01189-LHK
ORDER RE: MOTIONS TO COMPEL DEPOSITION AND FOR SANCTIONS

time.  Perfect Day is on notice, however, that continuing failure to produce a 30(b)(6) deponent may result in additional exclusion of evidence and/or additional monetary sanctions.

### C.     CONCLUSION

Plaintiffs' Motion to Compel the Deposition of Mr. Zou is GRANTED.  Plaintiffs' Motion for Sanctions is GRANTED, in part, and DENIED, in part.


Dated: August 29, 2011

LUCY H. KOH
United States District Judge

Case No.: 10-CV-01189-LHK
ORDER RE: MOTIONS TO COMPEL DEPOSITION AND FOR SANCTIONS