Richard Wahng (SBN 225672)
Lee E. Sheldon (SBN 263310)
LAW OFFICES OF RICHARD C.J. WAHNG
152 Anza Street, Suite 201
Fremont, CA 94539
(510) 490-4447 Telephone
(510) 344-5755 Fax

Attorney for Defendants,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>A PERFECT DAY FRANCHISE, INC., a California Corporation, A PERFECT DAY, INC., a California Corporation; MINJIAN HAND HEALING INSTITUTE, INC., a California Corporation; TOM SCHRINER, an individual; TAILIANG LI, an individual; JIN QUI, an individual; JESSE DOE, an individual; and DOES 1 to 10, inclusive<br><br>Defendants. | Case No. CV 10-01189 LHK (PSG)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT, JUN MA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant JUN MA (hereinafter "DEFENDANT"), by and through his attorneys of record, the Law Offices of Richard Wahng, states for his Answer and Affirmative Defenses to the Second Amended Complaint of plaintiffs GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, as follows:

### **NATURE OF CLAIM**

1. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations they are denied.

2. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies each and every allegation contained in this paragraph.

3. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies each and every allegation contained in this paragraph.

## PARTIES

4. DEFENDANT admits that GUIFU LI contracted with A PERFECT DAY FRANCHISE, INC. to work as a massage therapist, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

5. DEFENDANT admits that MENG WANG contracted with A PERFECT DAY FRANCHISE, INC. to work as a massage therapist, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

6. DEFENDANT admits that FANG DAI contracted with A PERFECT DAY FRANCHISE, INC. to work as a massage therapist, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

7. DEFENDANT admits that LIN CUI contracted with A PERFECT DAY FRANCHISE, INC. to work as a massage therapist, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

8. DEFENDANT admits that ZHONG YU contracted with A PERFECT DAY FRANCHISE, INC. to work as a massage therapist, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies.

9. DEFENDANT admits that A PERFECT DAY FRANCHISE, INC. is a California corporation and that it has business locations in Fremont, Santa Clara, and Milbrae, California. DEFENDANT denies all of the remaining allegations contained in this paragraph.

10. DEFENDANT admits that A Perfect Day, Inc. is listed as a dissolved corporation. DEFENDANT denies the remaining allegations contained in this paragraph.

11. DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph regarding Minjian's corporate structure and principal place of business, and on that basis denies.  Defendant denies all of the remaining allegations contained in this paragraph.

12. DEFENDANT admits that Tom Schriner is an individual resident of California, and denies all of the remaining allegations contained in this paragraph.

13. DEFENDANT admits that Tailiang Li is an individual residing in California. DEFENDANT is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph regarding control of the Minjian Institute, and on that basis denies.  DEFENDANT denies the remaining allegations contained in this paragraph.

14. DEFENDANT admits that JIN QUI is an individual residing in California. DEFENDANT is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph, and on that basis denies.

15. DEFENDANT denies that HUAN ZHOU is an individual residing in California.  The remaining allegations in this paragraph amount to legal conclusions to which no answer is required.  To the extent that this paragraph contains factual allegations, DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

16. DEFENDANT admits that Jade Li is an individual residing in California, a manager of Perfect Day Spa and a relative of Tailiang Li.  DEFENDANT denies all of the remaining allegations contained in this paragraph.

17. DEFENDANT admits that Jun Ma is an individual residing in California and a manager of Perfect Day Spa. DEFENDANT denies all of the remaining allegations contained in this paragraph.

18. The allegations in this paragraph amount to legal conclusions to which no answer is required.  To the extent that this paragraph contains factual allegations DEFENDANT denies.

19. DEFENDANT denies each and every allegation contained in this paragraph.

20. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

21. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

22. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

## JURISDICTION AND VENUE

23. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

24. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

25. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies.

26. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

27. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

28. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

29. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

30. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

31. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

32. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

33. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

34. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

## **GENERAL ALLEGATIONS**

35. DEFENDANT denies each and every allegation contained in this paragraph.

36. DEFENDANT denies each and every allegation contained in this paragraph.

37. DEFENDANT denies each and every allegation contained in this paragraph.

38. DEFENDANT denies each and every allegation contained in this paragraph.

39. DEFENDANT denies each and every allegation contained in this paragraph.

40. DEFENDANT denies each and every allegation contained in this paragraph.

41. DEFENDANT denies each and every allegation contained in this paragraph.

42. DEFENDANT denies each and every allegation contained in this paragraph.

43. DEFENDANT denies each and every allegation contained in this paragraph.

44. DEFENDANT denies each and every allegation contained in this paragraph.

45. DEFENDANT denies each and every allegation contained in this paragraph.

46. DEFENDANT denies each and every allegation contained in this paragraph.

47. DEFENDANT denies each and every allegation contained in this paragraph.

48. DEFENDANT denies each and every allegation contained in this paragraph.

49. DEFENDANT denies each and every allegation contained in this paragraph.

50. DEFENDANT denies each and every allegation contained in this paragraph.

51. DEFENDANT denies each and every allegation contained in this paragraph.

52. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

53. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

54. DEFENDANT denies each and every allegation contained in this paragraph.

55. DEFENDANT denies each and every allegation contained in this paragraph.

56. DEFENDANT denies each and every allegation contained in this paragraph.

**FIRST CAUSE OF ACTION**

57. The allegations in this paragraph amount to legal conclusions to which no answer is required.

58. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

59. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

60. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

61. DEFENDANT admits that California Labor Code §510 and Wage Order 2-2001, ¶ 3(A)(1) provide that employees must receive: "(a) One and one-half (1½) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek." DEFENDANT denies that Labor Code section 1198 provides similar statutory language.

62. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

63. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

ANSWER TO SECOND AMENDED COMPLAINT    CV 10-01189 LHK

6

64. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

65. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

**SECOND CAUSE OF ACTION**

66. The allegations in this paragraph amount to legal conclusions to which no answer is required.

67. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

68. DEFENDANT is without knowledge or information with respect to the allegations contained in this paragraph, and on that basis denies.

69. DEFENDANT admits that 29 U.S.C. §207 requires all employees engaged in interstate commerce to be paid an overtime rate equal to one and one half times their regular rate of pay for all work performed in excess of 40 hours per week, unless specifically exempted by the law.

70. DEFENDANT denies each and every allegation contained in this paragraph.

71. DEFENDANT is without knowledge or information with respect to the allegations contained in this paragraph directed to DOE defendants and on that basis denies. DEFENDANT denies all of the remaining allegations contained in this paragraph.

72. DEFENDANT denies each and every allegation contained in this paragraph.

73. DEFENDANT is without knowledge or information with respect to the allegations contained in this paragraph directed to DOE defendants and on that basis denies. DEFENDANT denies all of the remaining allegations contained in this paragraph.

74. DEFENDANT is without knowledge or information with respect to the allegations contained in this paragraph directed to DOE defendants and on that basis denies. DEFENDANT denies all of the remaining allegations contained in this paragraph.

75. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

### THIRD CAUSE OF ACTION

76. The allegations in this paragraph amount to legal conclusions to which no answer is required.

77. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

78. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

79. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

80. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

### FOURTH CAUSE OF ACTION

81. The allegations in this paragraph amount to legal conclusions to which no answer is required.

82. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

83. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

84. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

85. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

### FIFTH CAUSE OF ACTION

86. The allegations in this paragraph amount to legal conclusions to which no answer is required.

87. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

1  88. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

2  89. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

3  90. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

4  91. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

5  92. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

6  93. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

**SIXTH CAUSE OF ACTION**

94. The allegations in this paragraph amount to legal conclusions to which no answer is required.

95. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

96. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

97. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

**SEVENTH CAUSE OF ACTION**

98. The allegations in this paragraph amount to legal conclusions to which no answer is required.

99. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

100. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

1  101. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

2  102. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

### EIGHTH CAUSE OF ACTION

103. The allegations in this paragraph amount to legal conclusions to which no answer is required.

104. DEFENDANT admits that this paragraph contains the language provided in California Labor Code §351.

105. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

106. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

107. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

108. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

### NINTH CAUSE OF ACTION

109. The allegations in this paragraph amount to legal conclusions to which no answer is required.

110. DEFENDANT admits the allegations in this paragraph.

111. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

112. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

113. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

114. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

115. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

116. This cause of action is not being asserted against this answering DEFENDANT. As a result no answer is required.

## TENTH CAUSE OF ACTION

117. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

118. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

119. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

120. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

121. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

122. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

123. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

124. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

125. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

126. The allegations in this paragraph amount to legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations DEFENDANT denies.

Defendant denies that plaintiffs are entitled to any of the relief for which plaintiffs have prayed, including without limitation compensatory damages, lost wages, prejudgment interest, attorney fees and costs of suit.

Defendant hereby denies any and all allegations made by plaintiffs unless specially admitted herein. In addition, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As a FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action and fails to set forth any claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the three-year limitations period contained in California Code of Civil Procedure section 340(a) and (b) and sections 338(a) and 338(d); the one-year limitation period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(a); and the two-year limitations period governing claims for wrongful termination prescribed by California Code of Civil Procedure section 335.1.

### THIRD AFFIRMATIVE DEFENSE

As a THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the court lacks personal jurisdiction over DEFENDANTS.

### FOURTH AFFIRMATIVE DEFENSE

As a FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all or portions or Plaintiffs' claims are barred by the equitable doctrines of unclean hands, waiver, estoppel, avoidable consequences and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

As a FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that by Plaintiffs' conduct, Plaintiffs have waived and are estopped from asserting the causes of action alleged against DEFENDANT in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

As a SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff lacks standing to bring this action.

### SEVENTH AFFIRMATIVE DEFENSE

As a SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred by Plaintiffs' failure to avoid or mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

As an EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred because at all times alleged in the complaint, DEFENDANT acted in reasonable good faith, and DEFENDANT'S conduct was at all times reasonable, prudent and justified under the circumstances.

### NINTH AFFIRMATIVE DEFENSE

As a NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs are precluded from asserting the causes of action in the complaint on the ground that Plaintiffs, or their agents, employees or other representatives, directed, ordered, ratified or approved the actions which form the causes of action set forth in the complaint.

### TENTH AFFIRMATIVE DEFENSE

As a TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any damage or loss sustained by plaintiffs, if such occurred, was proximately caused or contributed to by plaintiffs' own bad faith. Accordingly, plaintiffs' recovery, if any, should be reduced by that amount of bad faith attributable to the plaintiffs' conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

As an ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent that Plaintiffs have obtained monies from other sources, any compensation and/or monies allegedly due to Plaintiffs from DEFENDANT must be offset by all sums received from any other source, including but not limited to, unemployment insurance, private insurance, and any sums earned by plaintiff in other employment.

ANSWER TO SECOND AMENDED COMPLAINT                              CV 10-01189 LHK

### TWELTH AFFIRMATIVE DEFENSE

As a TWELTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming *arguendo* that Defendant's conduct was unlawful (which Defendant denies), such conduct was not "willful" and it would therefore be inequitable to impose penalties.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims under California Business and Professions Code §17200 *et. seq.*, are barred because Plaintiffs have an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Pursuant to California Business and Professions Code §17200 *et. seq.,* Plaintiffs' claims for restitution are barred to the extent that these claims constitute damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims for recovery pursuant to California Business and Professions Code §17200 *et. seq.,* are barred with respect to penalties of any kind.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims seeking recovery in the form of restitution, disgorgement or injunctive relief under California Business and Professions Code §17200 *et. seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims for statutory penalties under California Labor Code §203 must fail because any nonpayment of wages alleged in the Complaint was not "'willful."

///
///
///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs would be unjustly enriched if allowed to recover anything from DEFENDANT.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs consented to the actions complained of.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims are barred to the extent they failed to exhaust Administrative Remedies required of them.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

As a TWENTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have failed to join an indispensable party.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

As a TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs are estopped by action of law or by conduct from maintaining the action filed in this case.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

As a TWENTY THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that neither Plaintiffs' Complaint, nor any claim for relief alleged therein, states facts sufficient to allow recovery of punitive or compensatory damages, attorney's fees or costs.

**TWENTY FOURTHAFFIRMATIVE DEFENSE**

As a TWENTY FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any alleged violation of the California Labor Code, an order of the Industrial Welfare Commission, or the Federal Fair Labor Standards Act was an act or omission made in good faith and DEFENDANT had reasonable grounds for believing that policies and practices complied with applicable laws and that any such alleged act or omission was not a violation of the Labor

Code, any Order of the Industrial Welfare Commission, or the Fair Labor Standards Act, such that Plaintiff is not entitled to damages.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

As a TWENTY FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that he acted in reasonable and good faith belief that he complied with his obligations, if any, under the California Labor Code and the federal Fair Labor Standards Act as to Plaintiffs.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

As a TWENTY SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that any failure on Plaintiffs' part to take meal breaks, or to comply with Defendants' policies and requirements, was the result of the failure by Plaintiffs to follow Defendant's reasonable instructions.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

As a TWENTY SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent that Plaintiffs are awarded any penalties under a Labor Code section that so provides, all such penalties will be for an "initial violation." A "subsequent violation" refers to a subsequent finding of a violation of the same California Labor Code section by Defendant (assuming *arguendo*, that an "initial violation" is found in this case). [See *Amaral v. Cintas Corp*., (2008) 163 Cal. App. 4th 1157, 1209.]

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

As a TWENTY EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that even assuming *arguendo* that Plaintiffs were not provided with proper itemized wage statements and deductions, Plaintiffs are not entitled to recover damages or penalties because DEFENDANT'S alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

### TWENTY NINTH AFFIRMATIVE DEFENSE

As a TWENTY NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims are barred by Plaintiffs' own breach of the duties owed to Defendants under California Labor Code sections 2854, 2856, 2857, 2858, and/or 2859.

### THIRTIETH AFFIRMATIVE DEFENSE

As a THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have failed to mitigate their damages, if any, and any recovery by Plaintiffs must be denied or reduced accordingly.

### THIRTY FIRST AFFIRMATIVE DEFENSE

As a THIRTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that punitive damages are not permitted in this case by the California and the U.S. Constitutions.

### THIRTY SECOND AFFIRMATIVE DEFENSE

As a THIRTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action asserted therein, or some of them, are barred because Sections, 203, 351, 226, 226.7 and 1194 of the California Labor Code, and the federal Fair Labor Standards Act provisions relied upon are unconstitutionally vague and ambiguous and violate DEFENDANT'S rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### THIRTY THIRD AFFIRMATIVE DEFENSE

As a THIRTY THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, even assuming *arguendo* that any employee of DEFENDANT engaged in the acts and/or omissions alleged, Plaintiffs' claims fail, in whole or in part, because such acts and/or omissions were committed outside the course and scope of said employee's employment, were not authorized, adopted or ratified by Defendant, and/or were neither known nor should have been known by DEFENDANT.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

As a THIRTY FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs fail to state a claim for penalties under the California Labor Code because there exists a *bona fide* dispute as to the existence and/or extent of Defendant's obligations to Plaintiffs under the applicable Wage Orders and/or Labor Code provisions, including without limitation, Labor Code sections 203, 351 and 208.

///

### THIRTY FIFTH AFFIRMATIVE DEFENSE

As a THIRTY FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' cause of action for missed meal breaks must fail, in whole or in part, because Plaintiffs were provided with meal breaks and/or waived their meal breaks.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

As a THIRTY SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there has been a misjoinder of parties.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

As a THIRTY SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that this Court lacks subject matter jurisdiction over the claims asserted.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

As a THIRTY EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims are subject to set-off based on the acts and wrongdoing of Plaintiffs.

### RESERVATION OF ADDITIONAL DEFENSES

DEFENDANT reserves the right to amend this Answer should he later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses. In addition, to the extent that the complaint does not describe the claims or facts with sufficient particularity to permit DEFENDANT to ascertain what other defenses may exist, DEFENDANT reserves the right to allege additional defenses that become available or are revealed during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, DEFENDANT prays:

1. That the Complaint be dismissed and that judgment be entered against Plaintiffs and in favor of DEFENDANT on all of Plaintiffs' causes of action;

ANSWER TO SECOND AMENDED COMPLAINT CV 10-01189 LHK

2. That Plaintiffs take nothing by way of their Complaint;

3. That Plaintiffs be ordered to pay DEFENDANT'S costs and attorney fees;

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

DEFENDANT hereby demands a jury trial on each and every cause of action so triable.

Dated: August 30, 2011

LAW OFFICES OF RICHARD C.J. WAHNG

_/s/ Lee E. Sheldon_
Lee E. Sheldon
Attorneys for Defendant, Jun Ma