Richard C.J. Wahng (SBN 225672)
Lee E. Sheldon (SBN 263310)
LAW OFFICES OF RICHARD C.J. WAHNG
152 Anza Street, Suite 201
Fremont, CA 94539
Tel. 510-490-4447
Fax 510-344-5755

Attorneys for Defendants,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, ET. AL., | CASE NO. CV 10-01189 LHK |
|        Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
|        v. | |
| A PERFECT DAY FRANCHISE, INC., a California Corporation, et. al., | |
|        Defendants. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

    2.    <u>DEFINITIONS</u>

        2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

        2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

        2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

        2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

        2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

        2.7    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

        2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

        2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

        2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

        2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

        2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial

1    consultant retained in connection with this litigation.

2           2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

3    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

4    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

5    subcontractors.

6           2.14   <u>Worker Contact Information</u>:  any documents or other information produced

7    containing the name, telephone number, and/or address of any worker, employee and/or independent

8    contractor of any party hereto may be designated as "Confidential."

9        3.   <u>SCOPE</u>

10       The protections conferred by this Stipulation and Order cover not only Protected Material

11   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

12   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

13   parties or counsel to or in court or in other settings that might reveal Protected Material.  However,

14   the protections conferred by this Stipulation and Order do not cover the following information:  (a)

15   any information that is in the public domain at the time of disclosure to a Receiving Party or

16   becomes part of the public domain after its disclosure to a Receiving Party as a result of publication

17   not involving a violation of this Order, including becoming part of the public record through trial or

18   otherwise; and (b) any information known to the Receiving Party  prior to the disclosure or obtained

19   by the Receiving Party after the disclosure from a source who obtained the information lawfully and

20   under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at

21   trial shall be governed by a separate agreement or order.

22       4.   <u>DURATION</u>

23       Even after final disposition of this litigation, the confidentiality obligations imposed by this

24   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

25   otherwise directs.  Final disposition shall be deemed to be later of (1) dismissal of all claims and

26   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

27   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

28   limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

      If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2   Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

          (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

          (b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

specify any portions of the testimony that qualify as "CONFIDENTIAL" When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL"

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

1   Party's confidentiality designation must do so in good faith and must begin the process by conferring

2   directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

3   for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

4   that the confidentiality designation was not proper and must give the Designating Party an

5   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

6   designation is offered, to explain the basis for the chosen designation. A challenging Party may

7   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

8   process first.

9           6.3     <u>Judicial Intervention</u>:  If the parties cannot resolve a challenge without court

10  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

11  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

12  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

13  will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a

14  competent declaration affirming that the movant has complied with the meet and confer requirements

15  imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion

16  including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive

17  the confidentiality designation for each challenged designation.  In addition, the Challenging Party

18  may file a motion challenging a confidentiality designation at any time if there is good cause for

19  doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

20  Any motion brought pursuant to this provision must be accompanied by a competent declaration

21  affirming that the movant has complied with the meet and confer requirements imposed by the

22  preceding paragraph.

23          The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

24  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

25  expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

26  Designating Party has waived the confidentiality designation by failing to file a motion to retain

27  confidentiality as described above, all parties shall continue to afford the material in question the

28  level of protection to which it is entitled under the Producing Party's designation until the Court

rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)    the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, consultants, interpreters, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

1   Protected Material must be separately bound by the court reporter and may not be disclosed to

2   anyone except as permitted under this Stipulated Protective Order.

3                    (g)     the author of the document or the original source of the information.

4             7.3     <u>Disclosure of Worker Contact Information designated "CONFIDENTIAL"</u>:

5          Unless otherwise ordered by the court or agreed to in writing by the parties, a Receiving

6   Party may use Worker Contact Information (as defined in paragraph 2.14) only to investigate,

7   prosecute, or defend this litigation.  Furthermore, Counsel for the Receiving Party who uses Worker

8   Contact Information to contact any individual (including class members and putative class members),

9   must:

10        (a) inform the individual that they have the right not to talk to any party and/or their counsel,

11        (b) terminate contact with any individuals who elect not to talk to a party or their counsel,

12        (c) keep a list of those individuals who are contacted, and

13        (d) ensure that the contact information is not used for any purpose outside of this litigation.

14        8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

15  <u>OTHER LITIGATION</u>.

16         If a Receiving Party is served with a subpoena or an order issued in other litigation that

17  would compel disclosure of any information or items designated in this action as

18  "CONFIDENTIAL" the Receiving Party must promptly notify the Designating Party in writing.

19  Such notification must include a copy of the subpoena or court order.

20         The Receiving Party also must promptly inform in writing the Party who caused the

21  subpoena or order to issue in the other litigation that some or all the material covered by the

22  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

23  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

24  caused the subpoena or order to issue. Further, the party receiving the subpoena or court order must

25  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party

26  whose protected material may be affected.

27         If the Designating Party timely seeks a protective order, the Party served with the subpoena

28  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

1   before a determination by the court from which the subpoena or order issued, unless the Party has

2   obtained the Designating Party's written permission.  The Designating Party shall bear the burden

3   and expense of seeking protection in that court of its confidential material and nothing in these

4   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

5   disobey a lawful directive from another court.

6        The purpose of imposing these duties is to alert the interested parties to the existence of this

7   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

8   confidentiality interests in the court from which the subpoena or order issued.

9

10       9.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

13   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

14   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

15   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

16   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

17   that is attached hereto as Exhibit A.

18       10.      FILING PROTECTED MATERIAL

19       Without written permission from the Designating Party or a court order secured after

20   appropriate notice to all interested persons, a Party may not file in the public record in this action

21   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

22   with Civil Local Rule 79-5.

23       11.      FINAL DISPOSITION

24       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

25   the final termination of this action, each Receiving Party must return all Protected Material to the

26   Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

27   compilations, summaries or any other form of reproducing or capturing any of the Protected

28   Material. With permission in writing from the Designating Party, the Receiving Party may destroy

1   Material. With permission in writing from the Designating Party, the Receiving Party may destroy

2   some or all of the Protected Material instead of returning it. Whether the Protected Material is

3   returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

4   (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that

5   identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

6   and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

7   summaries or other forms of reproducing or capturing any of the Protected Material.

8   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

9   motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

10  materials contain Protected Material.  Any such archival copies that contain or constitute Protected

11  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12

13      12.    MISCELLANEOUS

14          12.1    Right to Further Relief. Nothing in this Order abridges the right of any person

15  to seek its modification by the Court in the future.

16          12.2    Right to Assert Other Objections. By stipulating to the entry of this

17  Protective Order no Party waives any right it otherwise would have to object to disclosing or

18  producing any information or item on any ground not addressed in this Stipulated Protective Order.

19  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

20  material covered by this Protective Order.

21

22  Dated: October 4, 2011           DUCKWORTH, PETERS, LEBOWITZ, OLIVIER

23

24                          By: _____

25                              MONIQUE OLIVER
                                Attorneys for Plaintiffs

26

27

28

-10-

1    Dated:  October  11 , 2011                LAW OFFICES OF RICHARD C. J. WAHNG

2

3                                        By: _____

4                                        LEE E. SHELDON
                                         Attorneys for Defendants
5

6    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

7

8

9    Dated:  October 18 _____, 2011       _____

10                                             HON. LUCY H. KOH
                                               United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on [date] in the case of ***GUIFU LI et. al. vs. A PERFECT DAY***

7   ***FRANCHISE, INC. et. al.***  (**Case No. CV 10-01189 LHK**).  I agree to comply with and to be

8   bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

9   failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

10  solemnly promise that I will not disclose in any manner any information or item that is subject to this

11  Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

12  this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number]

18  as my California agent for service of process in connection with this action or any proceedings

19  related to enforcement of this Stipulated Protective Order.

20

21  Date: _____

22  City and State where sworn and signed: _____

23  Printed name: _____
24                  [printed name]

25
    Signature: _____
26                  [signature]

27

28

-Exhibit A-
Stipulated Protective Order
CV 10-01189 LHK