UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>A PERFECT DAY FRANCHISE, INC., a California Corporation, et al.,<br><br>Defendants. | Case No.: 10-CV-01189-LHK<br><br>ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND UPCOMING TRIAL DEADLINES |

Defense counsel has indicated that it requires clarification regarding the scope of its representation in the trial that is set to commence on April 2, 2012 in the above captioned case. ECF No. 374. Defense counsel indicates that Defendants Perfect Day Franchise, Inc., Perfect Day, Inc. (collectively "Perfect Day"), Huan Zou, Minjian Hand Healing Institute ("Minjian"), Tailiang Li, Jin Qiu, Jun Ma, and Jade Li (generally for the purposes of this Order, "the Terminating Defendants") have terminated the Law Offices of Richard Wahng. Sheldon Decl. ¶ 5, ECF No. 374. The only Defendant in this litigation who continues to be represented by the Law Offices of Richard Wahng is Defendant Tom Schriner.

1

Case No.: 10-CV-01189-LHK
ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND TRIAL

This lawsuit was originally filed on March 22, 2010. The case was reassigned to the undersigned judge on August 2, 2010. Since that time, this case has been extensively litigated. All Throughout the litigation, Defendants have engaged in a pattern and practice of delay and obstruction in an attempt to avoid liability and delay the trial date. A full description of the events in this case is detailed in this Court's Order Granting in part and Denying in part Plaintiffs' Motion for Sanctions and Defendants' Motion for Summary Adjudication. *See* ECF No. 389.

On February 25, 2011, the Court set a trial date of April 16, 2012. ECF No. 155. On September 29, 2011, in order to accommodate a request from Plaintiffs' counsel, the trial date was moved up to April 2, 2012. ECF No. 267. Since resetting the trial date, the Court has certified a class of Plaintiffs under the FLSA and for California state wage and hour claims and has ruled on Defendants' motion for summary adjudication and Plaintiffs' motion for sanctions. *See* ECF Nos. 269; 389. On December 21, 2011, the parties were referred to a Magistrate Judge Settlement Conference ("MJSC") before Magistrate Judge Joseph Spero. ECF No. 307.

On March 5, 2012, two days before the parties were set to attend the MJSC, less than one month before trial and before the Court could issue an Order on Defendant Huan Zou's motion to dismiss and Defendants Perfect Day, Minjian, Tom Schriner, Jun Ma, Jade Li, Tailiang Li, and Jin Qiu's motion for summary adjudication, Perfect Day filed for Chapter 7 bankruptcy and an automatic stay of this lawsuit. *See* ECF No. 347. The Court ordered the parties to attend a telephonic conference to determine how the litigation should proceed. ECF No. 349. At the conference, the Court indicated that it was hoping to proceed with the trial as set on April 2, 2010. Plaintiffs indicated that they would seek relief from the stay from the Bankruptcy Court. In the meantime, the Court vacated the MJSC with Judge Spero set for March 7, 2012.

On March 7, 2012, Defendants Tailiang Li and Jin Qiu filed a notice with this Court indicating that they had filed for bankruptcy on March 6, 2012, and that the lawsuit was automatically stayed as to these two Defendants. ECF No. 355. At a further case management conference held on March 15, 2012, Plaintiffs' counsel indicated that the stay as to Perfect Day had

2
Case No.: 10-CV-01189-LHK
ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND TRIAL

been lifted by Judge Novack. Plaintiffs' counsel also indicated that Plaintiffs intended to seek relief from the bankruptcy stay as to Tailiang Li and Jin Qiu. Defense counsel disclosed that the remaining Defendants were also discussing filing for bankruptcy and that defense counsel intended to seek to withdraw from representing Defendants for failure to pay attorneys' fees. Despite their intent to withdraw, defense counsel indicated that he still intended to argue on behalf of Perfect Day at the oral argument in the Ninth Circuit appeal set for May 18, 2012. The Court indicated at the hearing that it would not be inclined to allow defense counsel to withdraw given the April 2, 2012 trial date and counsel's intent to argue before the Ninth Circuit on May 18, 2012, but invited defense counsel to file a motion.

The next day, defense counsel filed a motion to withdraw as counsel, indicating that the Law Firm of Richard Wahng had been terminated by Defendants Huan Zou and Perfect Day. ECF No. 371. On March 19, 2011, Defense Attorney Lee Sheldon filed a declaration regarding a request for a status conference indicating that all Defendants, except Tom Schriner, had terminated the Law Firm of Richard Wahng. ECF No. 374.

The parties are two weeks from trial in a matter that has been set for trial since February 2011. Given the pattern of obstruction that Defendants have displayed throughout this case, the Court considers the recent actions by several Defendants to file for bankruptcy on the eve of a court-ordered settlement conference and trial and subsequent attempts of defense counsel to withdraw from representation to be further evidence of Defendants' pattern and practice of evasion, obfuscation, and delay.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.,* No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citations omitted); *see also* Civil L.R. 11-5(a). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the

3
Case No.: 10-CV-01189-LHK
ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND TRIAL

administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Beard,* 2008 WL 410694, at *2 (citations omitted).

While the Terminating Defendants have failed to pay counsel their legal fees, and apparently have consented to withdrawal, *see Canandaigua Wine Co. v. Edwin Moldauer,* No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan.14, 2009); Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f); (C)(5), allowing withdrawal at this point, if the Terminating Defendants seek further delays in the trial and pretrial schedules, would be unfairly prejudicial both to Plaintiffs, and to the administration of justice, and would unnecessarily delay the trial.

Defendants have a choice. They may either proceed unrepresented by counsel,[1] as they have indicated is their intent, through Mr. Sheldon's declaration of March 19, 2012. If they do so, they will be required to proceed pro se at the upcoming trial on April 2, 2012, and they will be bound by the court's rules. *See Legaspi v. California Licensed Vocational Nurses Ass'n, Inc.*, No. 07-0291, 2008 WL 4104295 (E.D. Cal. Sept. 3, 2008); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("[P]ro se litigants are not excused from following court rules.").

Alternatively, Defendants may either continue to be represented by current defense counsel or may seek to find new representation prior to the April 2, 1012 trial date. However, new counsel will be granted no extensions of time. In any event, the pretrial schedule remains as set, including all of the deadlines set forth in the March 15, 2012 case management order, ECF No. 368, the pretrial conference on March 27, 2012, and the April 2, 2012 trial date. A Defendant's failure to comply with the upcoming pretrial deadlines or failure to appear at trial may lead to default judgment being entered as to that Defendant.

---

[1] Neither Defendants Perfect Day nor Minjian may appear pro se in this litigation. "It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." *CE Res., Inc. v. Magellan Group, LLC,* No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *In re Am. West Airlines,* 40 F.3d 1058, 1059 (9th Cir.1994) (per curiam)); Civil L. R. 3-9(b). Accordingly, Perfect Day and Minjian's failure to maintain counsel or failure to retain new counsel may lead to an entry of default judgment.

4
Case No.: 10-CV-01189-LHK
ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND TRIAL

Defense counsel shall forward this order, as well as the Order granting in part and denying in part motion for sanctions and granting in part and denying in part motion for summary adjudication to all Defendants who seek to terminate defense counsel.  ECF No. 389.  Plaintiffs' counsel shall also forward this Order and the Order granting in part and denying in part motion for sanctions and granting in part and denying in part motion for summary adjudication to the bankruptcy trustees for Tailing Li, Jin Qiu and Perfect Day.  Defense counsel shall continue to prepare for trial as to all Defendants until such time as a Defendant submits to counsel a signed written declaration that acknowledges consent to allow defense counsel to withdraw in light of the requirements contained in this Order.  Defense counsel shall file any declarations immediately with the Court.

**IT IS SO ORDERED.**

Dated: March 20, 2012

_____
LUCY H. KOH
United States District Judge

5

Case No.: 10-CV-01189-LHK
ORDER REGARDING DEFENDANTS, DEFENSE COUNSEL, AND TRIAL