1

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11              SAN JOSE DIVISION

12  GUIFU LI, MENG WANG, FANG DAI, LIN          )   Case No.: 10-CV-01189-LHK
    CUI, and ZHONG YU, on behalf of themselves  )
13  and all others similarly situated,          )
                                                )
14                         Plaintiffs,          )   ORDER CONTINUING HEARING;
              v.                                )   REQUESTING ADDITIONAL
15                                              )   INFORMATION
    A PERFECT DAY FRANCHISE, INC., a            )
16  California Corporation, et al.,             )
                                                )
17                         Defendants.          )
                                                )
18  _____ )

19         Plaintiffs' counsel has contacted Ms. Parker Brown, the courtroom deputy, regarding

20  continuing the hearing date on Plaintiffs' motion for a default judgment in order to perfect service

21  as to all defendants against whom Plaintiffs seek a default judgment.  Plaintiffs' request is

22  GRANTED.  The hearing on the motion for default judgment is CONTINUED to June 14, 2012 at

23  1:30 p.m.  Plaintiffs shall file proofs of service by May 31, 2012.  The hearing on Plaintiffs' motion

24  for final approval of the class settlement remains as set for May 24, 2012.

25         Additionally, the Court is concerned that Plaintiffs have not adequately supported the

26  damages that they seek in their motion for default judgment.  Plaintiffs' motion merely cites to the

27  expert damages report without adequately providing a legal basis for their calculations.  The expert

28
                                                1
    Case No.: 10-CV-01189-LHK
    ORDER CONTINUING HEARING; REQUESTING ADDITIONAL INFORMATION

report, in turn, explains that the expert relied on "information from the California Department of Industrial Relations," without citing authority or specifying what specifically that information is.

The Court has identified several specific areas of concern.  For example, in reviewing the calculations for damages arising from Plaintiffs' minimum wage claim, the Court is unclear as to why the expert used the "regular rate of pay" (which is between $10.00 and $11.00 for most survey respondents) to calculate the survey respondents' unpaid minimum wages.  California wage law establishes that "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action *the unpaid balance of the full amount of this minimum wage*."  *See* Cal. Labor Code § 1194 (emphasis added).  According to the applicable wage order for service industry employees, "[e]very employer shall pay to each employee wages not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008 . . ."  IWC Wage Order 2-2001 ¶ 4.  Thus, based on the applicable statute and wage order, it appears as though the accurate measure of minimum wage damages is based on the difference between the wage rate actually paid to the employee (based on the total amount of hours worked and wages earned) and the minimum wage rate at the time of the purported violation.[1]  The statute does not guarantee that Plaintiffs are entitled to the unpaid balance of the full amount based on a "regular rate" of pay.  The amount of damages requested is not sufficiently supported by legal authority and appears to contradict the plain language of the statute and wage order.[2]

---

[1]   Indeed, as the SAC makes clear, SAC ¶ 77, the prevailing wage rate was not consistent throughout the class period.  Plaintiffs should also address how their calculations take this change in the minimum wage rate into account.

[2]   Taking survey respondent Shuangtian Wang as an example, Plaintiffs claim that she should have earned an extra $10.93 per hour for every hour over 8 hours worked.  *See* Petersen Decl. Table 2. This contradicts the plain language of the wage order which states that she is entitled to $8 per hour for all hours worked.  *Id.* Thus, it appears as though Plaintiffs believe that Ms. Wang is entitled to $120.23 per day ($10.93 per hour for 11 hours per day), while the statutory language suggests that Ms. Wang is only entitled to $88 per day ($8.00 per hour for 11 hours per day) for her minimum wage claim (of course Ms Wang is entitled to additional damages for defendants' failure to pay overtime as well).  Plaintiffs will need to support their calculation with legal authority and explain this discrepancy before the Court may award minimum wage damages.

2

Case No.: 10-CV-01189-LHK
ORDER CONTINUING HEARING; REQUESTING ADDITIONAL INFORMATION

Similarly, the Court is unclear as to whether Plaintiffs' calculation of "regular rate" of pay comports with the applicable wage order and the FLSA with respect to calculation of overtime damages under state law and liquidated damages under the FLSA.  Plaintiffs appear to calculate the "regular rate" of pay based upon the number of hours of massages.  Yet Plaintiffs have cited no authority as to why this is the proper calculation of the "regular rate" of pay under either federal or state law.  Additionally, it should be noted that it appears as though both state law and federal law calculate overtime based on a 40 hour work week, which is not how Plaintiffs appear to have calculated the overtime damages.  IWC Wage Order ¶ 2-2001; 29 U.S.C. § 207(a)(2)(c).

The Court is unable to verify Plaintiffs' damages calculations based on the information provided.  By June 7, 2012, Plaintiffs shall provide an updated request for damages that addresses these issues, supported by an updated damages expert report.  Additionally, for *all* damages and interest requests made in the motion for default judgment, Plaintiffs are encouraged to double check their calculations and are ordered to provide legal authority to support their reasoning and calculations.  Plaintiffs shall also provide the survey instrument used to gather the data relied upon for their damages calculations.

**IT IS SO ORDERED.**

Dated: May 23, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-01189-LHK
ORDER CONTINUING HEARING; REQUESTING ADDITIONAL INFORMATION