UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUIFU LI, MENG WANG, FANG DAI, LIN CUI, and ZHONG YU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A PERFECT FRANCHISE, INC, a California Corporation, et al.,<br><br>Defendants. | Case No.: 5:10-CV-01189-LHK<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AS TO DEFENDANT TOM SCHRINER |

Before the Court is Plaintiffs' motion for final approval of the class settlement as to defendant Tom Schriner (the "Settlement"). A hearing was held on May 24, 2012. The Court hereby finds and orders as follows:

1. <u>Preliminary Approval</u>. The Court entered an Order on April 3, 2012 preliminarily approving the Settlement and entered an order (ECF No. 461) (the "Preliminary Approval Order") setting a fairness hearing. In a subsequent Order (ECF No. 471) the Court approved the notice to be provided to the class, and set forth the requirements for requesting exclusion from, or objecting to, the Settlement.

2. <u>Class Response</u>. The Court finds that the combined response of the class to the Settlement supports final approval. The deadline for postmarking claim forms was May 14, 2012, and of the 126 class members who received mailed notice, no class members have submitted

1
Case No.: 10-CV-01189-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

objections, and only one (1) class member submitted a request for exclusion. In addition, several additional class members were added to the class as a result of the publication notice that was previously approved by the Court. The class is composed of 127 members. The Court finds that the monetary relief provided to the class is fair and adequate.

3. <u>Class Notice</u>. The Court finds that the Class Notice, which was provided as directed by Court Order (ECF No. 471), is the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure. The notice provided an opportunity to object to the settlement and an opportunity to opt out of the settlement.

4. <u>Final Approval of Class Settlement</u>. Based upon the consideration of the factors set forth by the Ninth Circuit in *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), and for the reasons stated on the record at the May 24, 2012 hearing, the Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Class.

5. <u>Settlement Terms</u>. According to the terms of the Settlement, Defendant Schriner shall provide monetary relief to members of the Settlement Class as follows:

(a) Payment of $20,000. Defendant Tom Schriner has agreed to pay to Plaintiffs and the class the sum of $20,000 to be paid within 30 days of the Court's approval of the settlement, or 90 days from the date of the execution of the Settlement Agreement, whichever occurs last. ECF No. 459 § 1. In exchange, Plaintiffs release all claims against Tom Schriner based on the facts asserted in the Complaint. *Id.* at § 2.

(b) Assignment of $600,000 under the December 20, 2009 Stock Sale and Purchase Agreement. Defendant Tom Schriner and his wife Martha Schriner have further agreed, as additional consideration, to assign all of their rights under the December 20, 2009 Stock Sale and Purchase Agreement. ECF No. 459 § 1. Those rights include payments in the total amount of $600,000. *Id.* Defendants Tom Schriner and Huan Zou, and Martha Schriner have voluntarily, willingly, and knowingly agreed to the assignment. *Id.* The parties agree that if the assignment is challenged or found to be unenforceable by any court of competent jurisdiction, Tom Schriner and

1 Martha Schriner agree that Plaintiffs and the Class may pursue a lawsuit in their names against

2 Huan Zou, and they further agree to waive any conflict of interest because of this action. *Id.*

3 (c) Time for Performance. With the exception of the requirements contained in Paragraph 9(b), Defendant Schriner's performance under Paragraph 9 shall be made or completed within 30 days of the Court's approval of the settlement, or 90 days from the date of the execution of this agreement, whichever occurs last. ECF No. 459 § 1.

6. <u>Attorneys' Fees</u>. The Court grants Plaintiffs' counsels' request for an award of attorneys' fees and costs for the reasons stated on the record. Class counsel is awarded 25% of the settlement fund of $620,000, or $155,000, to be paid to Plaintiffs' counsel, with $8,000 to be paid from the $20,000 cash payment from Schriner, and the remaining $147,000 to be paid from the $600,000 assignment. If Plaintiffs are only able to partially collect the $600,000 assignment, Plaintiffs' counsel shall be paid 25% of whatever amounts counsel is able to collect, up to $147,000. This amount is reasonable in light of the scope of the case and the efforts expended to prosecute it.

7. <u>Distribution of Funds</u>. The Settlement funds shall be held in the DUCKWORTH PETERS LEBOWITZ OLIVIER LLP Client Trust Account until distribution of the funds. Plaintiffs' counsel shall file a status report six months from the date of this Order updating the Court on collection efforts and the extent to which Plaintiffs' counsel has been successful in these efforts. Distribution of settlement funds to the class must occur no later than one year from the date of this Order. Plaintiffs' counsel must make diligent efforts to collect the money to which the class is entitled, and should collect the money owed to the Class as soon as possible.

8. Each member of the Class is hereby bound by the terms of the Settlement Agreement, including the releases contained therein, as well as this Judgment and Final Order.

//
//
//
//
//

3
Case No.: 10-CV-01189-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

For the foregoing reasons, Plaintiffs' motion for final approval of a class settlement and for attorneys' fees is GRANTED.

**IT IS SO ORDERED.**

Dated: May 24, 2012

_____
LUCY H. KOH
United States District Judge